# EXHIBIT A

**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

In re:

23ANDME, INC.,

MDL No.  1:23-P-47

**MOTION FOR TRANSFER AND
CONSOLIDATION OF DEFENDANT 23ANDME, INC.
LITIGATION PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Judicial Panel on Multi-District Litigation ("JPML") Rule 6.2, Defendants 23andMe, Inc., 23andMe Pharmacy Holdings, Inc., 23andMe Holding Co. (collectively, "23andMe") respectfully move the Panel for an Order transferring the currently-filed cases listed in the attached Schedule of Actions (collectively, "the Actions"), as well as any cases subsequently filed involving similar facts or claims ("tag-along cases"), to the United States District Court for the Northern District of California. The motion is supported by the accompanying memorandum of law and exhibits, Schedule of Actions, a copy of the complaint and docket for each of the Actions, and a proof of service.

Respectfully submitted,

DATED:  December 21, 2023

By:  _/s/ Ian C. Ballon_
Ian C. Ballon
GREENBERG TRAURIG, LLP
Ballon@gtlaw.com
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Tel: 650-289-7881; Fax: 650-462-7881
Attorneys for Defendants 23andMe, Inc., 23andMe
Pharmacy Holdings, Inc., 23andMe Holding Co.

**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

In re:

23ANDME, INC.,

MDL No.  1:23-P-47

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TRANSFER
AND CONSOLIDATION OF 23ANDME, INC.
<u>LITIGATION PURSUANT TO 28 U.S.C. § 1407</u>**

**TABLE OF CONTENTS**

I.    INTRODUCTION .......................................................................................................... 6

II.   FACTUAL AND PROCEDURAL BACKGROUND.................................................... 7

III.  ARGUMENT ................................................................................................................ 8

      A.    The Actions Satisfy the Requirements of Section 1407 ...................................... 8

            1.    The Actions Involve Common Factual Allegations.................................... 8

            2.    Centralization Is Necessary to Protect Against Inconsistent Judgments and
                  Duplicative Discovery ................................................................................ 9

            3.    Consolidation and Transfer Will Serve the Convenience of the Parties and
                  Witnesses .................................................................................................. 10

            4.    There is Sufficient Numerosity to Support Transfer and Consolidation ............... 11

      B.    The Actions Should be Consolidated in The Northern District of California ................... 12

IV.   CONCLUSION............................................................................................................ 14

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*In re Air West, Inc. Sec. Litig.*,
5
    384 F. Supp. 609 (J.P.M.L 1974) ................................................................................. 8

6

*In re Alodex Corp.*,
    380 F. Supp. 790 (J.P.M.L. 1974) ............................................................................... 11
7

*In re Amoxicillin Patent & Antitrust Litig.*,
8
    449 F. Supp. 601 (J.P.M.L. 1978) ............................................................................... 11

9

*In re Arc Airbag Inflators Prods. Liab. Litig.*,
10
    648 F. Supp. 3d 1378 (J.P.M.L. 2022) ........................................................................ 10

11

*Bacus v. 23andMe, Inc.*
    1:23-cv-16828 (N.D. Ill. 2023) ..................................................................................... 7
12

*In re Capital One Customer Data Sec. Breach Litig.*,
13
    396 F. Supp. 3d 1364 (E.D. Va. 2020) .......................................................................... 8

14

*In re Cessna Aircraft Distrib'ship Antitrust Litig.*,
15
    460 F. Supp. 159 (J.P.M.L. 1978) ................................................................................. 8

16

*In re Charlotte Russe, Inc. FACTA Litig.*,
    505 F. Supp. 2d 1377 (J.P.M.L. 2007) ........................................................................ 11
17

*In re Clark Oil & Refining Corp. Antitrust Litigation*,
18
    364 F. Supp. 458 (J.P.M.L. 1969) ............................................................................... 11

19

*Conseco Life Ins. Cost of Ins. Lit.*,
20
    323 F. Supp. 2d 1381, 1383 (J.P.M.L. 2004) .............................................................. 12

21

*In re Crown Life Premium Litig.*,
    178 F. Supp. 2d 1365 (J.P.M.L. 2001) ........................................................................ 12
22

*In re Equifax, Inc., Customer Data Sec. Breach Litig.*,
23
    298 F. Supp. 3d 1322 (J.P.M.L 2017) ......................................................................... 13

24

*In re Foot Locker, Inc. Wage & Hour Litig.*,
25
    787 F. Supp. 2d 1364 (J.P.M.L. 2011) ........................................................................ 11

26

*In re General Adjustment Bureau Antitrust Litigation*,
    375 F. Supp. 1405 (J.P.M.L 1973) ................................................................................ 8
27

*Gill v. 23andMe, Inc.*,
28
    8:23−cv−02387 FWS (C.D. Cal. 2023) ........................................................................ 7

3

*In re Glaceau VitaminWater Mktg. & Sales Practices Litig.*,
   764 F. Supp. 2d 1349 (J.P.M.L. 2011)..................................................................11

*In re Home Depot, Inc. Customer Data Sec. Breach Litig.*,
   65 F. Supp. 3d 1398 (J.P.M.L. 2014).............................................................. 10, 12

*In re Hypodermic Prods. Antitrust Litig.*,
   408 F. Supp. 2d 1356 (J.P.M.L 2007).................................................................13

*In re Kia Hyundai Vehicle Theft Litig.*,
   2022 U.S. Dist. LEXIS 230160 (J.P.M.L. Dec. 13, 2022),
   transferred, 2023 U.S. Dist. LEXIS 102833 (C.D. Cal. June 13, 2023).............. 10

*In re Land Rover LR3 Tire Wear Products Liab. Litig.*,
   598 F. Supp. 2d 1384 (J.M.P.L. 2009).................................................................12

*In re Marriott Int'l, Inc.*,
   363 F. Supp. 3d 1372 (J.P.M.L. 2019).................................................................13

*In re MOVEit Customer Data Sec. Breach Litig.*,
   2023 WL 6456749 (J.P.M.L. Oct. 4, 2023) .................................................. 8, 12, 13

*In re Phila. Life Ins. Co. Sales Practices Litig.*,
   149 F. Supp. 2d 937 (J.P.M.L. 2001)...................................................................11

*In re Proton-Pump Inhibitor Prods. Liab. Litig. (No. II)*,
   261 F. Supp. 3d (J.P.M.L. 2017)...........................................................................9

*Santana et al. v. 23andMe, Inc.*,
   3:23-cv-05147-EMC (N.D. Cal. 2023) .............................................................. 7, 12

*In re Schnuck Markets, Inc., Customer Data Sec. Breach Litig.*,
   978 F. Supp. 2d 1379 (J.P.M.L. 2013)........................................................ 10, 11, 13

*In re: Supervalu, Inc., Customer Data Sec. Breach Litig.*,
   67 F. Supp. 3d 1377 (J.P.M.L. 2014)................................................................ 8, 13

*In re: Target Corp. Customer Data Sec. Breach Litig.*,
   11 F. Supp. 3d 1338 (J.P.M.L. 2014)................................................................ 9, 13

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.*,
   293 F. Supp. 2d 1378 (J.P.M.L. 2003).................................................................12

*In re Wireless Tel. Replacement Protection Programs Litig.*,
   180 F. Supp. 2d 1381 (J.P.M.L. 2002).................................................................11

*In re Wireless Telephone 911 Calls Litig.*,
   259 F. Supp. 2d 1372 (J.P.M.L. 2003)...................................................................9

*In re Yosemite National Park Hantavirus Litigation*,
  24 F. Supp. 3d 1370 (J.P.M.L. 2014) ....................................................................... 9

*In re Zappos.com, Inc., Customer Data Sec. Breach Litig*.,
  867 F. Supp. 2d 1357 (J.P.M.L. 2012) ..................................................................... 13

**State Cases**

*Morgenstern v. 23andMe*,
  T-23-1490 (San Francisco County Superior Court, December 4, 2023) ............................. 7

*Vasquez v. 23andMe Inc.*
  23CV424996 (California Superior Court - Santa Clara County Oct. 31, 2023) ...................... 7

**Federal Statutes**

28 U.S.C. § 1407 ................................................................................. 6, 7, 8, 9, 10, 11, 12

28 U.S.C. § 1407(a) ......................................................................................................... 8

## I.   __INTRODUCTION__

23andMe, Inc., 23andMe Pharmacy Holdings, Inc., 23andMe Holding Co. (collectively, "23andMe") respectfully move for an Order transferring the thirty-one (31) cases listed in the attached Schedule of Actions (individually, an "Action," and collectively, "the Actions"), as well as any cases subsequently filed involving similar facts or claims ("tag-along cases"), to the United States District Court for the Northern District of California for consolidated pretrial proceedings. The Actions are textbook examples of cases appropriate for consolidation and transfer pursuant to 28 U.S.C. § 1407.

The Actions all assert claims arising from an alleged data security incident in which, as a result of 23andMe users recycling their 23andMe passwords on multiple platforms apart from 23andMe, an unauthorized actor was able to access certain 23andMe customer profile information that such customers chose to make available to their genetic relatives through the 23andMe application (the "Incident"). Each Action arises from the same set of alleged facts, and the judges in each Action will be required to oversee much of the same discovery and rule on common issues including standing, affirmative defenses, and standard of care. Litigation of the core issues and defenses will involve substantially the same fact discovery, including discovery related to the Incident, the putative classes, and fact and expert witness depositions. Centralization will serve the interests of the parties and the District Courts by greatly enhancing efficiency and convenience and will further prevent parallel litigation in multiple courts that risks inconsistent outcomes and duplicative work.

Based on the large (and increasing) number of actions, jurisdictions, and counsel involved, informal coordination is not a viable alternative to streamline the pretrial litigation process. Consolidating the Actions for pretrial matters will further the interests of efficiency while not causing any material delay. The Actions were recently filed, no discovery has occurred, no depositions have been conducted, and motions in response to the complaints and for class certification are months away. The time is, therefore, appropriate for multi-district treatment.

Thus, 23andMe respectfully requests that all the related cases be consolidated in the Northern District of California pursuant to 28 U.S.C. § 1407.

## II.   **FACTUAL AND PROCEDURAL BACKGROUND**

23andMe is a genomics and biotechnology company with its principal place of business in South San Francisco, California. In and around the beginning of October 2023, 23andMe learned that certain customer profile information was accessed without permission as a result of a subset of 23andMe users recycling, and not updating, their 23andMe passwords on other platforms and websites that had been the subject of earlier data breaches.

Following 23andMe's prompt disclosure of the Incident on October 6, 2023, consumers claiming that their information was involved in the Incident began filing putative class action lawsuits across the country. The first Action was filed on October 9, 2023 in the Northern District of California by plaintiffs Monica Santana and Paula Kleynburd. *See Santana et al. v. 23andMe*, *Inc.*, 3:23-cv-05147-EMC. Since then, approximately thirty-two (32) additional putative class action lawsuits have been filed by alleged 23andMe customers in state and federal courts around the country. Of the Actions, the majority (twenty-nine) have been filed in the Northern District of California, but two are pending outside of that District in the Central District of California and Northern District of Illinois. *Gill v. 23andMe, Inc.,* 8:23−cv−02387 FWS (DFMx); *Bacus v. 23andMe, Inc.* 1:23-cv-16828.[1]

On November 30, 2023, Judge Chen issued an Order Relating Cases, finding twenty-two Actions pending in the Northern District of California are related to the earlier-filed *Santana* action. *See* ECF No. 33.[2] The last action against 23andMe was filed on December 15, 2023. *Rivers v. 23andMe Holding Co., 23andMe, Inc.*, 3:23-cv-06481. Given the ongoing filing of putative class actions over the last two-and-a-half months, 23andMe expects that lawsuits allegedly arising from the Incident will continue to be filed.

The Actions all encompass the same nationwide class of persons in the United States, and all actions arise from the same alleged security breach.

---

[1] There are also two California lawsuits alleging state sub-classes in which the named Plaintiffs reside. *Vasquez v. 23andMe Inc.* 23CV424996 (California Superior Court - Santa Clara County Oct. 31, 2023); *Morgenstern v. 23andMe*, T-23-1490 (San Francisco County Superior Court, December 4, 2023). The *Vasquez* and *Morgenstern* matters will not be removed to federal court, because their classes consist exclusively of, and are limited to, California citizens, so there is no diversity of citizenship and thus no basis for removal under CAFA. *See Vasquez* Compl. ¶¶ 67, 68; *Morgenstern* Compl. ¶ 51.

[2] The Order Relating Cases (ECF No. 33) provides that the cases below, by case number, are related to this action and have been reassigned to Judge Chen: 3:23-cv-05200-EMC; 3:23-cv-05579-EMC; 3:23-cv-05281-EMC; 3:23-cv-05178-EMC; 3:23-cv-05198-EMC; 3:23-cv-05234-EMC; 3:23-cv-05259-EMC; 3:23-cv-05302-EMC; 3:23-cv-05323-EMC; 3:23-cv-05332-EMC; 3:23-cv-05341-EMC; 3:23-cv-05345-EMC; 3:23-cv-05369-EMC; 3:23-cv-05419-EMC; 3:23-cv-05439-EMC; 3:23-cv-05464-EMC; 3:23-cv-05541-EMC; 3:23-cv-05548-EMC; 3:23-cv-05565-EMC; 3:23-cv-05635-EMC; 3:23-cv-05677-EMC; 3:23-cv-05717-EMC; 3:23-cv-05768-EMC; 3:23-cv-05779-EMC.

III.    **ARGUMENT**

A.    **The Actions Satisfy the Requirements of Section 1407**

Section 1407 authorizes transfer and consolidation of actions pending in different federal courts where there are "common questions of fact," and transfer "will be for the convenience of parties and witnesses" and "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The Panel balances these three criteria towards the overall statutory purpose of achieving efficiencies in the pretrial process; no individual criteria is determinative. *In re Cessna Aircraft Distrib'ship Antitrust Litig.*, 460 F. Supp. 159, 161-62 (J.P.M.L. 1978). Each is satisfied here.

1.    **The Actions Involve Common Factual Allegations**

When evaluating the propriety of transfer of an action under Section 1407, the Panel must first determine whether common factual issues are present. *In re General Adjustment Bureau Antitrust Litigation*, 375 F. Supp. 1405, 1406 (J.P.M.L 1973). "[W]hen two or more complaints assert comparable allegations against identical defendants based upon similar transactions and events, common factual questions are presumed." *In re Air West, Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L 1974); *see also In re Capital One Customer Data Sec. Breach Litig.*, 396 F. Supp. 3d 1364, 1365 (E.D. Va. 2020) (the Panel determined that Centralization actions involving same data security breach was warranted because actions involved common questions of fact); *In re: Supervalu, Inc., Customer Data Sec. Breach Litig.*, 67 F. Supp. 3d 1377, 1378 (J.P.M.L. 2014) (centralizing proceedings because "actions share factual questions arising from a data security breach . . . [a]ll of the actions involve allegations that customers' personal financial information was compromised as a result of this data security breach").

Here, the Actions all involve substantially similar legal theories arising from the same alleged facts—an unauthorized actor's alleged access to customer information provided by 23andMe users—and all involve the same putative class of persons in the United States and putative sub-classes of persons in various states across the country. Thus, common factual questions are presumed. *In re Air West,* 384 F. Supp. at 611.

That the Actions contain different claims are asserted under different consumer protection statutes does not weigh against consolidation and transfer under Section 1407. "The mere fact that divergent legal theories are asserted arising out of the same substantive claims and allegations presents no bar to a Section

8

1407 transfer." *Id; see also In re MOVEit Customer Data Sec. Breach Litig.*, 2023 WL 6456749, at *3 (J.P.M.L. Oct. 4, 2023) (consolidating security breach cases involving different defendants and claims because "parties can obtain significant efficiencies by placing all actions concerning the vulnerabilities in the [] software before a single judge."). Further, 23andMe will assert the same or substantially similar defenses across nearly all Actions, which further supports centralization. For example, in *In re Yosemite National Park Hantavirus Litigation*, 24 F. Supp. 3d 1370, 1370 (J.P.M.L. 2014), the Panel consolidated actions because "not only will these actions involve common questions with regard to the alleged negligence of the defendants, but it is anticipated that the United States will assert jurisdictional defenses under the Federal Tort Claims Act (FTCA)." As the Panel concluded, "such defenses . . . often entail complicated and lengthy discovery practice. Such discovery will be common across all the actions." *Id.* The same is true of the Actions here.

### 2.  Centralization Is Necessary to Protect Against Inconsistent Judgments and Duplicative Discovery

Courts have found that centralization under Section 1407 is appropriate to "eliminate duplicative discovery; prevent inconsistent pretrial rulings" (especially with respect to class certification), and "conserve the resources of the [] parties, their counsel, and the judiciary." *In re: Target Corp. Customer Data Sec. Breach Litig.*, 11 F. Supp. 3d 1338, 1339 (J.P.M.L. 2014) (centralizing data security breach actions"); *In re Wireless Telephone 911 Calls Litig.*, 259 F. Supp. 2d 1372, 1373 (J.P.M.L. 2003). Centralization promotes judicial economy because the transferee judge can order coordinated briefing and other appropriate mechanisms to screen non-meritorious claims and issue categorical rulings that apply to multiple cases. *See In re Proton-Pump Inhibitor Prods. Liab. Litig. (No. II)*, 261 F. Supp. 3d at 1354–55 (J.P.M.L. 2017) (noting that the transferee judge "can employ any number of techniques, such as establishing separate discovery and motion tracks, to manage pretrial proceedings efficiently" and "has substantial discretion to refine the litigation's parameters").

Here, transfer and consolidation of the Actions is necessary to conserve court resources and reduce duplicative discovery. Without consolidation, discovery will necessarily be repeated across the Actions, because the Actions arise from the same events, allege compromise of the same information, and likely entail the same relevant documents. The number of different jurisdictions, different judges, different

schedules, and different plaintiffs' counsel make informal coordination of these cases highly impracticable and burdensome on the parties, third parties, and the various courts. Expert discovery related to damages or liability issues will necessarily overlap in each action. Transfer is appropriate to mitigate these redundant proceedings.

Transfer is also necessary to avoid inconsistent rulings if the Actions proceed separately. 23andMe's defenses, including plaintiffs' comparative liability and those based on lack of standing and the economic loss rule, are similar in each case. Further, because the Actions involve the same putative class, class certification should be decided in one proceeding, not by many courts with jurisdiction over the same putative class. The potential for inconsistent rulings warrants transfer and consolidation. *See In re Home Depot, Inc. Customer Data Sec. Breach Litig.*, 65 F. Supp. 3d 1398, 1399 (J.P.M.L. 2014) ("All of the actions contain allegations that customers' personal financial information was compromised as a result of this data security breach. Centralization thus will . . . prevent inconsistent pretrial rulings, particularly with respect to class certification").

The procedural posture of the Actions supports consolidation. *E.g., In re Schnuck Markets, Inc., Customer Data Sec. Breach Litig.*, 978 F. Supp. 2d 1379, 1381 (J.P.M.L. 2013) (concluding "centralization is most appropriate now," at early stage where data breach affected millions of customers, before "additional tag-along actions also may be filed in this litigation."). To date, no discovery has been propounded, no responsive pleadings have been filed, the deadline to respond to the pleadings has been extended until at least January 2, 2024, and the schedule for briefing class certification has not been set. No party has been forced to incur the costs and expend the efforts to propound discovery or engage in motion practice in an Action. The Panel should intervene at this early stage to transfer the Actions for coordinated or consolidated pretrial proceedings before additional actions will be filed.

### 3. Consolidation and Transfer Will Serve the Convenience of the Parties and Witnesses

Transfer under 28 U.S.C.S. § 1407 is appropriate only where, as here, transfer serves the convenience of parties and witnesses. Consolidation and transfer will best serve the convenience of 23andMe and the majority of plaintiffs. 23andMe has its headquarters near the Northern District of California, and most of the plaintiffs purport to be residents of that district. Conversely, proceeding outside

the Northern District of California is prejudicial to both parties, especially 23andMe, given its presence in South San Francisco. *In re Arc Airbag Inflators Prods. Liab. Litig.*, 648 F. Supp. 3d 1378, 1380 (J.P.M.L. 2022); *In re Kia Hyundai Vehicle Theft Litig.*, 2022 U.S. Dist. LEXIS 230160 (J.P.M.L. Dec. 13, 2022), transferred, 2023 U.S. Dist. LEXIS 102833 (C.D. Cal. June 13, 2023) (holding that Central District of California was appropriate forum where the main defendants were based in Orange County, California because centralization served convenience of parties and witnesses, promoted just and efficient conduct of litigation, and offered substantial opportunity to streamline pretrial proceedings).

Declining to consolidate these cases will result in significant prejudice to 23andMe because of the likelihood that additional actions will be filed, potentially in other districts. *See In re Schnuck.*, 978 F. Supp. 2d at 1381; *In re Glaceau VitaminWater Mktg. & Sales Practices Litig.*, 764 F. Supp. 2d 1349, 1351 (J.P.M.L. 2011) (consolidating three putative class actions where "it seems likely that additional related actions could be filed"). *See In re Foot Locker, Inc. Wage & Hour Litig.*, 787 F. Supp. 2d 1364 (J.P.M.L. 2011) (centralizing four putative class actions because discovery for the defendant would overlap and because related class actions may arise); *In re Charlotte Russe, Inc. FACTA Litig.*, 505 F. Supp. 2d 1377, 1378 (J.P.M.L. 2007) (ordering transfer of two putative class actions and one tag-along class action that raised common issues). Thus, this Motion should be granted, and the Actions consolidated before one court.

### 4.    There is Sufficient Numerosity to Support Transfer and Consolidation

There have already been 32 cases filed regarding this matter in the United States. Moreover, it is likely that additional cases will be filed, potentially in a multitude of additional districts, making transfer and consolidating essential. *E.g., In re Schnuck,* 978 F. Supp. 2d at 1381. The Panel has routinely ordered transfer and consolidation of five or fewer cases. *See In re Wireless Tel. Replacement Protection Programs Litig.*, 180 F. Supp. 2d 1381, 1382 (J.P.M.L. 2002) (granting transfer and centralization of three consumer protection cases and determining that pending motions can be presented to and decided by the transferee judge); *In re Phila. Life Ins. Co. Sales Practices Litig.*, 149 F. Supp. 2d 937, 938 (J.P.M.L. 2001) (granting transfer of two deceptive insurance sales cases and finding that such transfer would promote the just and efficient conduct of the litigation); *In re Amoxicillin Patent & Antitrust Litig.*, 449 F. Supp. 601, 603 (J.P.M.L. 1978) (granting transfer of three cases involving patent and antitrust issues); *In re Alodex Corp.*, 380 F. Supp. 790, 791 (J.P.M.L. 1974) (granting transfer of three securities actions).

The Panel can consolidate cases that are pending in as few as two District Courts. For example, in *In re Clark Oil & Refining Corp. Antitrust Litigation*, 364 F. Supp. 458, 459 (J.P.M.L. 1969), the Panel granted Illinois plaintiffs' motion to transfer an action pending in the Eastern District of Wisconsin to the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. The plaintiff in the Wisconsin action opposed the motion, arguing that "the minimal number of cases and relative simplicity of the common factual questions" support denial of the motion. *Id.* at 459. The panel rejected this argument finding that "the greater complexity of factual issues presented [] and the presence of competing requests for class designation" made transfer necessary to avoid duplication of discovery and the possibility of inconsistent rulings. *Id.*

There is sufficient authority for transfer and consolidation of the actions against 23andMe.

### B.    The Actions Should be Consolidated in The Northern District of California

The Northern District of California is the most appropriate venue for centralization of the Actions. The Panel tends to favor consolidation at the site of the first-filed and most advanced action. *See, e.g., In re Land Rover LR3 Tire Wear Products Liab. Litig.*, 598 F. Supp. 2d 1384, 1386 (J.M.P.L. 2009) ("The Central District of California is an appropriate transferee forum because the first-filed and most procedurally advanced actions are pending there."); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 293 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003) (transferring cases to a district which, among other things, presides over "the first-filed and furthest advanced actions"). Here, the first-filed action, *Santana et al. v. 23andMe, Inc.*, was filed in the Northern District of California on October 9, 2023.

Moreover, the majority (29) of the actions are pending in the Northern District of California. This, too, militates towards consolidation in the Northern District of California. *In re Home Depot,* 65 F. Supp. 3d at 1400 (centralizing data breach actions to district near defendant's headquarters since "[n]ineteen of the thirty-one actions and potential tag-along actions" were pending there, and "the district is easily accessible for the parties in this litigation"); *Conseco Life Ins. Cost of Ins. Lit.*, 323 F. Supp. 2d 1381, 1383 (J.P.M.L. 2004) (centralizing where a "plurality of cases" were pending). The Actions pending in the Northern District of California will likely encompass the greatest number of potential class members. The Actions pending outside the Northern District of California are brought on behalf of putative classes of only California and Illinois residents, as compared to the putative nationwide classes that plaintiffs in the

Northern District of California Actions seek to represent. *See In re MOVEit,* 2023 WL 6456749, at *3 ("While we are aware that centralization may pose some inconvenience to some parties, in deciding issues of transfer under Section 1407, we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."); *In re Crown Life Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("[W]hile transfer of a particular action might inconvenience some parties to that action, such a transfer often is necessary to further the expeditious resolution of the litigation taken as a whole.").

Further, 23andMe is headquartered in Northern District of California, providing another basis for transferring all federal actions (and possible tag-along actions) to the District. Because its principal place of business is in the Northern District of California, most witnesses and documents—e.g., its servers and its employees handling the Incident—will be located in the District. *See In re Zappos.com, Inc., Customer Data Sec. Breach Litig.*, 867 F. Supp. 2d 1357, 1358 (J.P.M.L. 2012) (transferring to district that "has the strongest connection to this litigation, inasmuch as [defendant] is based [there] . . . personnel who responded to the data breach are located in this district, as are the servers from which customer data was obtained, in addition to other potentially relevant documents and witnesses"). The Panel has consistently transferred data breach cases coordinated as MDLs to the district where the defendant is headquartered, as "relevant documents and witnesses thus likely will be found there." *E.g., In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 298 F. Supp. 3d 1322, 1326 (J.P.M.L 2017); *In re Marriott Int'l, Inc.*, 363 F. Supp. 3d 1372, 1374–75 (J.P.M.L. 2019) (same); *In re Target*, 11 F. Supp. 3d at 1339 (same); *In re Supervalu*, 67 F. Supp. 3d at 1378 (same); *In re Schnuck*, 978 F. Supp. 2d at 1381–82 (same); *In re Zappos.com*, 867 F. Supp. 2d at 1358 (same).

Since 23andMe's records, principals, and employees are in the Northern District of California, centralization in that district will allow potential 23andMe witnesses and persons most qualified to participate in discovery more freely. A proposed transferee forum's accessibility to parties and witnesses is a factor that the Panel has given significant weight in choosing transferee forums. *See, e.g., In re MOVEit,* 2023 WL 6456749, at *3 ("Relevant employees likely are based in this district, where potentially relevant databases, documents, witnesses, and other evidence also may be found"); *In re Hypodermic Prods.*

*Antitrust Litig.*, 408 F. Supp. 2d 1356, 1357 (J.P.M.L 2007) (choosing transferee forum, in part, because it was "easily accessible").[3]

For all of these reasons, the Northern District of California is the appropriate choice for the MDL proceedings.

## IV.    **CONCLUSION**

For the reasons stated in this Memorandum and accompanying Motion, 23andMe respectfully requests that this Panel enter an order transferring the actions on the attached Schedule of Actions to the Northern District of California for consolidated pretrial proceedings.

DATED:  December 21, 2023                    GREENBERG TRAURIG, LLP

By:      /s/ Ian C. Ballon
          Ian C. Ballon
          GREENBERG TRAURIG, LLP
          Ballon@gtlaw.com
          1900 University Avenue, 5th Floor
          East Palo Alto, California 94303
          Tel: 650-289-7881; Fax: 650-462-7881
          Attorneys for Defendant, 23andMe, Inc., 23andMe
          Pharmacy Holdings, Inc., 23andMe Holding Co.

---

[3] Additionally, the presence of numerous state court actions near the Northern District of California also weighs in favor of transfer and consolidation there. *E.g., In re Zappos.com*, 867 F. Supp. 2d at 1358 ("With a pending Nevada state court action, centralization in the District of Nevada will facilitate coordination between the federal and state court action.").

# BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re 23andMe, INC.   MDL No.  1:23-P-47

## SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs**: Monica Santana And Paula Kleynburd, On Behalf Of Themselves And All Others Similarly Situated **Defendant:**  23andMe, Inc. | Northern District of California (San Francisco Division) | 3:23-cv-05147 | Hon. Edward M. Chen |
| **Plaintiff:**  Kerry Lamons, Individually and on behalf of all others similarly situated **Defendant:**  23andMe, Inc. | Northern District of California (San Francisco Division) | 5:23-cv-05178 | Hon. Edward M. Chen |
| **Plaintiff:** Michelle Andrizzi, individually and on behalf of all others similarly situated **Defendant:**  23andMe, Inc. | Northern District of California (San Francisco Division) | 5:23-cv-05198 | Hon. Edward M. Chen |
| **Plaintiff:**  Bonnie Eden, Daniel Pinho, Thomas Seawright And Pamela Zager-Maya, on behalf of themselves and all others similarly situated **Defendant:**  23andMe, Inc. | Northern District of California (San Francisco Division) | 4:23-cv-05200 | Hon. Haywood S. Gilliam, Jr. |
| **Plaintiff:**  J.S., J.T., and A.L., individually and on behalf of all others similarly situated **Defendant:**  23andMe, Inc., 23andMe Holding Co., 23andMe Pharmacy Holdings, Inc. | Northern District of California (San Francisco Division) | 5:23-cv-5234 | Hon. Edward M. Chen |

| **Plaintiff:** Haris Mirza, individually and on behalf of all others similarly situated<br>**Defendant:** 23andMe, Inc. | Northern District of California (San Francisco Division) | 23-cv-05259 | Hon. Edward M. Chen |
|---|---|---|---|
| **Plaintiff:** Katianne Navarro and Michael Blackwell, individually, and on behalf of all others similarly situated<br>**Defendant:** 23andMe, Inc. | Northern District of California (San Francisco Division) | 4:23-cv-05281 | Hon. Edward M. Chen |
| **Plaintiff:** Caroline Greenberg, individually and on behalf of all others similarly situated<br>**Defendant:** 23andMe, Inc. | Northern District of California (San Francisco Division) | 5:23-cv-05302 | Hon. Edward M. Chen |
| **Plaintiff:** Nichole Friend, Aaron Parra, And Mari Rajamin, individually, and on behalf of all similarly situated individuals<br>**Defendant:** 23andMe Holding Co, A California Corporation; And Does 1 Through 50, Inclusive | Northern District of California (San Francisco Division) | 4:23-cv-05323 | Hon. Edward M. Chen |
| **Plaintiff:** Alexandra Hoffman and Alexandra Klawitter, individually and on behalf of all others similarly situated<br>**Defendant:** 23andMe, Inc. | Northern District of California (San Francisco Division) | 5:23-cv-05332 | Hon. Edward M. Chen |
| **Plaintiff:** Adriane Farmer, individually and on behalf of all others similarly situated<br>**Defendant:** 23andMe, Inc. | Northern District of California (San Francisco Division) | 3:23-cv-05341 | Hon. Edward M. Chen |
| **Plaintiff:** Melanie Berman, Lisa Jones, Lyon Leifer, Kathleen Canfield Loftus, Julia Hawkins, individually and on behalf | Northern District of California (San Francisco Division) | 23-CV-05345 | Hon. Edward M. Chen |

| | | | |
|---|---|---|---|
| of all others similarly situated **Defendant:** 23andMe, Inc. | | | |
| **Plaintiff:** David Tulchinsky, individually and on behalf of all others similarly situated **Defendant:** 23andMe, Inc. | Northern District of California (San Francisco Division) | 5:23-cv-05369 | Hon. Edward M. Chen |
| **Plaintiff:** Stephen L. Seikel, individually and on behalf of all others similarly situated **Defendant:** 23andMe, Inc. | Northern District of California (San Francisco Division) | 5:23-cv-05419 | Hon. Edward M. Chen |
| **Plaintiff:** Elaine Fralix, individually and on behalf of all others similarly situated **Defendant:** 23andMe, Inc. | Northern District of California (San Francisco Division) | 5:23-cv-05439 | Hon. Edward M. Chen |
| **Plaintiff:** Harold Velez, on behalf of himself and all others similarly situated **Defendant:** 23andMe, Inc. | Northern District of California (San Francisco Division) | 3:23-cv-05464 | Hon. Edward M. Chen |
| **Plaintiff:** Laquisha Smith, individually and on behalf of all others similarly situated **Defendant:** 23andMe, Inc. | Northern District of California (San Francisco Division) | 5:23-cv-05548 | Hon. Edward M. Chen |
| **Plaintiff:** Max Alperstein And Arya Shoaee, individually, and on behalf of all others similarly situated **Defendant**: 23andMe, Inc. | Northern District of California (San Francisco Division) | 5:23-cv-5541 | Hon. Edward M. Chen |
| **Plaintiff:** Nicholas Furia, on behalf of himself and all others similarly situated | Northern District of California (San Francisco Division) | 4:23-cv-05565 | Hon. Edward M. Chen |

| | | | |
|---|---|---|---|
| **Defendant:** 23andMe, Inc. | | | |
| **Plaintiff:** Michael Schutz, Cody Vogel, and Eileen Mullen, individually and on behalf of all others similarly situated<br>**Defendant:** 23andMe, Inc. | Northern District of California (San Jose Division) | 3:23-cv-05579 | Hon. Donna M. Ryu |
| **Plaintiff:** Thomas Vickery, individually and on behalf of all others similarly situated<br>**Defendant:** 23andMe, Inc. | Northern District of California (San Francisco Division) | 3:23-cv-05635 | Hon. Edward M. Chen |
| **Plaintiff:** Brianna Sorensen, and all similarly situated individuals<br>**Defendant:** 23andMe, Inc. | Northern District of California (San Francisco Division) | 5:23-cv-05677 | Hon. Edward M. Chen |
| **Plaintiff:** John Doe, Individually and on behalf of all others similarly situated<br>**Defendant:** 23andMe, Inc. | Northern District of California (San Francisco Division) | 3:23-cv-05717 | Hon. Edward M. Chen |
| **Plaintiff:** Briana Dube, Individually And On Behalf Of All Others Similarly Situated<br>**Defendant:** 23andMe, Inc. | Northern District of California (San Francisco Division) | 5:23-cv-05768 | Hon. Edward M. Chen |
| **Plaintiff:** Brandon Molina, individually and on behalf of all others similarly situated<br>**Defendant:** 23andMe, Inc. | Northern District of California (San Francisco Division) | 5:23-cv-05779 | Hon. Edward M. Chen |
| **Plaintiff:** Melissa Ryan, individually and on behalf of all others similarly situated<br>**Defendant:** 23andMe, Inc. | Northern District Of California (San Jose Division) | 3:23-cv-05968 | Hon. Donna M. Ryu |

| **Plaintiff:** Tracy Scott, Anna Daveiga, And Emily Beale On Behalf Of Themselves And All Others Similarly Situated **Defendant:** 23andMe Holding Co. And 23andMe, Inc. | Northern District Of California (San Francisco Division) | 3:23-cv-05980 | Hon. Laurel Beeler |
|---|---|---|---|
| **Plaintiff:** Polina Ioffe, individually and on behalf of all others similarly situated **Defendant:** 23andMe, Inc. | Northern District of California (San Francisco Division) | 5:23-cv-06205 | Hon. Nathanael Cousins |
| **Plaintiff:** Kristen Rivers, individually and on behalf of all others similarly situated **Defendant:** 23andMe, Inc., 23andMe Holding Co. | Northern District of California (San Jose Division) | 3:23-cv-06481 | Hon. Donna M. Ryu |
| **Plaintiff:** Dhaman Gill, individually and on behalf of all others similarly situated **Defendant:** 23andMe, Inc. | Central District of California (Southern Division) | 8:23-cv-02387-FWS-DFM | Hon. Fred W. Slaughter |
| **Plaintiff:** Michele Bacus, individually and on behalf of all others similarly situated **Defendant:** 23andMe, Inc. | Northern District of Illinois | 1:23-cv-16828 | Hon. Manish S. Shah |

# BEFORE THE UNITED STATES JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

In re 23ANDME, INC.          MDL No. 1:23-P-47

## Proof of Service

I hereby certify that a copy of the foregoing Motion for Transfer and Consolidation of the 23andMe, Inc. Litigation pursuant to 28 U.S.C. § 1407, Brief in Support, Schedule of Actions, and this Certificate of Service was served by Email and First Class Mail on December 21, 2023, to the following:

Clerk, Northern District California
San Francisco, CA

Clerk, Northern District California
San Jose, CA

Clerk, Central District of California
Santa Ana, CA

Clerk, Northern District of Illinois
Chicago, IL

| *Santana, et al. v. 23andMe, Inc*. (Case No. 3:23-cv-05147-EMC) **Northern District of California** | *Lamons v. 23andMe, Inc.* (Case No. 5:23-cv- 05178- EMC) **Northern District of California** |
|---|---|
| Scott Edelsberg EDELSBERG LAW, P.A. *scott@edelsberglaw.com* 1925 Century Park E #1700 Los Angeles, CA 90067 Telephone: 305-975-3320 Andrew J. Shamis SHAMIS & GENTILE, P.A. 14 NE 1st Avenue, Suite 400 Miami, FL 33132 Telephone: 305-479-2299 *ashamis@shamisgentile.com* **Attorneys for Plaintiffs Santana and Kleynburd** | Michael R. Reese *mreese@reesellp.com* 100 West 93rd Street, 16th Floor New York, New York 10025 Telephone: (212) 643-0500 George V. Granade 8484 Wilshire Boulevard, Suite 515 Los Angeles, California 90211 Telephone: (310) 393-0070 *ggrandade@reesellp.com* Charles D. Moore REESE LLP *cmoore@reesellp.com* 100 South 5th Street, Suite 1900 Minneapolis, Minnesota 55402 |

| | Telephone: (212) 643-0500 |
|---|---|
| | Kevin Laukaitis LAU-KAITIS LAW LLC<br>*klaukaitis@laukaitis.com*<br>954 Avenida Ponce De Leon<br>Suite 205, #10518<br>San Juan, Puerto Rico 00907<br>Telephone: (215) 789-4462<br><br>**Attorneys for Plaintiff Lamons** |
| *Eden et al v. 23andMe, Inc.*<br>(Case No. 4:23- cv-05200-HSG)<br>**Northern District of California**<br><br>Melissa Emert<br>Gary S. Graifman<br>KANTROWITZ, GOLDHAMER &<br>GRAIFMAN, P.C.<br>135 Chestnut Ridge Road, Suite 200<br>Montvale, NJ 07645<br>*memert@kgglaw.com*<br>*ggraifman@kgglaw.com*<br>Telephone: (845) 356-2570<br>Facsimile: (845) 356-4335<br><br>David S. Casey<br>*dcasey@cglaw.com*<br>Gayle M. Blatt<br>*gmb@cglaw.com*<br>P. Camille Guerra<br>*camille@cglaw.com*<br>110 Laurel Street<br>San Diego, CA 92101<br>Telephone: (619) 238-1811<br>Facsimile: (619) 544-9232<br>CASEY GERRY SCHENK FRANCAVILLA<br>BLATT & PENFIELD, LLP<br><br>**Attorneys for Plaintiffs Eden, Pinho,<br>Seawright, and Zager-Maya** | *J.S. et al v. 23andMe, Inc., et al.*<br>(Case No. 5:23-cv-05234- EMC)<br>**Northern District of California**<br><br>Sharon J. Zinns<br>ZINNS LAW, LLC<br>4243 Dunwoody Club Drive<br>Suite 104<br>Atlanta, Georgia 30350<br>(404) 882-9002<br>*sharon@zinnslaw.com*<br><br>Maureen M. Brady<br>Lucy McShane<br>McSHANE & BRADY, LLC<br>1656 Washington Street, Suite 120<br>Kansas City, MO 64108<br>Telephone: (816) 888-8010<br>Facsimile: (816) 332-6295<br>*mbrady@mcshanebradylaw.com*<br>*lmcshane@mcshanebradylaw.com*<br><br><br>**Attorneys for Plaintiffs J.S., J.T., and A.L.** |
| *Mirza v. 23andMe, Inc.*<br>(Case No. 3:23-cv- 05259- EMC)<br>**Northern District of California** | *Navarro v. 23andMe, Inc.*<br>(Case No. 4:23-cv- 05281-EMC)<br>**Northern District of California** |

| | |
|---|---|
| Seyed Abbas Kazerounian<br>Mona Amini<br>KAZEROUNI LAW GROUP, APC<br>*ak@kazlg.com*<br>*mona@kazlg.com*<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, California 92626<br>Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523<br><br>**Attorneys for Plaintiff Haris Mirza** | Scott Edward Cole<br>Laura Grace Van<br>Note<br>COLE & VAN<br>NOTE<br>555 12th Street, Suite 2100<br>Oakland, California 94607<br>Telephone: (510) 891-9800<br>Facsimile: (510) 891-7030<br>*sec@colevannote.com*<br>*lvn@colevannote.com*<br><br>**Attorneys for Plaintiffs Navarro**<br>**and Blackwell** |
| ***Greenberg v. 23andMe, Inc.***<br>(Case No. 5:23- cv-05302- EMC)<br>**Northern District of California**<br><br>John J. Nelson<br>MILBERG COLEMAN BRYSON PHILLIPS<br>GROSSMAN, PLLC<br>402 W Broadway, Suite 1760<br>San Diego, CA 92101<br>Tel.: (858) 209-6941<br>*jnelson@milberg.com*<br><br>Jeff Ostrow<br>KOPELOWITZ OSTROW FERGUSON<br>WEISELBERG GILBERT<br>One West Las Olas Blvd., Suite 500<br>Fort Lauderdale, Florida 33301<br>Telephone: 954-525-4100<br>*ostrow@kolawyers.com*<br><br>**Attorneys for Plaintiff Greenberg** | ***Friend v. 23andMe, Inc.***<br>(Case No. 4:23-cv- 05323-EMC)<br>**Northern District of California**<br><br>Kaveh S. Elihu<br>Saima Ali Gipson<br>1001 Wilshire Boulevard<br>Los Angeles, California 90017<br>Telephone: (213) 382-2222<br>Facsimile: (213) 382-<br>2230<br>EMPLOYEE JUSTICE LEGAL GROUP, PC<br>*kelihu@ejlglaw.com*<br>*sali@ejlglaw.com*<br><br>**Attorneys for Plaintiffs Friend, Parra, and**<br>**Rajamin** |
| ***Hoffman et al v. 23andMe, Inc.***<br>(Case No. 3:23-cv-05332-EMC)<br>**Northern District of California**<br><br>John J. Nelson<br>MILBERG COLEMAN BRYSON PHILLIPS<br>GROSSMAN, PLLC<br>402 W. Broadway, Suite 1760 | ***Farmer v. 23andMe, Inc.***<br>(Case No. 5:23-cv- 05341-EMC)<br>**Northern District of California**<br><br>M. Anderson Berry<br>Gregory Haroutunian<br>Brandon P. Jack<br>CLAYEO C. ARNOLD |

| | |
|---|---|
| San Diego, California 9<br>Tel.: (858) 209-6941<br>*jnelson@milberg.com*<br><br>Marc E. Dann Brian D. Flick DANNLAW<br>notices@dannlaw.com<br><br>Thomas A. Zimmerman, Jr.<br>ZIMMERMAN LAW OFFICES, P.C.<br>77 W. Washington Street, Suite 1220<br>Chicago, Illinois 60602<br>(312) 440-0020 telephone<br>(312) 440-4180 facsimile<br>*tom@attorneyzim.com*<br><br>**Attorneys for Plaintiffs Hoffman and Klawaitter** | 865 Howe Avenue<br>Sacramento, CA 95825<br>Telephone: (916) 239-4778<br>*aberry@justice4you.com gharoutunian@jus-*<br>*tice4you.com bjack@justice4you.com*<br><br>Benjamin H. Kleine<br>KLEINE PC<br>95 Third Street, 2nd<br>Floor, #9048<br>San Francisco, CA 94103<br>Telephone: 415-465-5655<br>*ben@kleinepc.com*<br><br>**Attorneys for Plaintiff Farmer** |
| ***Berman et al v. 23andMe, Inc.***<br>(Case No. 4:23-cv-05345-EMC)<br>**Northern District of California**<br><br>Ross M. Good<br>LOFTUS & EISENBERG, LTD.<br>161 N. Clark, Suite 1600<br>Chicago, Illinois 60601<br>T: (312) 889-6625<br>*ross@loftusandeisenberg.com*<br><br>William Aron ARON LAW FIRM<br>15 W Carrillo St, Suite 217<br>Santa Barbara, CA<br>93101<br>T: (805) 618-1768<br>*bill@aronlawfirm.com*<br><br>**Attorneys for Plaintiffs Berman, Hawkins, Jones, Leifer, and Canfield Loftus** | ***Tulchinsky v. 23andMe, Inc.***<br>(Case No. 5:23- cv-05369-EMC)<br>**Northern District of California**<br><br>Michael R. Reese<br>*mreese@reesellp.com*<br>100 West 93rd Street, 16th Floor<br>New York, New York 10025<br>Telephone: (212) 643-0500<br><br>George V. Granade<br>*ggrandade@reesellp.com*<br>8484 Wilshire Boulevard, Suite 515<br>Los Angeles, California 90211<br>Telephone: (310) 393-0070<br><br>Charles D. Moore<br>*cmoore@reesellp.com*<br>100 South 5th Street, Suite 1900<br>Minneapolis, Minnesota 55402<br>Telephone: (212) 643-0500<br><br>REESE LLP<br><br>Courtney L. Weiner<br>*cw@courtneyweinerlaw.com*<br>*1629 K St. NW, Suite 300*<br>*Washington, DC 20006*<br>*Telephone: (202) 827-9980* |

|  | LAW OFFICE OF COURTNEY WEINER PLLC<br><br>**Attorneys for Plaintiff Tulchinsky** |
|---|---|
| ***Seikel v. 23andMe, Inc.***<br>(Case No. 5:23-cv- 05419-EMC)<br>**Northern District of California**<br><br>Ben F. Pierce Gore<br>PIERCE GORE LAW FIRM, PC<br>315 Montgomery Street<br>10th Floor<br>San Francisco, CA 94104<br>(408) 806-4600<br>*piercegore@gmail.com*<br><br>Charles J. LaDuca Brendan Thompson<br>CUNEO GILBERT & LADUCA, LLP<br>4725 Wisconsin Avenue NW Suite 200<br>Washington, DC 20016 (202) 789-3960<br>*charles@cuneolaw.com brendan@cuneo-law.com*<br><br>Charles Barrett<br>Daniella Bhadare-Valente Morgan L. Burkett<br>NEAL & HARWELL, PLC<br>1201 Demonbreun St.<br>Suite 1000<br>Nashville, TN 37203<br>(615) 244-1713<br>*cbarrett@nealharwell.com dbhadare-valente@nealharwell.com mburkett@nealhar-well.com*<br><br>**Attorneys for Plaintiff Seikel** | ***Fralix v. 23andMe, Inc.***<br>(Case No. 5:23-cv- 05439-EMC)<br>**Northern District of California**<br><br>Eric M. Poulin<br>*eric.poulin@poulinwilley.com*<br>Blake G. Abbott<br>*blake.abbott@poulinwilley.com*<br>Paul J. Doolittle<br>*paul.doolittle@poulinwilley.com*<br>32 Ann Street<br>Charleston, SC 29403<br>Telephone: (803) 222-2222<br>Fax: (843) 494-5536<br>POULIN WILLEY ANASTOPOULO, LLC<br><br>John Christian<br>*yanni@bohrenlaw.com*<br>8560 West Sunset Boulevard, 4th Floor<br>West Hollywood, CA 90069<br>Tel: 619-433-2803<br>Fax: 800-867-6779<br>Bohren BOHREN LAW, APC<br><br>**Attorneys for Plaintiff Fralix** |
| ***Velez v. 23andMe, Inc.***<br>(Case No. 3:23-cv- 05464-EMC)<br>**Northern District of California**<br><br>Karen Hanson Riebel Kate Baxter-Kauf<br>Maureen Kane Berg<br>LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Square, Suite 2200<br>Minneapolis, Minnesota 55401 | ***Smith v. 23andMe, Inc.***<br>(Case No. 5:23-cv- 05548- EMC)<br>**Northern District of California**<br><br>Nicholas A. Migliaccio<br>412 H Street NE, no. 302,<br>Washington, DC, 20002<br>Office: (202) 470-3520<br>*nmigliaccio@classlawdc.com* |

| | |
|---|---|
| Telephone: 612-339-6900<br>Facsimile: 612-339-0981<br>*khriebel@locklaw.com kmbaxter-*<br>*kauf@locklaw.com mkberg@locklaw.com*<br><br>Gayle M. Blatt<br>P. Camille Guerra<br>CASEY GERRY SCHENK FRANCAVILLA<br>BLATT & PENFIELD, LLP<br>110 Laurel Street<br>San Diego, CA 92101<br>Telephone: 619-238-1811<br>Facsimile: 619-544-9232<br>*gmb@cglaw.com camille@cglaw.com*<br><br>Gary F. Lynch<br>LYNCH CARPENTER, LLP<br>1133 Penn Avenue, 5th Floor<br>Pittsburg, PA 15222<br>Telephone: 412-322-9243<br>Facsimile: 412-231-0246<br>*gary@lcllp.com*<br><br>**Attorneys for Plaintiff Velez** | Jason S. Rathod<br>*jrathod@classlawdc.com*<br><br>Matthew Smith<br>201 Spear Street, Suite 1100<br>San Francisco, CA 94105<br>Tel: (831) 687-8255<br>MIGLIACCIO & RATHOD LLP<br>*msmith@classlawdc.com*<br><br>**Attorneys for Plaintiff Laquisha Smith** |
| ***Alperstein et al v. 23andMe, Inc.***<br>(Case No. 4:23-cv-05541-EMC)<br>**Northern District of California**<br><br>CLARKSON LAW FIRM, P.C.<br>Ryan J. Clarkson<br>*rclarkson@clarksonlawfirm.com*<br>Yana Hart<br>*yhart@clarksonlawfirm.com*<br>Tiara Avaness<br>*tavaness@clarksonlawfirm.com*<br>Valter Malkhasyan<br>*vmalkhasyan@clarksonlawfirm.com*<br>22525 Pacific Coast Highway<br>Malibu, CA 90265<br>Tel: (213) 788-4050<br>Fax: (213) 788-4070<br><br>**Attorneys for Plaintiffs Alperstein and**<br>**Shoaee** | ***Furia v. 23andMe, Inc.***<br>(Case No. 4:23-cv- 05565-EMC)<br>**Northern District of California**<br><br>Matthew Smith<br>MIGLIACCIO & RATHOD LLP<br>201 Spear Street, Suite 1100<br>San Francisco, CA 94105<br>Tel: (831) 687-8255<br>*msmith@classlawdc.com*<br><br>Daniel E. Gustafson David A. Goodwin Matt<br>Jacobs<br>GUSTAFSON GLUEK PLLC<br>120 South Sixth Street, Suite 2600<br>Minneapolis, MN 55402<br>Tel: (612) 333-8844<br>*dgustafson@gustafsongluek.com dgood-*<br>*win@gustafsongluek.com mjacos@gustafson-*<br>*gluek.com*<br><br>**Attorneys for Plaintiff Furia** |

| Schutz v. 23andMe Inc. | Vickery v. 23andMe, Inc. |
|---|---|
| (Case No. 3:23-cv-05579) | (Case No. 3:23-cv- 05635-EMC) |
| **Northern District of California** | **Northern District of California** |
| | |
| KAPLAN FOX & KILSHEIMER LLP | Rachele R. Byrd |
| Laurence D. King | WOLF HALDENSTEIN ADLER FREEMAN |
| Matthew B. George | & HERZ LLP |
| Blair E. Reed | 750 B Street, Suite 1820 |
| 1999 Harrison Street, Suite 1560 | San Diego, CA 92101 |
| Oakland, CA 94612 | Telephone: (619) 239-4599 |
| Telephone: 415-772-4700 | Facsimile: (619) 234-4599 |
| Facsimile: 415-772-4707 | *byrd@whafh.com* |
| Email: lking@kaplanfox.com | |
| mgeorge@kaplanfox.com | Jon Tostrud |
| breed@kaplanfox.com | TOSTRUD LAW GROUP, PC |
| | 1925 Century Park East, Suite 2100 |
| BARNOW AND ASSOCIATES, P.C. | Los Angeles, CA 90067 |
| Ben Barnow* | Telephone: 310/278-2600 |
| Anthony L. Parkhill* | Facsimile: 310/278-2640 |
| 205 West Randolph Street, Suite 1630 | *jtostrud@tostrudlaw.com* |
| Chicago, IL 60606 | |
| Telephone: 312-621-2000 | Erik H. Langeland |
| Facsimile: 312-641-5504 | ERIK H. LANGELAND, P.C. |
| Email: b.barnow@barnowlaw.com | 733 Third Avenue, 16th Floor |
| aparkhill@barnowlaw.com | New York, NY. 10017 |
| | Telephone: (212) 354-6270 |
| **Attorneys for Plaintiff Schutz and the Proposed Class** | *elangeland@langelandlaw.com* |
| | **Attorneys for Plaintiff Vickery** |
| Sorensen v. 23andMe, Inc. | Doe v. 23andMe, Inc. |
| (Case No. 5:23-cv-05677-EMC) | (Case No. 3:23-cv-05717-EMC) |
| **Northern District of California** | **Northern District of California** |
| | |
| M. Anderson Berry | ROBBINS GELLER RUDMAN |
| Gregory Haroutunian | & DOWD LLP |
| Brandon P. Jack | DOROTHY P. ANTULLIS* |
| CLAYEO C. ARNOLD | STUART A. DAVIDSON* |
| 865 Howe Avenue | LINDSEY H. TAYLOR* |
| Sacramento, CA 95825 | NICOLLE B. BRITO |
| Telephone: (916) 239-4778 | ALEXANDER C. COHEN* |
| Facsimile: (916) 924-1829 | NICOLLE B. BRITO |
| *aberry@justice4you.com gharoutunian@justice4you.com bjack@justice4you.com* | 225 NE Mizner Boulevard, Suite 720 |
| | Boca Raton, FL 33432 |
| William B. Federman | Telephone: 561/750-3000 |
| FEDERMAN & SHERWOOD | 561/750-3364 (fax) |

| | |
|---|---|
| 10205 N. Pennsylvania Ave.<br>Oklahoma City, OK 73120<br>-and-<br>212 W. Spring Valley Road<br>Richardson, Texas 75081<br>Telephone: (405) 235-1560<br>Facsimile: (405) 239-2112<br>*wbf@federmanlaw.com*<br><br>**Attorneys for Plaintiff Sorensen** | THE GRANT LAW FIRM, PLLC<br>LYNDA J. GRANT*<br>521 Fifth Avenue, 17th Floor<br>New York, NY 10175<br>Telephone: 212/292-4441<br>212/292-4442 (fax)<br><br>LONGMAN LAW, P.C.<br>HOWARD T. LONGMAN*<br>354 Eisenhower Parkway, Suite 1800<br>Livingston, NJ 07039<br>Telephone: 973/994-2315<br>973/994-2319 (fax)<br><br>**Attorneys for John Doe** |
| *Briana Dube v. 23andMe, Inc.*<br>(Case No. 5:23-cv-05768-EMC)<br>**Northern District of California**<br><br>John J. Nelson<br>MILBERG COLEMAN BRYSON<br>PHILLIPS GROSSMAN, LLC<br>402 W. Broadway, Suite 1760<br>San Diego, CA 92101<br>Telephone: (858) 209-6941<br>Fax: (858) 209-6941<br>Email: jnelson@milberg.com<br><br>Jason P. Sultzer, Esq. **<br>270 Madison Avenue, Suite 1800<br>New York, NY 10016<br>Tel: (845) 483-7100<br>Fax: (888) 749-7747<br>sultzerj@thesultzerlawgroup.com<br><br>Charles E. Schaffer, Esq. **<br>LEVIN SEDRAN & BERMAN<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>Tel: 215-592-1500<br>cschaffer@lfsblaw.com<br><br>**Attorneys for Plaintiff Dube the Proposed Class** | *Andrizzi v. 23andMe, Inc.*<br>(Case No. 5:23-cv-05198)<br>**Northern District of California**<br><br>Daniel Srourian, Esq.<br>SROURIAN LAW FIRM, P.C.<br>3435 Wilshire Blvd., Suite 1710<br>Los Angeles, California 90010<br>Telephone: (213) 474-3800<br>Facsimile: (213) 471-4160<br>Email: daniel@slfla.com<br><br>**Attorneys for Plaintiff Andrizzi** |
| *Brandon Molina v. 23andMe, Inc.*<br>(Case No. 5:23-cv-05779-EMC) | *Tracy Scott v. 23andMe Holding Co.,*<br>*23andMe, Inc.* |

| | |
|---|---|
| **Northern District of California**<br><br>Daniel E. Barenbaum<br>Christina M. Sarraf<br>425 California Street, Suite 2300<br>San Francisco, CA 94104<br>Telephone: (415) 433-3200<br>Facsimile: (415) 433-6382<br>Email: dbarenbaum@bermantabacco.com<br>csarraf@bermantabacco.com<br>Patrick T. Egan<br>Steven J. Buttacavoli<br>BERMAN TABACCO<br>One Liberty Square<br>Boston, MA 02109<br>Telephone: (617) 542-8300<br>Facsimile: (617) 542-1194<br>Email: pegan@bermantabacco.com<br>sbuttacavoli@bermantabacco.com<br><br>**Attorneys for Plaintiff Molina** | (Case No. 3:23cv5980)<br>**Northern District of California**<br><br>LEXINGTON LAW GROUP<br>Mark N. Todzo<br>Patrick R. Carey<br>Meredyth L. Merrow<br>503 Divisadero Street<br>San Francisco, CA 94117<br>Telephone: (415) 913-7800<br>Facsimile: (415) 759-4112<br>mtodzo@lexlawgroup.com<br><br>Joseph P. Guglielmo<br>Carey Alexander<br>SCOTT+SCOTT ATTORNEYS AT LAW LLP<br>The Helmsley Building<br>230 Park Avenue, 17th Floor<br>New York, NY 10169-1820<br>Telephone: (212) 223-6444<br>Facsimile: (212) 223-6334<br>jguglielmo@scott-scott.com<br>calexander@scott-scott.com<br><br>**Attorneys for Plaintiff Scott** |
| ***Ioffe v. 23andMe, Inc.***<br>(Case No. 5:23-cv-06205)<br>**Northern District of California**<br><br>SCHUBERT JONCKHEER & KOLBE LLP<br>ROBERT C. SCHUBERT (rschubert@sjk.law)<br>AMBER L. SCHUBERT (aschubert@sjk.law)<br>2001 Union St, Ste 200<br>San Francisco, CA 94123<br>Tel: (415) 788-4220<br>Fax: (415) 788-0161<br><br>**Attorneys for Plaintiff Ioffe** | ***Rivers v. 23andMe Holding Co., 23andMe, Inc.***<br>(Case No. 3:23-cv-06481)<br>**Northern District of California**<br><br>AZRA MEHDI (SBN 220406)<br>azram@themehdifirm.com<br>The Mehdi Firm, PC<br>95 Third Street<br>2nd Floor No. 9122<br>San Francisco, CA 94103<br>Ph/Fax: (415) 905-8880<br>John C. Herman<br>jherman@hermanjones.com<br>Candace N. Smith<br>csmith@hermanjones.com<br><br>HERMAN JONES LLP<br>3424 Peachtree Road N.E., Suite 1650<br>Atlanta, Georgia 30326 |

| | Telephone: (404) 504-6500<br>Facsimile: (404) 504-6501<br><br>**Attorneys for Plaintiffs Rivers and the Proposed Class** |
|---|---|
| ***Melissa Ryan v. 23andMe Inc.***<br>(Case No. 3:23-cv-5968)<br>**Northern District of California**<br><br>GLANCY PRONGAY & MURRAY LLP<br>Marc L. Godino<br>1925 Century Park East<br>Suite 2100<br>Los Angeles, CA 90067<br>Telephone: (310) 201-9150<br>Facsimile: (310) 432-1495<br>Email: mgodino@glancylaw.com<br><br>Brian P. Murray<br>GLANCY PRONGAY & MURRAY LLP<br>230 Park Avenue, Suite 358<br>New York, NY 10169<br>Tel: (212) 682-5340<br>Fax: (212)-884-0988<br>bmurray@glancylaw.com<br><br>LAW OFFICE OF PAUL C. WHALEN, P.C.<br>Paul C. Whalen<br>768 Plandome Road<br>Manhasset, NY 11030<br>Tel.: (516) 426-6870<br>paul@paulwhalen.com<br><br>**Attorneys for Plaintiff Ryan and the Proposed Class** | ***Dhaman Gill v. 23andMe, Inc.***<br>(Case No. 8:23-cv-02387-FWS-DFM)<br>**Central District of California**<br><br>Michael R. Reese<br>mreese@reesellp.com<br>REESE LLP<br>100 West 93rd Street, 16th Floor<br>New York, New York 10025<br>Telephone: (212) 643-0500<br><br>George V. Granade<br>ggranade@reesellp.com<br>REESE LLP<br>8484 Wilshire Boulevard, Suite 515<br>Los Angeles, California 90211<br>Telephone: (310) 393-0070<br><br>Kevin Laukaitis<br>klaukaitis@laukaitislaw.com<br>LAUKAITIS LAW LLC<br>954 Avenida Ponce De Leon<br>Suite 205, #10518<br>San Juan, PR 00907<br>Telephone: (215) 789-4462<br><br>**Attorneys for Plaintiff Dhaman Gill** |
| ***Bacus v. 23andMe, Inc.***<br>(Case No. 1:23-cv-16828)<br>***Northern District of Illinois***<br><br>Andrea Gold<br>Hassan A. Zavareei<br>hzavareei@tzlegal.com<br>Glenn E. Chappell<br>gchappell@tzlegal.com<br>David W. Lawler<br>dlawler@tzlegal.com | |

| Leora N. Friedman<br>lfriedman@tzlegal.com<br>TYCKO & ZAVAREEI LLP<br>2000 Pennsylvania Avenue NW<br>Suite 1010<br>Washington, D.C. 20006<br>Telephone: (202) 973-0900<br>Facsimile: (202) 973-0950<br><br>**Attorneys for Plaintiff Michele Bacus** | |

DATED:  December 21, 2023               GREENBERG TRAURIG, LLP


                                  By:    _/s/ Ian C. Ballon_
                                         Ian C. Ballon
                                         GREENBERG TRAURIG, LLP
                                         Ballon@gtlaw.com
                                         1900 University Avenue, 5th Floor
                                         East Palo Alto, California 94303
                                         Tel: 650-289-7881; Fax: 650-462-7881
                                         Attorneys for Defendant, 23andMe, Inc., 23andMe
                                         Pharmacy Holdings, Inc., 23andMe Holding Co.