1  GREENBERG TRAURIG, LLP
   Ian C. Ballon (SBN 141819)
2  *Ballon@gtlaw.com*
   1900 University Avenue, 5th Floor
3  East Palo Alto, California 94303
4  Telephone: 650-328-8500

5  Rebekah S. Guyon (SBN 291037)
   *GuyonR@gtlaw.com*
6  1840 Century Park East, Suite 1900
   Los Angeles, California 90067
7  Telephone: 310-586-7700

8
   Kristin O'Carroll (SBN 312902)
9  *ocarrollk@gtlaw.com*
   101 Second Street, Suite 2200
10 San Francisco, California 94105-3668
   Telephone: 415-655-1300
11

12 *Attorneys for Defendant 23andMe, Inc.*

13
                   **UNITED STATES DISTRICT COURT**
14              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                        **SAN FRANCISCO DIVISION**
15

16 | MONICA SANTANA AND PAULA | **CASE NO. 3:23-cv-05147-EMC** |
17 | KLEYNBURD, on behalf of themselves and all others similarly situated, | Related Cases: 3:23-cv-05200; 3:23-cv-05579; 3:23-cv-05281; 3:23-cv-05178; 3:23-cv-05198; 3:23-cv-05234; 3:23-cv-05259; 3:23-cv-05302; 3:23-cv-05323; 3:23-cv-05332; 3:23-cv-05341; 3:23-cv-05345; 3:23-cv-05369; 3:23-cv-05419; 3:23-cv-05439; 3:23-cv-05464; 3:23-cv-05541; 3:23-cv-05548; 3:23-cv-05565; 3:23-cv-05635; 3:23-cv-05677; 3:23-cv-05717; 3:23-cv-05768; 3:23-cv-05779 |

*Plaintiffs*,

v.

23ANDME, INC.,

*Defendant*.

[Assigned for all purposes to the Honorable Edward M. Chen]

**DEFENDANT 23ANDME, INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

---

1

23ANDME, INC.'S MOTION TO STAY PROCEEDINGS PENDING MDL TRANSFER

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 25, 2023, at 1:30 p.m., or as soon as the matter can be heard, in Courtroom 5 on the 17th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant 23andMe, Inc. (hereinafter "23andMe" or "Defendant"), will and does move this Court for an order staying all proceedings in this matter and vacating current deadlines pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") regarding consolidation of at least 30 related cases against 23andMe. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law, other documents on file in this action, matters that may be judicially noticed, and any oral argument of counsel.

This motion is made following the conference of counsel, which took place on December 19 and 27, 2023. Despite a sincere effort to do so, the parties have been unable to reach a resolution.

DATED: December 29, 2023        GREENBERG TRAURIG, LLP

By:   /s/Ian C. Ballon
      Ian C. Ballon
      Attorneys for Defendant, 23andMe, Inc.

## I.   INTRODUCTION

This case arises from an unauthorized actor's alleged access to the accounts of 23andMe users that 23andMe believes resulted from those users improperly recycling their passwords on 23andMe and another platform and neglecting to change those passwords after the other platform (not 23andMe) was the subject of a data breach (the "Incident"). To date, 35 putative class action lawsuits allegedly arising from the Incident have been filed here and in other courts around the country. Because of the volume of litigation pending in multiple different forums, and because cases continue to be filed against 23andMe allegedly arising from the Incident, 23andMe has sought a transfer and coordination order from the Judicial Panel on Multidistrict Litigation ("JPML") to serve the interests of judicial economy in these proceedings. 23andMe respectfully respects that the Court stay this case and all related cases pending the Judicial Panel on Multidistrict Litigation's ruling on 23andMe's transfer motion.

A brief stay here will conserve judicial resources, promote judicial efficiency, and avoid redundant litigation. Conversely, if a stay is not entered, 23andMe and the putative classes will be prejudiced by duplicative and potentially inconsistent proceedings here and in the 35 total cases pending nationwide. For these reasons, a stay is appropriate.

## II.   FACTUAL BACKGROUND

In the beginning of October 2023, 23andMe learned that certain customer profile information that users had opted into sharing through the DNA Relatives feature was accessed from individual 23andMe.com user accounts without authorization. It appears that the threat actor was able to access those user accounts where the users had recycled login credentials from another website—i.e., customers used the same usernames and passwords on 23andMe.com on another website that had been subject to a prior security breach and failed to update their passwords following the past incident. Thereafter, the threat actor appears to have downloaded DNA Relatives information from the compromised accounts. Such DNA Relatives information is only shared with 23andMe users where a user voluntarily opts into the information sharing. In addition, the information that the unauthorized actor potentially obtained about plaintiffs did not include their social security number, driver's license number, or any payment or financial information. Upon learning of the unauthorized access, 23andMe promptly began investigating the matter and notified customers and law enforcement of the Incident.

After 23andMe discovered and promptly disclosed the Incident, 35 lawsuits were filed in state and federal courts around the country, primarily in the Northern District of California.[1] This action was the first action filed. It was filed on October 9, 2023. *See* ECF No. 1. On November 30, 2023, Judge Chen issued an Order Relating Cases in this matter, finding that 22 cases are related to this action. *See* ECF No. 33.[2]

On December 21, 2023, 23andMe filed a Motion to Transfer Actions to the Northern District of California Pursuant to 18 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings with the Judicial Panel on Multidistrict Litigation, MDL No. 3098. *See* ECF. No. 34. The Motion to Transfer, consolidating and centralizing the then-31 (now 33) related federal actions brought against 23andMe, and any subsequently filed related actions for pretrial matters, will result in considerable efficiencies while not leading to any material delay in resolving the cases.

On December 26, 2023, an action against 23andMe was filed in the Northern District of Illinois. *Hu v. 23andMe, Inc.*, Case No. 1:23-cv-17079 (N.D. Ill.). The last action against 23andMe was filed on December 29, 2023 in the Northern District of California. *Paddy v. 23andMe, Inc*., Case No. 3:23-cv-06698 (N.D. Cal.). Given the ongoing filing of putative class actions over the last two-and-a-half months, 23andMe expects that lawsuits allegedly arising from the Incident will continue to be filed.

23andMe initiated meet and confer efforts with plaintiffs' counsel across all the related matters on December 26, 2023. Plaintiffs' counsel expressed, for the most part, they would not agree to stay this matter pending the Judicial Panel on Multidistrict Litigation's ruling; however, plaintiffs' counsel in *Lamons v. 23andMe, Inc.* (Case No. 3:23-cv-05178-EMC) and *Tulchinsky v. 23andMe, Inc.* (Case No. 3:23-cv-05369-EMC) agreed to stay proceedings pending the ruling.

### III.  ARGUMENT

Federal courts possess an inherent power to control their dockets by staying proceedings. *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power

---

[1] A complete list of all the actions filed to date arising from the Incident is included in Exhibit A.
[2] The Order Relating Cases (ECF No. 33) provides that the following cases, by case number, are related to this action and have been reassigned to Judge Chen: 3:23-cv-05200-EMC; 3:23-cv-05579-EMC; 3:23-cv-05281-EMC; 3:23-cv-05178-EMC; 3:23-cv-05198-EMC; 3:23-cv-05234-EMC; 3:23-cv-05259-EMC; 3:23-cv-05302-EMC; 3:23-cv-05323-EMC; 3:23-cv-05332-EMC; 3:23-cv-05341-EMC; 3:23-cv-05345-EMC; 3:23-cv-05369-EMC; 3:23-cv-05419-EMC; 3:23-cv-05439-EMC; 3:23-cv-05464-EMC; 3:23-cv-05541-EMC; 3:23-cv-05548-EMC; 3:23-cv-05565-EMC; 3:23-cv-05635-EMC; 3:23-cv-05677-EMC; 3:23-cv-05717-EMC; 3:23-cv-05768-EMC; 3:23-cv-05779-EMC.

inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Clinton v. Jones*, 520 U.S. 681, 706-707 (1997) (citing *Landis, supra,* 299 U.S. at 254) (recognizing a district court has broad discretion to grant a motion to stay pretrial proceedings pending transfer to another court).

Where a Judicial Panel on Multidistrict Litigation decision is pending, courts consider the following factors to determine whether a stay is appropriate: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Couture v. Hoffman-La Roche, Inc.*, No. C-12-2657 PJH, 2012 WL 3042994, at *2 (N.D. Cal. July 25, 2012) (citing *Rivers v. The Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Federal courts regularly find that these factors weigh in favor of a stay pending a transfer decision by the Judicial Panel on Multidistrict Litigation. *See, e.g., A.H.M. v. Uber Techs., Inc.*, No. 23-CV-03482-JSC, 2023 WL 6199179, at *2 (N.D. Cal. Sept. 22, 2023) (recognizing "most courts find a stay is appropriate while awaiting a JPML decision to consolidate") (citing *Rivers*, 980 F. Supp. at 1360); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) ("Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case."). The factors warrant a stay here.

### A. Judicial Economy And Efficiency Favor A Stay

The interests of judicial economy and efficiency favor a stay of proceedings here pending a transfer ruling by the Judicial Panel on Multidistrict Litigation. *E.g., Rivers*, 980 F. Supp. at 1360-62 (granting stay because "a great deal of this Court's time and energy [] could be saved by staying the instant case pending the MDL Panel decision.").

Granting a stay pending the Judicial Panel on Multidistrict Litigation's transfer decision would "relieve this court of any duty to address pretrial issues that might well ultimately be heard by another judge." *Weaver v. Pfizer, Inc.*, No. 2:14-CV-0818 KJM KJN, 2014 WL 2002212, at *3 (E.D. Cal. May 15, 2014) (staying proceedings pending decision to transfer to MDL court); *see Fuller v. Amerigas Propane, Inc.*, No. 09-2616 TEH, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009) ("[T]here is simply no reason for this Court to expend its time and energy on these cases until the pending motion before the MDL Panel is resolved, as transfer of this matter to another court would render redundant the efforts of this Court.").

Thus, a stay of proceedings would conserve judicial resources, "promote[] judicial efficiency, avoid [] duplicative litigation, and avoid[] the risk of inconsistent results." *Weaver,* 2014 WL 2002212, at *3; *see A.H.M.*, 2023 WL 6199179, at *2 ("[J]udicial economy strongly favors a stay . . . because a JPML decision might consolidate and transfer this matter elsewhere in which case this Court will have needlessly spent scarce judicial resources resolving (or at least preparing to resolve) Uber's motions.").

Moreover, all of the cases that will be potentially transferred by the Judicial Panel on Multidistrict Litigation are in the same procedural posture, involve the same allegations, and arise out of the same Incident, which further evidences that a stay is appropriate. *See Johnson v. Merck & Co.*, No. C 05-02881 MHP, 2005 WL 8177461, at *1 (N.D. Cal. Oct. 4, 2005) ("In light of the number of cases presenting issues similar to this action and the need for judicial consistency with respect to those cases, this court finds that the interest of judicial economy favors staying this action."); *Jennings v. Fresenius USA Inc.*, No. 13-CV-03795-WHO, 2013 WL 5487224, at *2 (N.D. Cal. Oct. 2, 2013) ("If other cases pending before the JPML raise similar issues, it 'weighs strongly in favor of staying the proceedings.'"). Thus, staying this action pending the JPML's decision promotes judicial economy.

**B.  Defendant Will Be Prejudiced If The Action Is Not Stayed**

The hardship and financial burden to 23andMe of litigating the "same issues" in "multiple forums" favors the entry of a stay pending transfer by the Judicial Panel on Multidistrict Litigation. *Ernyes-Kofler v. Sanofi S.A.*, No. 5:16-CV-07307-EJD, 2017 WL 813506, at *2 (N.D. Cal. Mar. 2, 2017). Absent a stay, 23andMe "may be forced to re-litigate issues before the MDL." *Gibson v. Bristol-Myers Squibb Co.*, No. C 13-01416 SBA, 2013 WL 2081964, at *1 (N.D. Cal. May 14, 2013) (granting stay since "staying the action will avoid the possibility of inconsistent results . . . in the event this case is transferred"). Denying a stay would force 23andMe to engage in unnecessary and redundant pretrial proceedings and motions practice pending transfer to the MDL. *See A.H.M.*, 2023 WL 6199179, at *2 (recognizing "denying the stay creates a substantial risk of hardship and inequity to Plaintiff because requiring her to file oppositions to Uber's motions while the JPML considers coordination could be a needless use of time and resources."). 23andMe should not be "forced to conduct duplicative discovery and motion practice" and "face the prospect of inconsistent rulings" if the case is likely to be transferred to a different court. *Ernyes-Kofler*, 2017 WL 813506, at *2.

Thus, to avoid prejudice to 23andMe, this Court should stay proceedings and vacate current deadlines.

### C. Plaintiffs Will Not Be Prejudiced By A Stay

Finally, a stay will not prejudice plaintiffs. *Rivers*, 980 F. Supp. at 1360. Where, as here, the "cases for which MDL treatment is sought are in very early procedural stages" and the "stay will be of very short duration," plaintiffs will not be prejudiced by the stay. *Fuller*, 2009 WL 2390358, at *1 (granting stay of action "in its entirety" until the JPML has ruled on motion for transfer); *Good*, 5 F. Supp. 2d at 809 (holding stay is proper because "stay pending a final decision by the MDL Panel would likely be brief" and plaintiff "fail[ed] to indicate why the delay would prejudice him.").

Indeed, an order staying proceedings will "not only conserve the resources of [] this Court but will also preserve those of both parties." *See Fuller*, 2009 WL 2390358, at *2 (staying action pending JPML ruling to allow plaintiff and defendant to "tailor discovery and avoid duplicative or unnecessary tasks."). Because the Judicial Panel on Multidistrict Litigation is likely to address transfer promptly, the short duration of any stay indicates that plaintiffs will not be prejudiced. *Couture*, 2012 WL 3042994, at *3 (recognizing brief stay would not prejudice plaintiffs). Moreover, courts regularly find that a stay pending transfer by the Judicial Panel on Multidistrict Litigation poses no prejudice to the non-moving party. *E.g.*, *Freitas v. McKesson Corp.*, No. C 11-05967 JW, 2012 WL 161211, at *3 (N.D. Cal. Jan. 10, 2012) ("Plaintiffs will not suffer undue hardship or prejudice if this case is stayed.").

Thus, like the other factors, the lack of prejudice to plaintiffs weighs in favor of a stay.

///
///
///
///
///
///
///
///
///

## IV.     CONCLUSION

For the foregoing reasons, 23andMe respectfully requests that this Court stay all proceedings and vacate current deadlines pending a decision by the Judicial Panel on Multidistrict Litigation on 23andMe's petition to transfer this and other related cases.

DATED:  December 29, 2023                       GREENBERG TRAURIG, LLP

                                        By:     /s/Ian Ballon
                                                Ian C. Ballon
                                                Attorneys for Defendant, 23andMe, Inc.