David S. Casey, Jr., SBN 060768
*dcasey@cglaw.com*
Gayle M. Blatt, SBN 122048
*gmb@cglaw.com*
P. Camille Guerra, SBN 326546
*camille@cglaw.com*
**CASEY GERRY SCHENK FRANCAVILLA BLATT &
PENFIELD, LLP**
110 Laurel Street
San Diego, CA  92101
Telephone:     (619) 238-1811
Facsimile:      (619) 544-9232
Attorneys for Plaintiffs

Additional Plaintiffs' counsel on signature page

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MONICA SANTANA AND PAULA KLEYNBURD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v<br><br>23ANDME, INC.,<br><br>Defendant. | **CASE NO. 3:23-cv-05147-EMC**<br><br>Related Cases: 3:23-cv-05200; 3:23-cv-05579; 3:23-cv-05281; 3:23-cv-05178; 3:23-cv-05198; 3:23-cv-05234; 3:23-cv-05259; 3:23-cv-05302; 3:23-cv-05323; 3:23-cv-05332; 3:23-cv-05341; 3:23-cv-05345; 3:23-cv-05369; 3:23-cv-05419; 3:23-cv-05439; 3:23-cv-05464; 3:23-cv-05541; 3:23-cv-05548; 3:23-cv-05565; 3:23-cv-05635; 3:23-cv-05677; 3:23-cv-05717; 3:23-cv-05768; 3:23-cv-05779; 4:23-cv-06481; 3:23-cv-05980; 5:23-cv-06205; 3:23-cv-06698; 5:23-cv-06719<br><br>[Assigned for all purposes to the Honorable Edward M. Chen]<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ("JPML")**<br><br>Date:         February 22, 2024<br>Time:        1:30 p.m.<br>Courtroom: 5 |

Defendant 23andMe seeks a stay of all proceedings in at least 30 cases already pending in this Court, to await a ruling on Defendant's JPML motion to transfer and consolidate *all of those same cases to this very Court*. Given that there are only three federal related cases pending outside of this District, it seems unlikely the motion will be granted, but if it is, the likelihood is the litigation will be consolidated here. Defendant argues that staying cases already in this Court pending their transfer back to this Court will promote judicial economy, however, Plaintiffs would be prejudiced by the requested stay (ECF No. 37, the "Motion to Stay"), which would delay their ability to protect their most sensitive personally identifiable information ("PII") and personal genetic information ("PGI"), which continues to be exposed due to 23andMe's alleged data security and privacy shortcomings. Plaintiffs thus urge this Court to deny Defendant's Motion to Stay.

## I. PROCEDURAL BACKGROUND

Plaintiffs are consumers throughout the United States who have filed putative class action lawsuits against 23andMe arising from a breach of their personal information, including "DNA Relative" information, without their authorization. To date, 35 cases have been filed in state and federal courts, 30 of which are pending here in the Northern District of California, most have been related to this Court. The are few cases pending outside of the Northern District of California.[1]

Plaintiffs' complaints generally allege violations of consumer protection and privacy statutes such as California's Unfair Competition Law, Oregon Genetic Privacy Law, the Illinois Genetic Information Privacy Act, as well as common law claims such as negligence, breach of implied contract, and unjust enrichment.

---

[1] *Gill v. 23andMe, Inc.*, Case No. 2:23-cv-10527-FWS-DFM (C.D. Cal.);
*Bacus v. 23andMe, Inc.*, Case No. 1:23-cv-16828-MSS (N.D. Ill.);
*Hu v. 23andMe, Inc.*, Case No. 1:23-cv-17079-RRP (N.D. Ill.);
*Morgenstern v. 23andMe Holding Co., et al.*, Case No. CGC23610816 Superior Court for the City and County of San Francisco; and
*Vasquez v. 23andMe, Inc.*, Case No. 23CV424996, Superior Court for the County of Santa Clara

The first filed case in this District, *Santana v. 23andMe, Inc.*, No. 3:23-cv-05147-EMC (the "*Santana* Action"), was filed on October 9, 2023. On November 7, 2023, an Initial Case Management Conference was scheduled for January 23, 2024. (ECF No. 14.) Thereafter, over two-dozen cases have been related to the *Santana* Action, and the Initial Case Management Conference was noticed for that same date in all of the related cases. (ECF No. 35.) On December 21, 2023, Defendant moved to transfer and consolidate all litigation pursuant to 28 U.S.C. § 1407 and Rules of Procedure of the United States Judicial Panel on Multi District Litigation ("JPML"), Rule 6.2 (MDL No. 3098, ECF No. 34-1, the "Motion to Transfer"),. The Motion to Transfer is currently pending and may be set for hearing on the JPML's March 2024 calendar. On December 29, 2023, Defendant filed the instant Motion to Stay. On January 5, 2024, the hearing on the Motion to Stay was re-noticed for February 22, 2024 (E.C.F. No. 44), well after the case management conference scheduled for January 23, 2024 (E.C.F. No. 35).

## II.     ARGUMENT

This Court should deny Defendant's Motion to Stay because granting it would prejudice Plaintiffs. Sensitive data including Plaintiffs' genetics and other identifying information has been exposed and is reported for sale on the Dark Net. Plaintiffs continue to have grave concerns about the ongoing violations of their privacy and their safety, as well as whether such security failures may recur. Where, as here, Plaintiffs have important privacy interests at stake, courts in this District and elsewhere have denied stay requests pending a JPML motion. *See, e.g.*, *In re iPhone Application Litig.*, No. 10–CV–05878–LHK, 2011 WL 2149102 , at *1-2; (N.D. Cal. May 31, 2011); *Block v. Equifax, Inc.,* No. 17-CV-05367-BLF, 2017 WL 10573832, at *1-2 (N.D. Cal. Nov. 13, 2017); *Turrett v. JetBlue Airways*, No. CV-036785-RGK (PLAX), 2003 WL 23171693, at *1-2 (C.D. Cal. Dec. 26, 2003).

### A.     This Court Has Broad Discretion to Decide Whether To Grant a Stay.

A court "should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Rule 1.5 of the Rules of Procedure of the JPML provides the "pendency of a motion [] before the Panel

concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Instead, the stay decision is a discretionary one, "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *In re iPhone,* 2011 WL 2149102, at *2 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Defendant bears the burden to show circumstances justify an exercise of that discretion. *See E. Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1085, 1088-89 (N.D. Cal. 2018) (citing *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)). Defendant here has not made the requisite showing.

### B. The Relevant Factors Weigh Strongly Against Granting a Stay

Pending a JPML motion, courts may consider whether a stay would: 1) conserve judicial resources and avoid duplicate litigation; 2) minimize hardship and inequity to the moving party; and 3) prejudice the non-moving party (Plaintiffs). *In re iPhone,* 2011 WL 2149102, at *2.

#### 1. Defendant seeks transfer to this same Court, which negates any argument that actions *already in this Court* should be stayed to promote judicial economy

Defendant argues "interests of judicial economy and efficiency favor a stay of proceedings here pending a transfer ruling by the Judicial Panel on Multidistrict Litigation." Def.'s Mot., at 5. Defendant cites cases which state that "transfer of this matter *to another court* would render redundant the efforts of this Court." *Fuller v. Amerigas Propane, Inc.*, No. 09-2616 THE, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009) (emphasis added). This argument ignores the fundamental fact that Defendant's JPML Motion itself argues that: "The Actions should be consolidated in the Northern District of California." Def.'s Mot. at 13-15. As Defendant itself argues, this Court is the site of the first-filed case, the site where the majority of the actions are currently pending, and the site of Defendant's headquarters, records, principals, and employees. *Id.* Defendant is thus requesting a stay of all the cases filed and related in this Court, pending its request that the JPML transfer these cases to this Court. Such a stay would serve only to delay the proceeding and does not serve judicial economy. Compare *Weaver v. Pfizer, Inc.*, No. 2:14–CV–0818 KJM KJN, 2014 WL 2002212, at *2 (E.D. Cal. May 15, 2014) (noting MDL was in South

Carolina); *Fuller*, 2009 WL 2390358, at *1 (noting JPML motion for transfer to Kansas); *Johnson v. Merck & Co., Inc.*, No. C 05-02881 MHP, 2005 WL 8177461, at *1 (N.D. Cal. Oct. 4, 2005) (noting MDL in Louisiana); *Jennings v. Fresenius USA Inc.*, No. 13-CV-03795-WHO, 2013 WL 5487224, at *1 (N.D. Cal. Oct. 2, 2013) (noting MDL in Massachusetts).

Plaintiffs believe JPML centralization is unlikely, which also weighs against a stay. "[C]entralization under Section 1407 should be the *last solution* after considered review of all other options." *In re Accellion, Inc., Customer Data Security Breach Litig.*, 543 F. Supp. 3d 1372, 1374 (J.P.M.L. 2021) (citing *In re: Alteryx, Inc., Customer Data Security Breach Litig.*, 291 F. Supp. 3d 1377 (J.P.M.L. 2018) (emphasis added)). Where, as here, there are a "small number of involved courts" and it is the "preference of most parties to informally coordinate," JPML consolidation is disfavored. *In re Accellion* at 1373. Here, the overwhelming majority of the cases are already pending in this court, having been related to the first-filed *Santana* action also pending in this Court (ECF Nos. 20, 24, 33, 45, 46, and 49). As coordination by the JPML appears unlikely, a stay should be denied. Rather, the JPML may be more likely to recommend transfer pursuant to 28 U.S.C. § 1404(a), since the out of district cases could have been originally filed in this District due to Defendant's headquarters being located here. *See In re: Gerber Probiotic Prod. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) (explaining "why transfer under Section 1404(a), in particular, is sometimes preferable to centralization" because "transfer under Section 1404(a) . . . can result in a more streamlined action, without the procedural necessity of remand to the transferor court that is required under Section 1407."). Since Defendant has not met its burden to demonstrate judicial economy would derive from a stay of proceedings, this Court should deny the request. *See Sanctuary Covenant,* 354 F. Supp. 3d at 1088-89; *Rivers,* 980 F. Supp. at 1360.

## 2. Defendant would suffer no prejudice from denial of a stay

Defendant argues "hardship and financial burden to 23andMe of litigating the 'same issues' in 'multiple forums' favors the entry of a stay pending transfer by the Judicial Panel on Multidistrict Litigation." Def.'s Mot. at 6. Absent a stay, Defendant claims, "23andMe 'may be forced to re-litigate issues before the MDL'" and denying a stay "would force 23andMe to

engage in unnecessary and redundant pretrial proceedings and motions practice pending transfer to the MDL." *Id.* In other words, Defendant's alleged "prejudice" shares the same considerations as the "judicial economy" factor addressed in the previous section. Where JPML coordination is unlikely—and, even if granted, would land the parties back in this same Court—its argument of hardship based on duplicative proceedings is unavailing. In the unlikely event that either redundant motions or duplicative discovery actually materialize, this Court could postpone deadlines as appropriate without granting a stay. *See Equifax,* 2017 WL 10573832, at *2 (denying stay but continuing all deadlines until after the JPML issues a decision); *see also In re iPhone,* 2011 WL 2149102, at *3-4 (denying stay but limiting discovery pending JPML decision). Defendant would suffer no hardship, financial or otherwise, from denial of stay.

### 3. Ongoing harm to plaintiffs in data and privacy breach cases, as here, constitutes prejudice disfavoring a stay

Risk of imminent, ongoing injury to non-moving-party plaintiffs in data and privacy breach cases can defeat a stay, even where other factors favor a stay. *Equifax,* 2017 WL 10573832, at *1-2; *Terkel v. AT&T Inc.*, Nos. 06 C 2837, 06 C 2680, 2006 WL 1663456, at *1-3 (N.D. Ill. June 9, 2006). A stay would delay Plaintiffs prosecution of their case to learn the parameters of and to address the ongoing and evolving injury. Furthermore, denial of a stay is appropriate where "a simple monetary remedy" is unavailable, as where plaintiffs-victims' harm is invasion of privacy. *See Fuller*, 2009 WL 2390358, at *1 (a stay pending JPML transfer may be proper where there is a "harm that has a simple monetary remedy should a court eventually enter judgment for the Plaintiffs").

In *Equifax*, a case involving claims of invasion of privacy due to a data breach, the court denied defendants' motion to stay pending a JPML transfer decision, even where plaintiffs did not oppose the requested stay. 2017 WL 10573832, at *1. Judge Freeman recognized that "a stay will limit [plaintiffs'] ability to seek immediate relief from the Court in the event that Defendants' conduct in addressing the security breach threatens their interest." *Id.* As the events concerning the alleged data breach were "rapidly evolving, this possibility of harm to Plaintiff

disfavors a stay." *Id.* The court denied the Equifax motion to stay, even though a stay might economize judicial resources. *Id.,* at *2.

Judge Koh in *In re iPhone* also denied a stay pending a JPML motion in matters involving allegations of defendant Apple Inc.'s "continuing to commit[] privacy violations by illegally collecting, using, and distributing iPhone, iPad, and App Store users' personal information." 2011 WL 2149102, at *1. Defendant had filed a JPML motion to transfer cases *into* the Northern District of California. *Id.* Potential prejudice to plaintiffs weighed in favor of denying a stay because "on-going privacy violations" would be "clearly prejudicial to Plaintiffs' interests in a timely resolution of their claims." *Id.*, at *3.

Similarly, in *AT&T*, 2006 WL 1663456, at *1, the court denied defendants' requested stay pending a JPML decision in a case alleging that AT&T unlawfully disclosed personal identifying information to the National Security Agency. Plaintiffs sought temporary injunctive relief over concern that tortious conduct was ongoing and therefore opposed a stay. *Id.* The court denied the stay, even while noting that judicial economy "favors a stay to some extent" given the alleged "significant overlap between this case and the others that have been filed around the country" (*id.*, at *2), because of the countervailing prejudice to plaintiffs. *Id.*, at *2-3. Plaintiffs contended information in which they had a significant statutory privacy interest "has been and is still being disclosed." *Id.* Although the court was not "in a position at this point to assess the merits of the case," the threat of "ongoing irreparable harm, if the Terkel plaintiffs' allegations are shown to be true, is a serious one." *Id.* Because a stay would facilitate ongoing injury, it was denied. Ongoing harm to plaintiffs in data and privacy breach cases therefore constitutes prejudice disfavoring a stay. *See also*, *Turrett,* 2003 WL 23171693, at *1-2 (denying stay pending JPML decision in a case of privacy violation).

The named Plaintiffs and the absent class members will be prejudiced by a stay in the same manner as the data privacy breach victims in *Equifax*, *In re iPhone,* and *AT&T*. Here, injury is evolving and ongoing, as Plaintiffs have suffered from the exposure of extremely sensitive information, and the genealogical information of Plaintiffs and the absent class members now is available on the dark web. This includes DNA Relatives information, which provides a genetic

1 map of Defendant's users who might be related, identified by victims' names, sex, dates of birth,
2 geographical location, and genetic ancestry results.[2] Likewise, hackers obtained predicted
3 relationships with others, the amount of DNA users share with matches, ancestry reports, self-
4 reported locations, ancestor birth locations, family names, and profile pictures.[3]

5      Plaintiffs seek to move forward in this case as expeditiously as possible in order to
6 investigate and mitigate what appears to be expanding harm (as compromised information
7 spreads across the internet) from the unauthorized access to their private information remaining
8 in Defendant's systems.[4] Recurrent and repeated injury is, unfortunately, a real concern here.
9 Once unauthorized access and exfiltration occurred, hackers used Defendant's search feature to
10 find genetic relatives of hacked victims, thereby turning the relatives into victims, and obtaining
11 personal identifying information of entire genetic family trees.[5] At best it remains unclear
12 whether Defendant has initiated sufficient measures to secure its systems against this ongoing
13 threat. The chain of security is only as strong as its weakest link, and Defendant has not proven
14 the ability to protect it.

15      Plaintiffs should have prompt access to the Court to address Defendant's catastrophic
16 data security failure. Case management should be expeditious; proceedings should not be
17 stayed, and discovery should commence in a timely manner. By this approach, Plaintiffs can
18 discover the cause of the breach and understand the extent to which their sensitive information

---

[2] Aaron Katersky, *Connecticut attorney general presses 23andMe for data breach answers*, ABC News, October 31, 2023, https://abcnews.go.com/US/connecticut-attorney-general-presses-23andme-data-breach-answers/story?id=104510476 (Last accessed 1/12/2024.)

[3] Emma Roth, *23andMe admits hackers accessed 6.9 million users' DNA Relatives data*, The Verge, December 4, 2023, https://www.theverge.com/2023/12/4/23988050/23andme-hackers-accessed-user-data-confirmed. (Last accessed 1/12/2024.)

[4] Pieter Arntz, *23andMe says, er, actually some genetic and health data might have been accessed in recent breach*, Malwarebytes Labs, December 4, 2023, https://www.malwarebytes.com/blog/news/2023/12/23andme-says-er-actually-some-genetic-and-health-data-might-have-been-accessed-in-recent-breach. (Last accessed 1/12/2024.)

[5] Emma Roth, *23andMe admits hackers accessed 6.9 million users' DNA Relatives data*, The Verge, December 4, 2023, https://www.theverge.com/2023/12/4/23988050/23andme-hackers-accessed-user-data-confirmed. (Last accessed 1/12/2024.)

remains at risk due to Defendant's security measures. While a stay always means delay, the cost of delay is higher the more serious the underlying injury. Here, a delay of several months is significant to those whose most personal information has been compromised. As delay is prejudicial to Plaintiffs, Defendant cannot meet its burden to justify a stay, and its request should be denied. *See Sanctuary Covenant*, 354 F. Supp. 3d at 1088-89.

## III. CONCLUSION

No countervailing benefits of a stay exist here, especially where the requested transfer order likely would only transfer the cases back to this Court, accomplishing nothing other than unnecessary delay. As the requested stay would prejudice Plaintiffs, by delaying a remedy for and protection against an ongoing invasion of privacy, Plaintiffs request that this Court deny Defendant's motion.

Dated: January 12, 2024     By:     */s/ Gayle M. Blatt*
David S. Casey, Jr., SBN 060768
*dcasey@cglaw.com*
Gayle M. Blatt, SBN 122048
*gmb@cglaw.com*
P. Camille Guerra, SBN 326546
*camille@cglaw.com*
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA  92101
Telephone:   (619) 238-1811
Facsimile:    (619) 544-9232

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C**
Melissa R. Emert (pro hac vice)
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Telephone: (845) 356-2570
Facsimile: (845) 356-4335
memert@kgglaw.com

*Attorneys for Plaintiffs Bonnie Eden, Daniel Pinho, Thomas Seawright And Pamela Zager-Maya*

Sharon J. Zinns (CA SBN 241476)
**ZINNS LAW, LLC**
4243 Dunwoody Club Drive
Suite 104
Atlanta, GA 30350
Telephone: (404) 882-9902
sharon@zinnslaw.com

Maureen M. Brady, MO#55780
Lucy McShane, MO#57957 (Pro hac vice to be filed)
**McShane & Brady, LLC**
1656 Washington Street, Suite 120
Kansas City, MO 64108
Telephone:  (816) 888-8010
Facsimile:  (816) 332-6295
mbrady@mcshanebradylaw.com
lmcshane@mcshanebradylaw.com

*Attorneys for Plaintiffs J.S., J.T., and A.L.*

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
Mona Amini (SBN 296829)
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff Haris Mirza*

**EMPLOYEE JUSTICE LEGAL GROUP, PC**
Saima Ali Gipson, Esq
1001 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 382-2222
Facsimile: (213) 382-2230
sali@ejlglaw.com

*Attorneys for Plaintiffs, Nichole Friend, Aaron Parra, and Mari Rajamin*

John J. Nelson (SBN 317598)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC**
280 S. Beverly Drive
Beverly Hills, CA 90212
Telephone: (858) 209-6941
Facsimile: (858) 209-6941
jnelson@milberg.com

Marc E. Dann (0039425)*
Brian D. Flick (0081605)*
*pro hac vice application forthcoming
**DannLaw**
15000 Madison Avenue
Lakewood, Ohio 44107
(216) 373-0539 phone
(216) 373-0536 facsimile
notices@dannlaw.com

Thomas A. Zimmerman, Jr
Admitted Pro Hac Vice
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
tom@attorneyzim.com

*Counsel for Plaintiffs Alexandra Hoffman, Alexandra Klawitter, and the Proposed Class*

**POULIN | WILLEY | ANASTOPOULO, LLC**
Eric M. Poulin (SBN 298476)
Paul J. Doolittle (*pro hac vice* to be filed)
Blake G. Abbott (*pro hac vice* to be filed)
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Facsimile: (843) 494-5536
eric.poulin@poulinwilley.com
paul.doolittle@poulinwilley.com
blake.abbott@poulinwilley.com

**BOHREN LAW, APC**
John Christian Bohren (SBN: 295292)
8560 West Sunset Boulevard, 4th Floor
West Hollywood, CA 90069
Telephone: 619-433-2803
Facsimile: 800-867-6779
Email:  *yanni@bohrenlaw.com*

*Attorneys for Plaintiff Fralix*

M. Anderson Berry (SBN 262879)
Gregory Haroutunian (SBN 330263)
Brandon P. Jack (SBN 325584)
**CLAYEO C. ARNOLD A PROFESSIONAL CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
aberry@justice4you.com
gharoutunian@justice4you.com
bjack@justice4you.com

*Attorneys for Plaintiff Adriane Farmer and Brianna Sorensen*

Laurence D. King
Matthew B. George
**Kaplan Fox & Kilsheimer LLP**
1999 Harrison Street, Suite 1560
Oakland, California 94612
Telephone: (415) 772-4700
Facsimile: (415) 772.4707
mgeorge@kaplanfox.com

Ben Barnow (*pro hac vice pending*)
Anthony L. Parkhill (*pro hac vice pending*)
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Suite 1630
Chicago, IL 60606
Telephone:  (312) 621-2000
Facsimile: (312) 641-5504
b.barnow@barnowlaw.com
aparkhill@barnowlaw.com

*Attorneys for Plaintiff Schutz and the Proposed Class*

**LOCKRIDGE GRINDAL NAUEN, P.L.L.P.**
Karen Hanson Riebel (pro hac vice)
Kate Baxter-Kauf (pro hac vice)
Maureen Kane Berg (pro hac vice)
100 Washinton Square, Suite 2200
Minneapolis, MN  55401
Telephone:  (612) 339-6900
khriebel@locklaw.com
kmbaxter-kauf@locklaw.com
mkberg@locklaw.com

*Attorneys for Plaintiff Velez*

Rachele R. Byrd (190634)
**WOLF HALDENSTEIN ADLER  FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
byrd@whafh.com

Jon Tostrud (199502)
**TOSTRUD LAW GROUP, PC**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: ( 310) 278-2600
Facsimile: (310) 278-2640
jtostrud@tostrudlaw.com
Erik H. Langeland (*pro hac vice*)

**ERIK H. LANGELAND, P.C**
733 Third Avenue, 16th Floor
New York, NY. 10017
Telephone: (212) 354-6270
elangeland@langelandlaw.com

*Attorneys for Plaintiff Thomas Vickery*

**ROBBINS GELLER RUDMAN & DOWD LLP**
DOROTHY P. ANTULLIS (pro hac vice)
STUART A. DAVIDSON (pro hac vice)
LINDSEY H. TAYLOR (pro hac vice)
NICOLLE B. BRITO
ALEXANDER C. COHEN (pro hac vice)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  (561) 750-3000
Facsimile:  (561) 750-3364

**THE GRANT LAW FIRM, PLLC**
LYNDA J. GRANT (pro hac vice)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Telephone:  (212) 292-4441
Facsimile: (212) 292-4442

**LONGMAN LAW, P.C.**
HOWARD T. LONGMAN (pro hac vice)
354 Eisenhower Parkway, Suite 1800
Livingston, NJ  07039
Telephone:  (973) 994-2315
Facsimile: (973) 994-2319

*Attorneys for Plaintiff John Doe*

**The Sultzer Law Group**
Jason P. Sultzer
270 Madison Avenue, Suite 1800
New York, NY 10016
Telephone: (845) 483-7100
Facsimile: (888) 749-7747
sultzerj@thesultzerlawgroup.com

**LEVIN SEDRAN & BERMAN**
Charles E. Schaffer
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
 cschaffer@lfsblaw.com

*Attorneys for Plaintiff Dube*

**BERMAN TABACCO**
Patrick T. Egan (pro hac vice)
Steven J. Buttacavoli (pro hac vice)
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
pegan@bermantabacco.com
sbuttacavoli@bermantabacco.com

*Attorneys for Plaintiff Molina*

Joseph P. Guglielmo (admitted pro hac vice)
Carey Alexander (admitted pro hac vice)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com

*Attorneys for Plaintiffs Scott, DaVeiga, and Beale*

Robert C. Schubert (SBN 62684)
Amber L. Schubert (SBN 278696)
**SCHUBERT JONCKHEER & KOLBE**
2001 Union St Ste 200
San Francisco, CA 94123
Tel: (415) 788-4220
Fax: (415) 788-0161
aschubert@sjk.law

*Attorneys for Plaintiff Polina Ioffe*

AZRA Z. MEHDI (SBN 220406)
**THE MEHDI FIRM, PC**
95 Third Street
2nd Floor #9122
San Francisco, CA 94103
Telephone/Facsimile: (415) 905-8880
 azram@themehdifirm.com

**HERMAN JONES LLP**
John C. Herman (to seek admission pro hac vice)
Candace N. Smith (to seek admission pro hac vice)
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@hermanjones.com
csmith@hermanjones.com

*Counsel for Plaintiffs Kristen Rivers et al.*

Christopher L. Springer (SBN 291180)
**KELLER ROHRBACK L.L.P**
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Telephone: (805) 456-1496
Facsimile: (805) 456-1497
cspringer@kellerrohrback.com

Cari Campen Laufenberg (pro hac vice forthcoming)
Gretchen Freeman Cappio (pro hac vice forthcoming)
**KELLER ROHRBACK L.L.P**
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
claufenberg@kellerrohrback.com
gcappio@kellerrohrback.com

*Attorneys for Plaintiff Camie Picha*