OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

Northern District of California

CIVIL MINUTES

**Date:** February 22, 2024  **Time:** 2:38-3:23 (45 M)  **Judge:** EDWARD M. CHEN

**Case No.**: 23-cv-05147-EMC & Related Cases:  3:23-cv-05200-EMC3:23-cv-06481-EMC3:23-cv-05281-EMC3:23-cv-05579-EMC3:23-cv-05178-EMC3:23-cv-05198-EMC3:23-cv-05234-EMC3:23-cv-05259-EMC3:23-cv-05302-EMC3:23-cv-05323-EMC3:23-cv-05332-EMC3:23-cv-05341-EMC3:23-cv-05345-EMC3:23-cv-05369-EMC3:23-cv-05419-EMC3:23-cv-05439-EMC3:23-cv-05464-EMC3:23-cv-05541-EMC3:23-cv-05548-EMC3:23-cv-05565-EMC3:23-cv-05635-EMC3:23-cv-05677-EMC3:23-cv-05717-EMC3:23-cv-05768-EMC3:23-cv-05779-EMC3:23-cv-05980-EMC3:23-cv-06205-EMC3:23-cv-06698-EMC3:23-cv-06719-EMC3:24-cv-00487-EMC3:24-cv-00555-EMC

**Case Name:**  Santana v. 23andMe, Inc.

**Related Case Name**:  Eden v. 23andMe, Inc.; Rivers et al.v. 23andMe; Navarro et al v. 23andMe; Schutz v. 23and Me; Lamons v. 23andMe; Lamons v. 23andMe; Andrizzi v. 23andMe; J.S., et al v. 23andMe; Mirza v. 23andMe; Greenberg v. 23andMe; Friend v. 23andMe; Hoffman v. 23andMe; Farmer v. 23andMe; Berman v. 23andMe; Tulchinsky v. 23andMe; Seikel v. 23andMe; Fralix v. 23andMe; Velez v. 23andMe; Alperstein v. 23andMe; Smith v. 23andMe; Furia v. 23andMe; Vickery v. 23andMe; Sorensen v. 23andMe; Doe v. 23andMe; Dube v. 23andMe; Molina v. 23andMe; Scott v. 23andMe; Ioffe v. 23andMe; Paddy v. 23andMe; Picha v. 23andMe; Melvin v. 23andMe; MacMillan v. 23andMe

**Attorney for Plaintiff:** Cari Laufenberg, Gayle Blatt, Hazzan Zavareei, J. Eli Wade-Scott, Carey Alexander, Sharon Zinns, Maureen Brady, Norman Siegal, Matthew George, Michael Reese, Mona Amini, Yana Hart, Charles Schaffer, Daniel Srourian, Anderson Barry, Steven Buttacavoli, Saima Ali Gipson, Maureen Berg.

**Attorney for Defendant:** Ian Ballon, Rebekah Guyon.

**Deputy Clerk:** Karen Hom             **Court Reporter:** Rhonda Aquilina

PROCEEDINGS

Motion to Stay Proceeding Pending Transfer by the Judicial Panel on MDL [dkt 37] -Held.

## SUMMARY

23andMe's motion for a stay pending a decision by the JPML is granted. This ruling, however, does not preclude a plaintiff from moving for relief from the stay should, *e.g.*, an urgent matter arise.

The Court rejects the *Melvin* plaintiffs' suggestion that a stay should be denied because of 23andMe's alleged sale of genetic information. They have failed to show that there is a nexus between that conduct and the alleged misconduct at issue in the pending suits as framed by the complaints (*i.e.*, the data breach).

The Court also rejects any suggestion that the Court should engage in the process of appointment of interim counsel before the JPML makes its decision. The JPML hearing is set for March 28, 2024. Engaging in the process of appointment of interim counsel now makes little sense when the JPML hearing is just a month (approximately) away and there are a number of cases with counsel who are not formally before this Court.

The Court emphasized that all parties should be expected to proceed expeditiously once the JPML does render its decision and if the consolidation is ordered and assigned to this Court (*e.g.*, moving forward with appointment of interim counsel, the filing of a consolidated amended complaint, etc.). In order to expedite matters should this Court retain jurisdiction over multiple class actions), the Court agrees with the plaintiffs that it would be helpful to set in advance guidelines on motions for appointment of interim counsel.

- A motion to appoint may (but need not) propose a slate of counsel from different firms. Whether counsel come from the same firm or from different firms, the Court encourages a team of diverse attorneys (*e.g.*, years of experience, backgrounds). It would be helpful for motions to appoint to address, *inter alia*, what work has been done in this case specifically and on other data breach or comparable cases, and resources available.
- The motion should explain how work will be allocated among counsel, how duplication of efforts will be minimized, and cost efficiencies maintained.
- The motion should set forth a proposed case plan.
- Any motion to appoint shall be filed within one week after the JPML issues decision. Each motion shall be no longer than 12 pages in length.
- Any response to a motion to appoint shall be filed one week thereafter. Each response shall be no longer than 6 pages in length and shall address any and all motions in a single responsive brief.
- So long as the JPML promptly issues its decision following the March 28 hearing, if the matter is assigned to this Court, the Court expects to have a hearing on the motions to appoint in late April or early May together with an initial CMC.

Finally, the Court notes that its ruling here is predicated on its understanding (as affirmed by 23andMe) that 23andMe has put in place litigation holds and taken the necessary preservation steps to ensure that relevant evidence is not destroyed, whether or not inadvertently.