**POULIN | WILLEY | ANASTOPOULO, LLC**
Eric M. Poulin (California State Bar No. 298476)
    *eric.poulin@poulinwilley.com*
Paul J. Doolittle (*Pro Hac Vice*)
    *paul.doolittle@poulinwilley.com*
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536
*Attorneys for Plaintiff Elaine Fralix*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Monica Santana,<br><br>    Plaintiff.<br><br>    v.<br><br>23ANDME, INC.,<br><br>    Defendant. | Case No.: 3:23-cv-05147-EMC |

# PLAINTIFF'S MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL

## I. INTRODUCTION

Federal Rule of Civil Procedure 23(g)(3) permits the appointment of interim class leadership "to act on behalf of a putative class" where "the action has not yet been certified as a class action." *In re Mercy Health ERISA Litig.*, No. 1:16-cv-441, 2016 WL 8542891, at *2 (S.D. Ohio Dec. 2, 2016) (quoting Fed. R. Civ. P. 23(g)(3)). "Designation of lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery,

and negotiating possible settlements." *Szymczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 1495(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing MANUAL FOR COMPLEX LITIG. § 21.11 (4th ed. 2004)).

Plaintiff respectfully submits this memorandum of law in support of their motion requesting that the Court designate Paul Doolittle as Interim Class Counsel for the consolidated related actions, or alternatively, appointment of Paul Doolittle (Poulin Willey Anastopoulo) as Executive Committee Counsel for this matter.

Plaintiff proposes that Interim Class Counsel assume the responsibility for strategic decisions associated with the prosecution of these consolidated cases (and any subsequently filed consolidated case(s)), in consultation with other firms with matters that are consolidated. As described below, this proposed leadership structure has the support of the Plaintiff and firms involved in this litigation to-date, and it will permit Plaintiff to prosecute this case efficiently and in the best interests of the putative Class. Proposed Interim Class Counsel are experienced with handling class action litigation, especially data breach and privacy cases, and have performed substantial work investigating and litigating these claims. Furthermore, Proposed Interim Class Counsel have the experience, knowledge, and resources to continue to prosecute this action in the putative class's best interests, including substantial experience litigating privacy and data breach class actions.

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of putative class members before determining whether to certify the action as a class action." *Paraggua v. LinkedIn*

*Corp.*, No. 5:12-cv-03088 EJD, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012) (quoting FRCP 23(g)(3)); *Adedipe v. U.S. Bank, Nat'l Ass'n*, Nos. 13-2687 (JNE/JJK), 13 22944 (JNE/JKK), 2014 WL 835174, at *2 (D. Minn. Mar. 4, 2014). Designating lead counsel now as this complex litigation is being organized ensures the protection of the interests of the class in preparing consolidated Complaints, making and responding to motions, conducting discovery, and negotiating possible settlements. *See Wang v. OCZ Tech. Grp.*, Inc., No. C 11-01415 PSG, at *4 (N.D. Cal. June 29, 2011) ("A court should "designate interim counsel during the precertification period if necessary to protect the interests of the putative class.") (citing Fed. R. Civ. P. 23); *Roe v. Arch Coal, Inc.*, No. 4:15-CV-910 (CEJ), 2015 WL 6702288, at *3 (E.D. Mo. Nov. 2, 2015) (finding it in the best interests of the class to appoint interim class counsel even when no other counsel competed for appointment); *Syzmczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing Manual for Complex Litig. § 21.11 (4th ed. 2004).

Determining the appointment of lead class counsel requires the court to consider counsels': "(1) work in identifying and investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources." *Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, No. 17-CV-00123-JST, 2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, 2017) (quoting FRCP 23(g)(1)(A)). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FRCP 23(g)(1)(B). The purpose of this Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." Manual for Complex Litig. § 10.22 (4th Ed. 2005). The ultimate goal is "achieving efficiency

and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also, Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017). Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright et al., Fed. Prac. & Proc. § 1802.3 (3d ed. 2005).

Proposed Interim Co-Lead Counsel satisfy all the requirements for appointment by the Court under FRCP 23(g)(3). PWA attorneys have successfully litigated numerous class actions involving privacy claims on behalf of tens of millions of consumers. Proposed Interim Lead Counsel possess the necessary resources to prosecute this litigation, have the support of the Plaintiff from each of the cases on file, are working together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Because Proposed Interim Lead Counsel have the case-management and complex litigation skills, experience, knowledge of the relevant facts and legal issues, and the extensive resources needed to efficiently prosecute this action on behalf of putative class members, the Court should grant Plaintiff's motion.

**A.     Proposed Interim Class Counsel and Members of the Executive Committee have performed substantial work investigating and litigating the claims.**

Immediately after the public announcement of the data breach, proposed Interim Class Counsel began investigating potential legal claims and remedies for the victims of the breach, including Plaintiff. Those investigations included, among other things: Investigating the facts surrounding the data breach; Interviewing numerous consumers injured by the data breach; Researching legal claims; Drafting

initial pleadings; and Organizing Plaintiff and counsel and consolidating the relevant actions for unified proceedings.

The facts alleged are egregious in terms of the personal information exposed and the not-yet-publicly-announced number of victims. Accordingly, Plaintiff's counsel worked to quickly organize, attempted to address the merits on an expedited basis, and avoided any delay that could be caused by a leadership dispute. Work assignments have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating any duplicity. As such, proposed Interim Class Counsel and Executive Committee Counsel now operate as a cohesive, well-organized group. Indeed, for the work completed following the informal organization of counsel, the only attorneys committing substantive time to an assignment are those necessary for its execution. This ensures that the work is completed efficiently, and the time and expense is well managed. Accordingly, the substantial work and investigation to date described above weigh in favor of appointing proposed Interim Class Counsel pursuant to Rule 23(g)(3) because proposed Interim Class Counsel and members of the Executive Committee are organized, unified, and committed to working together for the best interest of the class.

**B. Proposed Interim Class Counsel and Members of the Executive Committee Have Significant Relevant Experience**

Class counsel will formulate (in consultation with other counsel) and present positions on substantive and procedural issues during the litigation. MANUAL FOR COMPLEX LITIG., § 10.221 ("Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts,

arranging for support services, and seeing that schedules are met."); *see also Hiley*, 2023 WL 2167376, at *2. Accordingly, Plaintiff proposes that the Court designate Paul Doolittle as Lead Counsel or alternatively, an Executive Committee Counsel for this matter.

Paul Doolittle is the Director of the Class Action and Mass Tort Division at Poulin Willey Anastopoulo ("PWA"), a position he has held since 2022. Mr. Doolittle is an experienced trial attorney who has been recognized for his courtroom skills and verdicts. Mr. Doolittle attended the University of South Carolina School of Law for his legal education where he graduated in the top 20% of his class. After law school, Mr. Doolittle worked at Foster & Foster handling a vast array of cases from auto accidents to complex automobile dealer buy/sell transactions. After gaining experience in and out of the courtroom, Mr. Doolittle joined Motley Rice where he eventually became partner. Mr. Doolittle co-chaired the firm's Catastrophic Injury Group, which was started to handle the firm's most complex and high damage cases at the firm. He stills hold the highest verdict ever received in a Minnesota asbestos trial.

Since joining PWA, Mr. Doolittle has taken this vast experience he has gained over the years to help in the most complex actions that currently appear before the courts across this country. Most recently, reflecting his ability to handle complex cases and work well with both Plaintiff and defense counsel, Mr. Doolittle was appointed to the Plaintiff's discovery committee in MDL 3089 In re Recalled Abbott Infant Formula Prods. Liab. Litig., where he led the charge on offensive discovery requests, including interrogatories, requests for production of documents, meet and confers with opposing council, and discovery motion practice. Mr. Doolittle also has substantial experience in the privacy breach field, securing settlements and litigating cases for injured persons in a variety of data breaches. See Prevost et al. v. Roper St. Francis Healthcare, C.A. 2021-CP-1001754.

Mr. Doolittle is blessed with a large staff of other attorneys and support staff at PWA that will assist in the litigation of this action throughout all phases. Mr. Doolittle has shown he can handle the most complex of cases and work alongside some of the biggest players in the litigation field today, including co-counsel to this current action.

**C. Proposed Interim Class Counsel and Executive Committee Counsel have committed, and will continue to commit, the resources necessary to represent the class.**

A court appointing interim class counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(C). Here, Proposed Class Counsel, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the offices. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Proposed Class Counsel and has already demonstrated their commitment to this litigation by devoting substantial resources to prosecuting this action. Proposed Interim Class Counsel will also pay assessments to ensure that adequate funds are available to prosecute this litigation. And, as their firm resumes and counsels' experience indicate, Proposed Interim Class Counsel and the Executive Committee Counsel have the resources to see this litigation through to its conclusion, including trial.

**D.  Other Factors Support Designating Proposed Interim Counsel**

While Rule 23(g)(3) does not dictate exactly when designation of interim class counsel is appropriate, Case law "suggests that such designation is particularly appropriate when multiple putative class actions have been consolidated or are pending before a single court." *Hiley*, 2023 WL 2167376, at *2; *see also Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 409 (S.D. Ohio 2021); *Gamboa*

*v. Ford Motor Co.*, 381 F. Supp. 3d 853 (E.D. Mich. 2019).

Important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. *In re IndyMac ERISA Litig.*, No. CV0804579DDPVBKX, 2008 WL 11343122, at *2 (C.D. Cal. Oct. 7, 2008) (noting that "counsel's ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" is an important consideration when appointing interim counsel) (quoting Manual for Complex Litigation §§ 10.224).

The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the court, all of which are critical to successful management of the litigation. See MANUAL FOR COMPLEX LITIG. § 10.21. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*. Unlike the defense side, the Plaintiff's side of consolidated litigation must quickly and effectively merge together to form an alliance against often well-financed opponents, as is the case here. This process has the potential for disorganization, in-fighting, and inefficiencies. It is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), available at https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("Duke Guidelines"), at 43. Selecting lawyers who have previously worked together has many benefits. They have developed working relationships, know of complimentary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case

1  relative to a leadership committee working together for the first time." *Id*. Here,
2  proposed Interim Class Counsel has previously worked with the other firms that are
3  representing Plaintiff in this matter.

4      Importantly, proposed Interim Class Counsel has not made any agreements
5  with each other with respect to funding, cost-sharing, pooling clients, fees, or any
6  other matter. Proposed Interim Class Counsel understand that they will be required
7  to make contributions to fund the litigation, and they will not accept any third-party
8  funding to do so.

9      While proposed Interim Class Leadership intend to litigate the case zealously,
10 they are fully aware of the Court's expectation that they prosecute the case
11 efficiently and without duplication. To this end, proposed Interim Class Counsel
12 and Executive Committee Counsel have already discussed how best to organize to
13 effectively use its members' diverse skills and unique experiences for the efficient
14 prosecution and management of this litigation, while avoiding unnecessary and
15 duplicative billing.

### IV. CONCLUSION

For the foregoing reasons, this court should appoint attorney Paul Doolittle of PWA as Co-Lead counsel for this action, or alternatively, a members of Plaintiff's Executive Committee.

Dated: April 18, 2024            By: */s/ Paul J. Doolittle*

**POULIN | WILLEY ANASTOPOULO, LLC**
Eric M. Poulin (California State Bar No. 298476)
   *eric.poulin@poulinwilley.com*
Paul J. Doolittle (*Pro Hac Vice*)
   *paul.doolittle@poulinwilley.com*
32 Ann Street

Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536

-AND-

John Christian Bohren (SBN: 295292)
　　*yanni@bohrenlaw.com*
**YANNI LAW, APC**
PO Box 12174
San Diego, CA 92112
Tel: 619-433-2803
Fax: 800-867-6779


*Attorneys for Plaintiff Elaine Fralix*