Carey Alexander (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
calexander@scott-scott.com
jguglielmo@scott-scott.com

*Attorneys for Plaintiffs Scott, DaVeiga, and Beale*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MONICA SANTANA and PAULA KLEYNBURD, individually, and on behalf of all others similarly situated,<br><br>                              Plaintiff(s),<br><br>v.<br><br>23ANDME, INC.<br><br>                              Defendant(s). | MDL No. 3098<br><br>Case No. 3:23-cv-05147-EMC<br><br>Related Cases: 3:23-cv-05200; 3:23-cv-05579; 3:23-cv-05281; 3:23-cv-05178; 3:23-cv-05198; 3:23-cv-05234; 3:23-cv-05259; 3:23-cv-05302; 3:23-cv-05323; 3:23-cv-05332; 3:23-cv-05341; 3:23-cv-05345; 3:23-cv-05369; 3:23-cv-05419; 3:23-cv-05439; 3:23-cv-05464; 3:23-cv-05541; 3:23-cv-05548; 3:23-cv-05565; 3:23-cv-05635; 3:23-cv-05677; 3:23-cv-05717; 3:23-cv-05768; 3:23-cv-05779; 3:23-cv-06698; 3:23-cv-06719; 3:23-cv-06481; 3:23-cv-05980; 3:23-cv-06205; 3:24-cv-00603<br><br>**NOTICE OF MOTION AND MOTION TO APPOINT CAREY ALEXANDER AS STATE/FEDERAL LIAISON COUNSEL**<br><br>Hon. Edward M. Chen<br><br>DATE:  May 2, 2024<br>TIME:  1:30 pm<br>COURTROOM: 5, 17th Fl. |

**PLEASE TAKE NOTICE** that on May 2, 2024, at 1:30 PM, or as otherwise directed, in the courtroom of the Honorable Edward M. Chen of the United States District Court of the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Tracy Scott, Anna DaVeiga, and Emily Beale (collectively, "Plaintiffs") will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 23(g)(3), to appoint Carey Alexander of Scott+Scott Attorneys at Law LLP as State/Federal Liaison Counsel.

This Motion is based on this notice, the accompanying memorandum of law and declaration submitted in support, all records and papers on file in this action, and such other materials and argument as may be presented before or at the hearing.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether, pursuant to Federal Rule of Civil Procedure 23(g), the Court should appoint Carey Alexander of Scott+Scott Attorneys at Law LLP as State/Federal Liaison Counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Pursuant to the Court's February 26, 2024 Minute Entry, ECF No. 78, Plaintiffs respectfully submit this motion to appoint Carey Alexander, a Partner at Scott+Scott Attorneys at Law LLP ("Scott+Scott" or the "Firm"), as State/Federal Liaison Counsel. As an emerging leader in the Plaintiffs' bar and the only attorney to maintain actions against Defendant 23andMe, Inc. ("23andMe") in both state and federal court, Mr. Alexander is ideally suited to serve as State/Federal Liaison Counsel. Mr. Alexander has extensive experience litigating both data breach and data privacy actions and has a track record of working collaboratively with the attorneys who have appeared in this action. He will work tirelessly and commit the resources necessary to ensure that Plaintiffs and the putative classes are afforded the best opportunity for a successful result. For the reasons set forth below, the Court should grant Plaintiffs' motion.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

The unprecedented compromise of personally identifiable information and personal genetic and health information stored by 23andMe has resulted in the filing of dozens of class actions. Beyond the 39 actions that the Judicial Panel on Multidistrict Litigation ("J.P.M.L.") has centralized here, there are at least two actions pending in California state court (the "California State Actions"). The first, *Vasquez v. 23andMe, Inc.*, No. 23CV424996 (Santa Clara Super. Ct.), was filed on October 31, 2023, and is currently pending in Santa Clara Superior Court. *Morgenstern v. 23andMe Holding Co.*, No. 23-610816 (San Francisco Super. Ct.) followed on December 4, 2023, and remains pending in San Francisco County Superior Court. Both California State Actions have been designated by their respective courts as complex and are currently subject to a Petition for Coordination filed by Plaintiffs' counsel. The California State Actions are currently stayed pending decision on the Petition for Coordination, which has been assigned to the Hon. Charles F. Adams in Santa Clara as the Coordination Motion Judge.

## III. LEGAL STANDARD

When weighing leadership applications, the court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); *Newton v. Am. Debt Servs., Inc.*, No. C-11-3228 EMC, 2015 WL 3614197, at *11 (N.D. Cal. June 9, 2015) (Chen, J.). The Court may further consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *Newton,* 2015 WL 3614197, at *11. Where "more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." *Carroll v. Wells Fargo & Co.*, No. 15-CV-02321-EMC, 2016 WL 8678441, at *2 (N.D. Cal. Oct. 7, 2016) (Chen, J.); Fed. R. Civ. P. 23(g)(2). As discussed below, and as further set forth in the accompanying Declaration of Carey Alexander, each factor supports appointing Mr. Alexander as State/Federal Liaison Counsel.

## IV. ARGUMENT

### A. Consistent with the Best Practices Set Forth in the Manual for Complex Litigation, The Court Should Appoint State/Federal Liaison Counsel

Where companion cases are pending in both state and federal court, the Manual for Complex Litigation recommends that the Court appoint liaison counsel to coordinate the state and federal actions. MANUAL FOR COMPLEX LITIGATION (Fourth) §§ 20.311-13 (2004) (the "Manual"). The Manual stresses that the "need to coordinate is especially acute where overlapping or multiple identical class actions are filed in more than one court." *Id*. Because "[c]oordination is easier when counsel for some or all of the parties in the related actions have the same counsel," the Manual recommends that when "appointing lead or liaison counsel or otherwise organizing counsel," the Court "consider including attorneys from jurisdictions with cases that may need to be coordinated with either class action or multidistrict litigation." *Id.* "Having some overlapping membership among counsel in state and federal cases facilitates cooperation by establishing channels of communication." *Id.* at §20.313.

2

1    23andMe has confirmed that the California State Actions "will not be removed to federal court, because their classes consist exclusively of, and are limited to, California citizens, so there is no diversity of citizenship and thus no basis for removal under CAFA." Memorandum of Law in Support of Motion for Transfer and Consolidation of 23andMe, Inc. Litigation Pursuant To 28 U.S.C. §1407, *In Re: 23andMe, Inc., Customer Data Security Breach Litigation*, MDL No. 3098 (J.P.M.L. Dec. 21, 2023), ECF No. 1-1 at 7 n.1. Coordination between this action and the California State Actions will thus be necessary.

Because the California State Actions, like the actions pending before this Court, are styled as class actions, coordination should begin immediately to avoid a race to the certification hearing. *See* Dianne M. Nast, Managing Mass Tort Cases, 1 Sedona Conf. J. 43, 50–51 (2000). Indeed, this Court has previously recognized the importance of coordination among parties with distinct interests and positions when appointing leadership. Pretrial Order No. 3, *In re: Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litig.*, No. 3:17-MD-2777-EMC, ECF No. 173 (N.D. Cal. June 19, 2017) (Chen, J.) (appointing Government Coordinating Counsel).

Appointing State/Federal Liaison Counsel here would help secure the just, speedy, and inexpensive determination of this action and the California State Actions by allowing for a myriad of benefits that flow from coordination, including the negotiation of common protective orders and scheduling orders; the establishment of a common document repositories; and jointly captioned depositions and discovery requests. The benefits of close coordination between this action and the California State Actions will thus help ensure that duplication of efforts will be minimized and cost efficiencies will be maintained across all actions.

Thus, consistent with the best practices recommended by the Manual, the Court should appoint a State/Federal Liaison Counsel.

### B. Mr. Alexander Is Best Able to Serve as State/Federal Liaison Counsel and Has Already Performed Significant Work to Advance Both This Case and the California State Actions

Mr. Alexander's specific efforts to advance both this action and the California State Actions demonstrate that he is best able to serve as State/Federal Liaison Counsel.

3

In particular:

- Mr. Alexander is the only attorney to maintain actions against 23andMe in both state and federal court. By bringing actions against 23andMe in both state and federal court, Mr. Alexander has helped ensure that claims against 23andMe will proceed regardless of any challenge to Plaintiffs' Article III standing that 23andMe might assert.[1]

- Mr. Alexander took the lead to organize and advance the California State Actions. Mr. Alexander filed a Petition for Coordination to the Chair of California's Judicial Council to ensure that the California State Actions would be centralized before a single judge to allow for coordination with this action. In *Morgenstern*, in addition to drafting an initial Joint Case Management Statement, Mr. Alexander drafted and served 23andMe with Form Interrogatories, Special Interrogatories, Requests for Production of Documents, and Requests for Admission, and met and conferred with Defendants regarding their responses.

- Mr. Alexander was the only Plaintiffs' attorney supporting centralization to argue before the Judicial Panel on Multidistrict Litigation. While many attorneys chose not to submit briefs supporting or opposing consolidation,[2] Mr. Alexander submitted a brief in support of centralization and was chosen by his colleagues as the only Plaintiffs' attorney to argue in favor of centralization at the Panel's March 28, 2024 hearing.

In addition to these specific efforts, Mr. Alexander has also worked collaboratively with the other attorneys in this action, many of whom Mr. Alexander has successfully worked with on

---

[1]   23andMe has confirmed that it is reserves the right to challenge Article III standing.

[2]   Of the 39 actions consolidated by the JPML, Plaintiffs in only 15 actions submitted briefs either in support of or opposition to centralization. Transfer Order, *In re: 23andMe, Inc., Customer Data Security Breach Litigation*, MDL No. 3098, ECF No. 89 at 1 (J.P.M.L. April 11, 2024) ("Plaintiffs in six actions and one potentially related action support the motion. Plaintiffs in six actions and two potentially related actions oppose the motion….").

1 other matters, to efficiently advance this action.³  Mr. Alexander actively participated in early
2 mediation with 23andMe and helped draft the initial Joint Case Management Statement submitted
3 to the Court.  ECF No. 54.
4       These efforts collectively demonstrate that Mr. Alexander is best able to serve as
5 State/Federal Liaison Counsel in this action.

      **C.**      **Mr. Alexander Has Extensive Experience Litigating Data Breach and Data Privacy Class Actions**

8       Since joining the bar in 2014, Mr. Alexander's practice has consisted exclusively of
9 litigating high-profile consumer class actions with a focus on data breach and data privacy actions.
10       Judge Castel of New York's Southern District specifically commended Mr. Alexander and
11 his colleagues for their "extensive experience in litigating data breach class actions in federal
12 courts." Transcript re Conference, *Ark. Fed. Credit Union v. Hudson's Bay Co.*, No. 1:19-cv-
13 04492-PKC (S.D.N.Y.) (Castel, J.), ECF No. 110 at 18 (Dec. 18, 2021) (settlement valued at $5.1
14 million on behalf of nationwide class of financial institutions involving breach of payment card
15 data).  That extensive experience includes service on the Interim Executive Committee prosecuting
16 *In re Shields Health Care Group Inc. Data Breach Litig.*, No. 1:22-cv-10901 (D. Mass.) (Saris,
17 J.), a data breach action brought on behalf of several million patients whose private health
18 information was compromised, and service as a member of the Plaintiffs' Coordination and
19 Discovery Committee that prosecuted *In re: Equifax, Inc., Customer Data Sec. Breach Litig.*, MDL
20 No. 1:17-md-02800 (N.D. Ga.) (Thrash, J.) (settlement valued at $32.5 million on behalf of a
21 nationwide class of financial institutions), where Mr. Alexander worked with multiple firms to
22 coordinate pretrial discovery involving more than 40 financial institutions and associations.
23       Mr. Alexander also has extensive experience litigating data privacy actions.  He currently
24 serves as Interim Co-Lead Class Counsel in *Alves v. BJ's Wholesale Club, Inc.*, No. 2284CV02509
25 (Mass. Super. Ct.) (Krupp, J.), a data privacy action challenging the surreptitious collection of

---

³     Plaintiffs accordingly take no position regarding who should serve as lead or co-lead counsel or as part of a steering committee.

1  electronic communications in violation of state privacy statutes. Mr. Alexander also serves as part
2  of the appointed leadership steering the consolidated MDLs *In re BPS Direct, LLC, and Cabela's,*
3  *LLC, Wiretapping Litig.*, No. 2:23-md-03074 (E.D. Pa.) (Kearney, J.), and *In re TikTok Inc. In*
4  *App Browser Privacy Litig.*, No. 1:24-cv-02110 (N.D. Ill.) (Pallmeyer, J.), which challenge similar
5  pervasive electronic eavesdropping practices.

6        Mr. Alexander's work prosecuting complex class actions has consistently generated
7  substantive results for the classes he has represented, including in: *Luca v. Wyndham Hotel Grp.,*
8  *LLC*, 2:16-cv-00746-MRH (W.D. Pa.) (Hornack, J.) (challenge to resort fees brought under state
9  consumer protection laws settled on nationwide basis for $7.6 million); *Morrow v. Ann, Inc.*,
10 No. 1:16-cv-03340-JPO (S.D.N.Y.) (Oetken, J.) (nationwide settlement of deceptive pricing
11 claims brought on behalf of consumers valued at $7.1 million); and *In re Intuit Data Litig.*,
12 No. 5:15-cv-01778-EJD (N.D. Cal.) (Davila, J.) (nationwide injunctive relief secured on behalf of
13 consumers aggrieved by the opening of fake accounts and filing of fraudulent federal and state tax
14 returns). Mr. Alexander's work has generated precedent-setting decisions, including as part of the
15 team that litigated *Briseno v. ConAgra Foods, Inc.*, in which the Ninth Circuit Court of Appeals
16 held that class representatives are not required to demonstrate that there is an administratively
17 feasible way to determine class membership. 844 F.3d 1121, 1125 (9th Cir. 2017).

18       Mr. Alexander's extensive experience is particularly notable as a younger attorney who
19 has only recently begun to serve in the leadership of MDLs. The literature confirms that "having
20 a mix of experienced and new players enhances creativity and innovation, leads to better decision-
21 making and problem solving, and promotes discussion of novel concepts raised by those who
22 historically have not been in leadership." Bolch Judicial Institute, Duke Law School, Guidelines
23 and Best Practices for Large and Mass Tort MDLs, at 46 (2d ed., Sept. 2018) ("Duke Guidelines"),
24 available at https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch.
25 Beyond providing the benefits of coordination with the California State Actions, Mr. Alexander's
26 relative youth has the potential to contribute different ways of thinking to the leadership structure,
27 which can generate better results for the putative classes.

28

Finally, Mr. Alexander's professional background makes him uniquely suited to serve in the leadership of this action. As a former professional blogger who hand-coded posts in HTML, Mr. Alexander has a comfort with technical matters that has proven invaluable when navigating complex data breach and data privacy actions. Mr. Alexander's interest in new technology matters is reflected beyond Mr. Alexander's docket through service as a representative to the New York City Bar Association's Task Force on Digital Technologies and as an observer to the Uniform Law Commission and American Law Institute's Joint Committee on the Uniform Commercial Code and Emerging Technologies.

Mr. Alexander is thus well-qualified to represent the interests of the putative classes and to serve as State/Federal Liaison Counsel in this action.

**D.     Scott+Scott Has the Resources to Ensure the Successful Prosecution of This Action**

Beyond Mr. Alexander's experience, a leadership role in this case would allow him to leverage the resources of Scott+Scott, a highly regarded international class action firm with over 100 U.S.-based attorneys, plus in-house investigators and e-discovery support staff. As set forth in Mr. Alexander's accompanying declaration, Scott+Scott has been responsible for achieving substantial class recoveries in some of the most complex and high-profile data privacy class actions. A recent example of the Firm's commitment and capacity to litigate complex class actions is shown in *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 1:13-cv-07789-LGS (S.D.N.Y), where the Firm was co-lead counsel and brought claims against more than a dozen global financial institutions. After nine years dedicated to prosecuting the case, the Firm obtained class settlements nearing $2.3 billion. The Court can thus expect the Firm to commit the resources necessary to successfully resolve this action and secure a meaningful recovery for the putative classes.

**CONCLUSION**

For the foregoing reasons, Mr. Alexander respectfully requests that the Court appoint him as State/Federal Liaison Counsel.

Dated:  April 18, 2024

Respectfully Submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 */s/ Carey Alexander*
Carey Alexander (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
calexander@scott-scott.com
jguglielmo@scott-scott.com

Mark N. Todzo (Bar No. 168389)
Patrick R. Carey (Bar No. 308623)
Meredyth L. Merrow (Bar No. 328337)
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com

*Attorneys for Plaintiffs Scott, DaVeiga, and Beale*
No. 3:23-cv-05980-EMC

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.


      */s/ Carey Alexander*
      Carey Alexander