# EXHIBIT 1

# FIRM RESUME

**Robbins Geller**
**Rudman & Dowd** LLP

# TABLE OF CONTENTS

Introduction

Practice Areas and Services

Consumer Fraud and Privacy..............................................................................   2
Antitrust..............................................................................................................   6

Prominent Cases, Precedent-Setting Decisions, and Judicial Commendations

Prominent Cases..................................................................................................   8
Precedent-Setting Decisions...............................................................................   14
Additional Judicial Commendations...................................................................   18

# INTRODUCTION

Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm") is a 200-lawyer firm with offices in Boca Raton, Chicago, Manhattan, Melville, Nashville, San Diego, San Francisco, Philadelphia, Washington, D.C., and Wilmington (www.rgrdlaw.com).  The Firm is actively engaged in complex litigation, emphasizing securities, consumer, antitrust, insurance, healthcare, human rights, and employment discrimination class actions.  The Firm's unparalleled experience and capabilities in these fields are based upon the talents of its attorneys, who have successfully prosecuted thousands of class action lawsuits and numerous individual cases, recovering billions of dollars.

This successful track record stems from our experienced attorneys, including many who came to the Firm from federal or state law enforcement agencies.  The Firm also includes several dozen former federal and state judicial clerks.

The Firm is committed to practicing law with the highest level of integrity in an ethical and professional manner.  We are a diverse firm with lawyers and staff from all walks of life.  Our lawyers and other employees are hired and promoted based on the quality of their work and their ability to treat others with respect and dignity.

We strive to be good corporate citizens and work with a sense of global responsibility.  Contributing to our communities and environment is important to us.  We often take cases on a *pro bono* basis and are committed to the rights of workers, and to the extent possible, we contract with union vendors.  We care about civil rights, workers' rights and treatment, workplace safety, and environmental protection. Indeed, while we have built a reputation as the finest securities and consumer class action law firm in the nation, our lawyers have also worked tirelessly in less high-profile, but no less important, cases involving human rights and other social issues.

# PRACTICE AREAS AND SERVICES

## Consumer Fraud and Privacy

In our consumer-based economy, working families who purchase products and services must receive truthful information so they can make meaningful choices about how to spend their hard-earned money. When financial institutions and other corporations deceive consumers or take advantage of unequal bargaining power, class action suits provide, in many instances, the only realistic means for an individual to right a corporate wrong.

Robbins Geller attorneys represent consumers around the country in a variety of important, complex class actions. Our attorneys have taken a leading role in many of the largest federal and state consumer fraud, environmental, human rights, and public health cases throughout the United States. The Firm is also actively involved in many cases relating to banks and the financial services industry, pursuing claims on behalf of individuals victimized by abusive telemarketing practices, abusive mortgage lending practices, market timing violations in the sale of variable annuities, and deceptive consumer credit lending practices in violation of the Truth-In-Lending Act. Below is a sampling of our current and prior consumer cases:

- ***In re Nat'l Prescription Opiate Litig.*** Robbins Geller serves on the Plaintiffs' Executive Committee to spearhead more than 2,900 federal lawsuits brought on behalf of governmental entities and other plaintiffs in the sprawling litigation concerning the nationwide prescription opioid epidemic. In reporting on the selection of the lawyers to lead the case, *The National Law Journal* reported that "[t]he team reads like a 'Who's Who' in mass torts."

- ***In re Facebook Biometric Info. Privacy Litig.,*** No. 3:15-cv-03747 (N.D. Cal.). Robbins Geller served as co-lead class counsel in a cutting-edge certified class action, securing a record-breaking $650 million all-cash settlement, the largest privacy settlement in history. The case concerned Facebook's alleged privacy violations through its collection of its users' biometric identifiers without informed consent through its "Tag Suggestions" feature, which uses proprietary facial recognition software to extract from user-uploaded photographs the unique biometric identifiers (*i.e.*, graphical representations of facial features, also known as facial geometry) associated with people's faces and identify who they are. The Honorable James Donato called the settlement "a groundbreaking settlement in a novel area" and praised the unprecedented 22% claims rate as "pretty phenomenal" and "a pretty good day in class settlement history."

- ***Apple Inc. Device Performance Litigation***. Robbins Geller serves on the Plaintiffs' Executive Committee to advance judicial interests of efficiency and protect the interests of the proposed class in the *Apple* litigation. The case alleges Apple misrepresented its iPhone devices and the nature of updates to its mobile operating system (iOS), which allegedly included code that significantly reduced the performance of older-model iPhones and forced users to incur expenses replacing these devices or their batteries.

- ***In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*** Robbins Geller served as co-lead class counsel in a case against Mylan Pharmaceuticals and Pfizer alleging anti-competitive behavior that allowed the price of ubiquitous, life-saving EpiPen auto-injector devices to rise over 600%, resulting in inflated prices for American families. Two settlements totaling $609 million were reached after five years of litigation and weeks prior to trial.

- ***Cordova v. Greyhound Lines, Inc.*** Robbins Geller represented California bus passengers *pro bono* in

a landmark consumer and civil rights case against Greyhound for subjecting them to discriminatory immigration raids. Robbins Geller achieved a watershed court ruling that a private company may be held liable under California law for allowing border patrol to harass and racially profile its customers. The case heralds that Greyhound passengers do not check their rights and dignity at the bus door and has had an immediate impact, not only in California but nationwide. Within weeks of Robbins Geller filing the case, Greyhound added "know your rights" information to passengers to its website and on posters in bus stations around the country, along with adopting other business reforms.

- *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.* As part of the Plaintiffs' Steering Committee, Robbins Geller reached a series of settlements on behalf of purchasers, lessees, and dealers that total well over $17 billion, the largest settlement in history, concerning illegal "defeat devices" that Volkswagen installed on many of its diesel-engine vehicles. The device tricked regulators into believing the cars were complying with emissions standards, while the cars were actually emitting between 10 and 40 times the allowable limit for harmful pollutants.

- *Yahoo Data Breach Class Action.* Robbins Geller helped secure final approval of a $117.5 million settlement in a class action lawsuit against Yahoo, Inc. arising out of Yahoo's reckless disregard for the safety and security of its customers' personal, private information. In September 2016, Yahoo revealed that personal information associated with at least 500 million user accounts, including names, email addresses, telephone numbers, dates of birth, hashed passwords, and security questions and answers, was stolen from Yahoo's user database in late 2014. The company made another announcement in December 2016 that personal information associated with more than one billion user accounts was extracted in August 2013. Ten months later, Yahoo announced that the breach in 2013 actually affected all three billion existing accounts. This was the largest data breach in history, and caused severe financial and emotional damage to Yahoo account holders. In 2017, Robbins Geller was appointed to the Plaintiffs' Executive Committee charged with overseeing the litigation.

- *Trump University* (S.D. Cal.). After six and a half years of tireless litigation and on the eve of trial, Robbins Geller secured a historic recovery on behalf of Trump University students around the country. The settlement provides $25 million to approximately 7,000 consumers, including senior citizens who accessed retirement accounts and maxed out credit cards to enroll in Trump University. The extraordinary result means individual class members are eligible for upwards of $35,000 in restitution. The settlement resolves claims that President Donald J. Trump and Trump University violated federal and state laws by misleadingly marketing "Live Events" seminars and mentorships as teaching Trump's "real-estate techniques" through his "hand-picked" "professors" at his so-called "university." Robbins Geller represented the class on a *pro bono* basis.

- *In re Morning Song Bird Food Litig.* Robbins Geller obtained final approval of a settlement in a civil Racketeer Influenced and Corrupt Organizations Act consumer class action against The Scotts Miracle-Gro Company and its CEO James Hagedorn. The settlement of up to $85 million provides full refunds to consumers around the country and resolves claims that Scotts Miracle-Gro knowingly sold wild bird food treated with pesticides that are hazardous to birds. In approving the settlement, Judge Houston commended Robbins Gelller's "skill and quality of work [as] extraordinary" and the case as "aggressively litigated." The Robbins Geller team battled a series of dismissal motions before achieving class certification for the plaintiffs in March 2017, with the court finding that "Plaintiffs would not have purchased the bird food if they knew it was poison." Defendants then appealed the class certification to the Ninth Circuit, which was denied, and then tried to have the claims from non-California class members thrown out, which was also denied.

- **Bank Overdraft Fees Litigation**.  The banking industry charges consumers exorbitant amounts for "overdraft" of their checking accounts, even if the customer did not authorize a charge beyond the available balance and even if the account would not have been overdrawn had the transactions been ordered chronologically as they occurred – that is, banks reorder transactions to maximize such fees.  The Firm brought lawsuits against major banks to stop this practice and recover these false fees.  These cases have recovered over $500 million thus far from a dozen banks and we continue to investigate other banks engaging in this practice.

- **Visa and MasterCard Fees**.  After years of litigation and a six-month trial, Robbins Geller attorneys won one of the largest consumer-protection verdicts ever awarded in the United States.  The Firm's attorneys represented California consumers in an action against Visa and MasterCard for intentionally imposing and concealing a fee from cardholders.  The court ordered Visa and MasterCard to return $800 million in cardholder losses, which represented 100% of the amount illegally taken, plus 2% interest.  In addition, the court ordered full disclosure of the hidden fee.

- **Sony Gaming Networks & Customer Data Security Breach Litigation.**  The Firm served as a member of the Plaintiffs' Steering Committee, helping to obtain a precedential opinion denying in part Sony's motion to dismiss plaintiffs' claims involving the breach of Sony's gaming network, leading to a $15 million settlement.

- **In re Nat'l Hockey League Players' Concussion Injury Litig.**  Robbins Geller serves as co-lead counsel to a putative class of retired NHL players who sustained repetitive head trauma during their careers and now suffer from – or are at an increased risk of suffering from – debilitating and life-changing neurodegenerative diseases, disorders and conditions, including Chronic Traumatic Encephalopathy (or CTE).  Plaintiffs allege that the NHL knew or should have known of the decades of scientific and medical evidence associating brain trauma with long-term neurological problems, and failed to warn their players while fostering an unnecessarily violent game including bare-knuckled fist fighting.

- **In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices, & Prods. Liab. Litig.**  Robbins Geller was appointed to the Plaintiffs' Steering Committee in this case alleging that Fiat Chrysler advertised Jeep and Dodge diesel automobiles as environmentally friendly "EcoDiesel" cars, but in reality the company had installed defeat devices that hid the true emission levels that exceeded government standards.

- **In re FieldTurf Artificial Turf Mktg. & Sales Practices Litig.**  Robbins Geller serves on the Plaintiffs' Executive Committee representing school districts, universities, municipalities and private companies alleging that FieldTurf USA Inc. and its related companies knowingly sold defective synthetic turf for use in athletic fields.

- **Tobacco Litigation**.  Robbins Geller attorneys have led the fight against Big Tobacco since 1991.  As an example, Robbins Geller attorneys filed the case that helped get rid of Joe Camel, representing various public and private plaintiffs, including the State of Arkansas, the general public in California, the cities of San Francisco, Los Angeles, and Birmingham, 14 counties in California, and the working men and women of this country in the Union Pension and Welfare Fund cases that have been filed in 40 states.  In 1992, Robbins Geller attorneys filed the first case in the country that alleged a conspiracy by the Big Tobacco companies.

- **Garment Workers Sweatshop Litigation**.  Robbins Geller attorneys represented a class of 30,000 garment workers who alleged that they had worked under sweatshop conditions in garment

factories in Saipan that produced clothing for top U.S. retailers such as The Gap, Target, and J.C. Penney.  In the first action of its kind, Robbins Geller attorneys pursued claims against the factories and the retailers alleging violations of RICO, the Alien Tort Claims Act, and the Law of Nations based on the alleged systemic labor and human rights abuses occurring in Saipan.  This case was a companion to two other actions, one which alleged overtime violations by the garment factories under the Fair Labor Standards Act and local labor law, and another which alleged violations of California's Unfair Practices Law by the U.S. retailers.  These actions resulted in a settlement of approximately $20 million that included a comprehensive monitoring program to address past violations by the factories and prevent future ones.  The members of the litigation team were honored as Trial Lawyers of the Year by the Trial Lawyers for Public Justice in recognition of the team's efforts at bringing about the precedent-setting settlement of the actions.

- *In re Intel Corp. CPU Mktg., Sales Pracs. & Prods. Liab. Litig.*  Robbins Geller serves on the Plaintiffs' Steering Committee in *Intel*, a massive multidistrict litigation pending in the United States District Court for the District of Oregon.  *Intel* concerns serious security vulnerabilities – known as "Spectre" and "Meltdown" – that infect nearly all of Intel's x86 processors manufactured and sold since 1995, the patching of which results in processing speed degradation of the impacted computer, server or mobile device.

- *Dannon Activia®*.  Robbins Geller attorneys secured the largest ever settlement for a false advertising case involving a food product.  The case alleged that Dannon's advertising for its Activia® and DanActive® branded products and their benefits from "probiotic" bacteria were overstated.  As part of the nationwide settlement, Dannon agreed to modify its advertising and establish a fund of up to $45 million to compensate consumers for their purchases of Activia® and DanActive®.

- *Mattel Lead Paint Toys*.  In 2006-2007, toy manufacturing giant Mattel and its subsidiary Fisher-Price announced the recall of over 14 million toys made in China due to hazardous lead and dangerous magnets.  Robbins Geller attorneys filed lawsuits on behalf of millions of parents and other consumers who purchased or received toys for children that were marketed as safe but were later recalled because they were dangerous.  The Firm's attorneys reached a landmark settlement for millions of dollars in refunds and lead testing reimbursements, as well as important testing requirements to ensure that Mattel's toys are safe for consumers in the future.

- *Tenet Healthcare Cases*.  Robbins Geller attorneys were co-lead counsel in a class action alleging a fraudulent scheme of corporate misconduct, resulting in the overcharging of uninsured patients by the Tenet chain of hospitals.  The Firm's attorneys represented uninsured patients of Tenet hospitals nationwide who were overcharged by Tenet's admittedly "aggressive pricing strategy," which resulted in price gouging of the uninsured.  The case was settled with Tenet changing its practices and making refunds to patients.

- *Pet Food Products Liability Litigation*.  Robbins Geller served as co-lead counsel in this massive, 100+ case products liability MDL in the District of New Jersey concerning the death of and injury to thousands of the nation's cats and dogs due to tainted pet food.  The case settled for $24 million.

# Antitrust

Robbins Geller's antitrust practice focuses on representing businesses and individuals who have been the victims of price-fixing, unlawful monopolization, market allocation, tying, and other anti-competitive conduct. The Firm has taken a leading role in many of the largest federal and state price-fixing, monopolization, market allocation, and tying cases throughout the United States. A sample of current and past antitrust cases includes:

- *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y.). Robbins Geller attorneys, serving as co-lead counsel on behalf of merchants, obtained a settlement amount of $5.54 billion. In approving the settlement, the court noted that Robbins Geller and co-counsel "demonstrated the utmost professionalism despite the demands of the extreme perseverance that this case has required, litigating on behalf of a class of over 12 million for over fourteen years, across a changing legal landscape, significant motion practice, and appeal and remand. Class counsel's pedigree and efforts alone speak to the quality of their representation."

- *Dahl v. Bain Cap. Partners, LLC*, No. 07-cv-12388 (D. Mass). Robbins Geller attorneys served as co-lead counsel on behalf of shareholders in this antitrust action against the nation's largest private equity firms that colluded to restrain competition and suppress prices paid to shareholders of public companies in connection with leveraged buyouts. Robbins Geller attorneys recovered more than $590 million for the class from the private equity firm defendants, including Goldman Sachs Group Inc. and Carlyle Group LP.

- *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-md-2785-DDC-TJJ (D. Kan.). Robbins Geller served as co-lead class counsel in a case against Mylan Pharmaceuticals and Pfizer alleging anti-competitive behavior that allowed the price of ubiquitous, life-saving EpiPen auto-injector devices to rise over 600%, resulting in inflated prices for American families. Two settlements totaling $609 million were reached after five years of litigation and weeks prior to trial.

- *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-cv-07126 (S.D.N.Y.). Robbins Geller attorneys prosecuted antitrust claims against 14 major banks and broker ICAP plc who were alleged to have conspired to manipulate the ISDAfix rate, the key interest rate for a broad range of interest rate derivatives and other financial instruments in contravention of the competition laws. The class action was brought on behalf of investors and market participants who entered into interest rate derivative transactions between 2006 and 2013. Final approval has been granted to settlements collectively yielding $504.5 million from all defendants.

- *In re Liquid Aluminum Sulfate Antitrust Litig.*, MDL No. 2687 (D.N.J.). Robbins Geller was appointed to the Plaintiffs' Steering Committee in litigation alleging a nationwide conspiracy in the liquid aluminum sulfate ("LAS") market, a water-treatment chemical that is purchased for use by various paper mills and public municipalities across the country. The case involves claims that LAS manufacturers participated in a price-fixing and bid-rigging scheme to inflate and maintain prices between 1997 and 2010.

- *In re Currency Conversion Fee Antitrust Litig.*, 01 MDL No. 1409 (S.D.N.Y.). Robbins Geller attorneys served as lead counsel and recovered $336 million for a class of credit and debit cardholders. The court praised the Firm as "indefatigable," noting that the Firm's lawyers "vigorously litigated every issue against some of the ablest lawyers in the antitrust defense bar."

- *In re SSA Bonds Antitrust Litig.*, No. 1:16-cv-03711 (S.D.N.Y.).  Robbins Geller attorneys are serving as co-lead counsel in a case against several of the world's largest banks and the traders of certain specialized government bonds.  They are alleged to have entered into a wide-ranging price-fixing and bid-rigging scheme costing pension funds and other investors hundreds of millions.  To date, three of the more than a dozen corporate defendants have settled for $95.5 million.

- *In re Remicade Antitrust Litig.*, No. 2:17-cv-04326-JCJ (E.D. Pa.).  Robbins Geller serves as sole lead counsel for indirect purchasers in litigation relating to efforts by Johnson & Johnson ("J&J") to thwart competition for its blockbuster drug Remicade, a biologic used for a wide variety of ailments.  Plaintiffs allege J&J engaged in a number of anticompetitive activities, and thwarted Congress' purpose in enacting the Biologics Price Competition and Innovation Act, by, among other things, the imposition of a web of exclusionary contracts on both health insurers and healthcare providers, bundling other J&J products with Remicade, implementing coercive rebate policies, and filing sham patent litigation.

- *In re Aftermarket Auto. Lighting Prods. Antitrust Litig.*, 09 MDL No. 2007 (C.D. Cal.).  Robbins Geller attorneys served as co-lead counsel in this multi-district litigation in which plaintiffs allege that defendants conspired to fix prices and allocate markets for automotive lighting products.  The last defendants settled just before the scheduled trial, resulting in total settlements of more than $50 million.  Commenting on the quality of representation, the court commended the Firm for "expend[ing] substantial and skilled time and efforts in an efficient manner to bring this action to conclusion."

- *Microsoft I-V Cases*, JCCP No. 4106 (Cal. Super. Ct., San Francisco Cnty.).  Robbins Geller attorneys served on the executive committee in these consolidated cases in which California indirect purchasers challenged Microsoft's illegal exercise of monopoly power in the operating system, word processing, and spreadsheet markets.  In a settlement approved by the court, class counsel obtained an unprecedented $1.1 billion worth of relief for the business and consumer class members who purchased the Microsoft products.

# PROMINENT CASES, PRECEDENT-SETTING DECISIONS, AND JUDICIAL COMMENDATIONS

## Prominent Cases

Over the years, Robbins Geller attorneys have obtained outstanding results in some of the most notorious and well-known cases, frequently earning judicial commendations for the quality of their representation.

- ***In re Enron Corp. Sec. Litig.***, No. H-01-3624 (S.D. Tex.).  Investors lost billions of dollars as a result of the massive fraud at Enron.  In appointing Robbins Geller lawyers as sole lead counsel to represent the interests of Enron investors, the court found that the Firm's zealous prosecution and level of "insight" set it apart from its peers.  Robbins Geller attorneys and lead plaintiff The Regents of the University of California aggressively pursued numerous defendants, including many of Wall Street's biggest banks, and successfully obtained settlements in excess of ***$7.2 billion*** for the benefit of investors.  ***This is the largest securities class action recovery in history***.

  The court overseeing this action had utmost praise for Robbins Geller's efforts and stated that "[t]he experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country."  *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008).

  The court further commented: "[I]n the face of extraordinary obstacles, the skills, expertise, commitment, and tenacity of [Robbins Geller] in this litigation cannot be overstated.  Not to be overlooked are the unparalleled results, . . . which demonstrate counsel's clearly superlative litigating and negotiating skills."  *Id*. at 789.

  The court stated that the Firm's attorneys "are to be commended for their zealousness, their diligence, their perseverance, their creativity, the enormous breadth and depth of their investigations and analysis, and their expertise in all areas of securities law on behalf of the proposed class."  *Id*.

  In addition, the court noted, "This Court considers [Robbins Geller] 'a lion' at the securities bar on the national level," noting that the Lead Plaintiff selected Robbins Geller because of the Firm's "outstanding reputation, experience, and success in securities litigation nationwide."  *Id*. at 790.

  The court further stated that "Lead Counsel's fearsome reputation and successful track record undoubtedly were substantial factors in . . . obtaining these recoveries."  *Id*.

  Finally, Judge Harmon stated: "As this Court has explained [this is] an extraordinary group of attorneys who achieved the largest settlement fund ever despite the great odds against them."  *Id*. at 828.

- ***Jaffe v. Household Int'l, Inc.***, No. 02-C-05893 (N.D. Ill). As sole lead counsel, Robbins Geller obtained a record-breaking settlement of ***$1.575 billion*** after 14 years of litigation, including a six-week jury trial in 2009 that resulted in a securities fraud verdict in favor of the class.  In 2015, the Seventh Circuit Court of Appeals upheld the jury's verdict that defendants made false or misleading statements of material fact about the company's business practices and financial results, but remanded the case for a new trial on the issue of whether the individual defendants "made" certain false statements, whether those false statements caused plaintiffs' losses, and the amount of

damages.  The parties reached an agreement to settle the case just hours before the retrial was scheduled to begin on June 6, 2016. *The $1.575 billion settlement, approved in October 2016, is the largest ever following a securities fraud class action trial, the largest securities fraud settlement in the Seventh Circuit and the eighth-largest settlement ever in a post-PSLRA securities fraud case.* According to published reports, the case was just the seventh securities fraud case tried to a verdict since the passage of the PSLRA.

In approving the settlement, the Honorable Jorge L. Alonso noted the team's "skill and determination" while recognizing that "Lead Counsel prosecuted the case vigorously and skillfully over 14 years against nine of the country's most prominent law firms" and "achieved an exceptionally significant recovery for the class."  The court added that the team faced "significant hurdles" and "uphill battles" throughout the case and recognized that "[c]lass counsel performed a very high-quality legal work in the context of a thorny case in which the state of the law has been and is in flux."  The court succinctly concluded that the settlement was "a spectacular result for the class."  *Jaffe v. Household Int'l, Inc.*, No. 02-C-5892, 2016 U.S. Dist. LEXIS 156921, at *8 (N.D. Ill. Nov. 10, 2016); *Jaffe v. Household Int'l, Inc.*, No. 02-C-05893, Transcript at 56, 65 (N.D. Ill. Oct. 20, 2016).

- *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658 (D.N.J.).  As sole lead counsel, Robbins Geller attorneys obtained a $1.2 billion settlement in the securities case that *Vanity Fair* reported as "the corporate scandal of its era" that had raised "fundamental questions about the functioning of our health-care system, the nature of modern markets, and the slippery slope of ethical rationalizations."  The settlement resolves claims that defendants made false and misleading statements regarding Valeant's business and financial performance during the class period, attributing Valeant's dramatic growth in revenues and profitability to "innovative new marketing approaches" as part of a business model that was low risk and "durable and sustainable." *Valeant* is the largest securities class action settlement against a pharmaceutical manufacturer and the ninth largest ever.

- *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040 (S.D.N.Y.).  As sole lead counsel, Robbins Geller attorneys zealously litigated the case arising out of ARCP's manipulative accounting practices and obtained a $1.025 billion settlement.  For five years, the litigation team prosecuted nine different claims for violations of the Securities Exchange Act of 1934 and Securities Act of 1933, involving seven different stock or debt offerings and two mergers.  The recovery represents the highest percentage of damages of any major PSLRA case prior to trial and includes the largest personal contributions by individual defendants in history.

In approving the settlement, the Honorable Alvin K. Hellerstein lauded the Robbins Geller litigation team, noting: "My own observation is that plaintiffs' representation is adequate and that the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."

- *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 06-CV-1691 (D. Minn.).  In the *UnitedHealth* case, Robbins Geller represented the California Public Employees' Retirement System ("CalPERS") and demonstrated its willingness to vigorously advocate for its institutional clients, even under the most difficult circumstances.  For example, in 2006, the issue of high-level executives backdating stock options made national headlines.  During that time, many law firms, including Robbins Geller, brought shareholder derivative lawsuits against the companies' boards of directors for breaches of their fiduciary duties or for improperly granting backdated options.  Rather than pursuing a shareholder derivative case, the Firm filed a securities fraud class action against the company on behalf of CalPERS.  In doing so, Robbins Geller faced significant and unprecedented legal

obstacles with respect to loss causation, *i.e.*, that defendants' actions were responsible for causing the stock losses.  Despite these legal hurdles, Robbins Geller obtained an $895 million recovery on behalf of the UnitedHealth shareholders.  Shortly after reaching the $895 million settlement with UnitedHealth, the remaining corporate defendants, including former CEO William A. McGuire, also settled.  McGuire paid $30 million and returned stock options representing more than three million shares to the shareholders.  The total recovery for the class was over $925 million, the largest stock option backdating recovery ever, and *a recovery that is more than four times larger than the next largest options backdating recovery*.  Moreover, Robbins Geller obtained unprecedented corporate governance reforms, including election of a shareholder-nominated member to the company's board of directors, a mandatory holding period for shares acquired by executives via option exercise, and executive compensation reforms that tie pay to performance.

- *Alaska Elec. Pension Fund v. CitiGroup, Inc. (In re WorldCom Sec. Litig.)*, No. 03 Civ. 8269 (S.D.N.Y.).  Robbins Geller attorneys represented more than 50 private and public institutions that opted out of the class action case and sued WorldCom's bankers, officers and directors, and auditors in courts around the country for losses related to WorldCom bond offerings from 1998 to 2001.  The Firm's clients included major public institutions from across the country such as CalPERS, CalSTRS, the state pension funds of Maine, Illinois, New Mexico, and West Virginia, union pension funds, and private entities such as AIG and Northwestern Mutual.  Robbins Geller attorneys recovered more than $650 million for their clients, substantially more than they would have recovered as part of the class.

- *Luther v. Countrywide Fin. Corp.*, No. 12-cv-05125 (C.D. Cal.).  Robbins Geller attorneys secured a $500 million settlement for institutional and individual investors in what is the largest RMBS purchaser class action settlement in history, and one of the largest class action securities settlements of all time.  The unprecedented settlement resolves claims against Countrywide and Wall Street banks that issued the securities.  The action was the first securities class action case filed against originators and Wall Street banks as a result of the credit crisis.  As co-lead counsel Robbins Geller forged through six years of hard-fought litigation, oftentimes litigating issues of first impression, in order to secure the landmark settlement for its clients and the class.

  In approving the settlement, Judge Mariana R. Pfaelzer repeatedly complimented plaintiffs' attorneys, noting that it was "beyond serious dispute that Class Counsel has vigorously prosecuted the Settlement Actions on both the state and federal level over the last six years." Judge Pfaelzer also commented that "[w]ithout a settlement, these cases would continue indefinitely, resulting in significant risks to recovery and continued litigation costs. It is difficult to understate the risks to recovery if litigation had continued."  *Me. State Ret. Sys. v. Countrywide Fin. Corp.*, No. 2:10-CV-00302, 2013 U.S. Dist. LEXIS 179190, at *44, *56 (C.D. Cal. Dec. 5, 2013).

  Judge Pfaelzer further noted that the proposed $500 million settlement represents one of the "largest MBS class action settlements to date.  Indeed, this settlement easily surpasses the next largest . . . MBS settlement."  *Id.* at *59.

- *In re Wachovia Preferred Sec. & Bond/Notes Litig.*, No. 09-cv-06351 (S.D.N.Y.).  In litigation over bonds and preferred securities, issued by Wachovia between 2006 and 2008, Robbins Geller and co-counsel obtained a significant settlement with Wachovia successor Wells Fargo & Company ($590 million) and Wachovia auditor KPMG LLP ($37 million).  *The total settlement – $627 million – is one of the largest credit-crisis settlements involving Securities Act claims and one of the 25 largest securities class action recoveries in history*.  The settlement is also one of the biggest securities class action recoveries arising from the credit crisis.

As alleged in the complaint, the offering materials for the bonds and preferred securities misstated and failed to disclose the true nature and quality of Wachovia's mortgage loan portfolio, which exposed the bank and misled investors to tens of billions of dollars in losses on mortgage-related assets. In reality, Wachovia employed high-risk underwriting standards and made loans to subprime borrowers, contrary to the offering materials and their statements of "pristine credit quality." Robbins Geller served as co-lead counsel representing the City of Livonia Employees' Retirement System, Hawaii Sheet Metal Workers Pension Fund, and the investor class.

- *In re Cardinal Health, Inc. Sec. Litig.*, No. C2-04-575 (S.D. Ohio). As sole lead counsel representing Cardinal Health shareholders, Robbins Geller obtained a recovery of $600 million for investors. On behalf of the lead plaintiffs, Amalgamated Bank, the New Mexico State Investment Council, and the California Ironworkers Field Trust Fund, the Firm aggressively pursued class claims and won numerous courtroom victories, including a favorable decision on defendants' motion to dismiss. *In re Cardinal Health, Inc. Sec. Litigs.*, 426 F. Supp. 2d 688 (S.D. Ohio 2006). At the time, the $600 million settlement was the tenth-largest settlement in the history of securities fraud litigation and is the largest-ever recovery in a securities fraud action in the Sixth Circuit. Judge Marbley commented: "[T]his is an extraordinary settlement relative to all the other settlements in cases of this nature and certainly cases of this magnitude. . . . This was an outstanding settlement. . . . [I]n most instances, if you've gotten four cents on the dollar, you've done well. You've gotten twenty cents on the dollar, so that's been extraordinary. *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-CV-575, Transcript at 16, 32 (S.D. Ohio Oct. 19, 2007). Judge Marbley further stated:

> The quality of representation in this case was superb. Lead Counsel, [Robbins Geller], are nationally recognized leaders in complex securities litigation class actions. The quality of the representation is demonstrated by the substantial benefit achieved for the Class and the efficient, effective prosecution and resolution of this action. Lead Counsel defeated a volley of motions to dismiss, thwarting well-formed challenges from prominent and capable attorneys from six different law firms.

*In re Cardinal Health Inc. Sec. Litigs.*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007).

- *AOL Time Warner Cases I & II*, JCCP Nos. 4322 & 4325 (Cal. Super. Ct., Los Angeles Cnty.). Robbins Geller represented The Regents of the University of California, six Ohio state pension funds, Rabo Bank (NL), the Scottish Widows Investment Partnership, several Australian public and private funds, insurance companies, and numerous additional institutional investors, both domestic and international, in state and federal court opt-out litigation stemming from Time Warner's disastrous 2001 merger with Internet high flier America Online. Robbins Geller attorneys exposed a massive and sophisticated accounting fraud involving America Online's e-commerce and advertising revenue. After almost four years of litigation involving extensive discovery, the Firm secured combined settlements for its opt-out clients totaling over $629 million just weeks before The Regents' case pending in California state court was scheduled to go to trial. The Regents' gross recovery of $246 million is the largest individual opt-out securities recovery in history.

- *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, No. 1:08-cv-07508-SAS-DCF (S.D.N.Y.), and *King County, Washington v. IKB Deutsche Industriebank AG*, No. 1:09-cv-08387-SAS (S.D.N.Y.). The Firm represented multiple institutional investors in successfully pursuing recoveries from two failed structured investment vehicles, each of which had been rated "AAA" by Standard & Poors and Moody's, but which failed fantastically in 2007.  The matter settled just prior to trial in 2013.  This result was only made possible after Robbins Geller lawyers beat back the rating agencies' longtime argument that ratings were opinions protected by the First Amendment.

- *In re HealthSouth Corp. Sec. Litig.*, No. CV-03-BE-1500-S (N.D. Ala.).  As court-appointed co-lead counsel, Robbins Geller attorneys obtained a combined recovery of $671 million from HealthSouth, its auditor Ernst & Young, and its investment banker, UBS, for the benefit of stockholder plaintiffs.   The settlement against HealthSouth represents one of the larger settlements in securities class action history and is considered among the top 15 settlements achieved after passage of the PSLRA.  Likewise, the settlement against Ernst & Young is one of the largest securities class action settlements entered into by an accounting firm since the passage of the PSLRA.  HealthSouth and its financial advisors perpetrated one of the largest and most pervasive frauds in the history of U.S. healthcare, prompting Congressional and law enforcement inquiry and resulting in guilty pleas of 16 former HealthSouth executives in related federal criminal prosecutions.  In March 2009, Judge Karon Bowdre commented in the *HealthSouth* class certification opinion: "The court has had many opportunities since November 2001 to examine the work of class counsel and the supervision by the Class Representatives.  The court finds both to be far more than adequate."  *In re HealthSouth Corp. Sec. Litig.*, 257 F.R.D. 260, 275 (N.D. Ala. 2009).

- *In re Facebook Biometric Info. Privacy Litig.*, No. 3:15-cv-03747 (N.D. Cal.).  Robbins Geller served as co-lead class counsel in a cutting-edge certified class action, securing a record-breaking $650 million all-cash settlement, the largest privacy settlement in history.  The case concerned Facebook's alleged privacy violations through its collection of its users' biometric identifiers without informed consent through its "Tag Suggestions" feature, which uses proprietary facial recognition software to extract from user-uploaded photographs the unique biometric identifiers (*i.e.*, graphical representations of facial features, also known as facial geometry) associated with people's faces and identify who they are.  The Honorable James Donato called the settlement "a groundbreaking settlement in a novel area" and praised the unprecedented 22% claims rate as "pretty phenomenal" and "a pretty good day in class settlement history."

- *In re Dynegy Inc. Sec. Litig.*, No. H-02-1571 (S.D. Tex.).  As sole lead counsel representing The Regents of the University of California and the class of Dynegy investors, Robbins Geller attorneys obtained a combined settlement of $474 million from Dynegy, Citigroup, Inc., and Arthur Andersen LLP for their involvement in a clandestine financing scheme known as Project Alpha.  Given Dynegy's limited ability to pay, Robbins Geller attorneys structured a settlement (reached shortly before the commencement of trial) that maximized plaintiffs' recovery without bankrupting the company.  Most notably, the settlement agreement provides that Dynegy will appoint two board members to be nominated by The Regents, which Robbins Geller and The Regents believe will benefit all of Dynegy's stockholders.

- *Jones v. Pfizer Inc.*, No. 1:10-cv-03864 (S.D.N.Y.).  Lead plaintiff Stichting Philips Pensioenfonds obtained a $400 million settlement on behalf of class members who purchased Pfizer common stock during the January 19, 2006 to January 23, 2009 class period.  The settlement against Pfizer resolves accusations that it misled investors about an alleged off-label drug marketing scheme.  As sole lead counsel, Robbins Geller attorneys helped achieve this exceptional result after five years of hard-fought litigation against the toughest and the brightest members of the securities defense bar by litigating this case all the way to trial.

In approving the settlement, United States District Judge Alvin K. Hellerstein commended the Firm, noting that "[w]ithout the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems.  So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . .  You did a really good job.  Congratulations."

- *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783 (S.D.N.Y.).  As sole lead counsel, Robbins Geller obtained a $272 million settlement on behalf of Goldman Sachs' shareholders.  The settlement concludes one of the last remaining mortgage-backed securities purchaser class actions arising out of the global financial crisis.  The remarkable result was achieved following seven years of extensive litigation.  After the claims were dismissed in 2010, Robbins Geller secured a landmark victory from the Second Circuit Court of Appeals that clarified the scope of permissible class actions asserting claims under the Securities Act of 1933 on behalf of MBS investors.  Specifically, the Second Circuit's decision rejected the concept of "tranche" standing and concluded that a lead plaintiff in an MBS class action has class standing to pursue claims on behalf of purchasers of other securities that were issued from the same registration statement and backed by pools of mortgages originated by the same lenders who had originated mortgages backing the lead plaintiff's securities.

    In approving the settlement, the Honorable Loretta A. Preska of the Southern District of New York complimented Robbins Geller attorneys, noting:

    > Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement, and I will particularly note Professor Miller's declaration in which he details the procedural aspects of the case and then speaks of plaintiffs' counsel's success in the Second Circuit essentially changing the law.

    > I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute.

    > \*        \*        \*

    > Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.

    *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, Transcript at 10-11 (S.D.N.Y. May 2, 2016).

- *Schuh v. HCA Holdings, Inc.*, No. 3:11-cv-01033 (M.D. Tenn.).  As sole lead counsel, Robbins Geller obtained a groundbreaking $215 million settlement for former HCA Holdings, Inc. shareholders – the largest securities class action recovery ever in Tennessee.  Reached shortly before trial was scheduled to commence, the settlement resolves claims that the Registration Statement and Prospectus HCA filed in connection with the company's massive $4.3 billion 2011 IPO contained material misstatements and omissions.  The recovery achieved represents more than 30% of the aggregate classwide damages, far exceeding the typical recovery in a securities class action.  At the hearing on final approval of the settlement, the Honorable Kevin H. Sharp described Robbins Geller attorneys as "gladiators" and commented: "Looking at the benefit obtained, the effort that you had to put into it, [and] the complexity in this case . . .  I appreciate the work that you all have done on this."  *Schuh v. HCA Holdings, Inc.*, No. 3:11-CV-01033, Transcript at 12-13 (M.D. Tenn. Apr. 11, 2016).

- *Silverman v. Motorola, Inc.*, No. 1:07-cv-04507 (N.D. Ill.).  The Firm served as lead counsel on behalf of a class of investors in Motorola, ultimately recovering $200 million for investors just two months before the case was set for trial.  This outstanding result was obtained despite the lack of an SEC investigation or any financial restatement.  In May 2012, the Honorable Amy J. St. Eve of the Northern District of Illinois commented: "The representation that [Robbins Geller] provided to the class was significant, both in terms of quality and quantity."  *Silverman v. Motorola, Inc.*, No. 07 C 4507, 2012 U.S. Dist. LEXIS 63477, at *11 (N.D. Ill. May 7, 2012), *aff'd*, 739 F.3d 956 (7th Cir. 2013).

  In affirming the district court's award of attorneys' fees, the Seventh Circuit noted that "no other law firm was willing to serve as lead counsel.  Lack of competition not only implies a higher fee but also suggests that most members of the securities bar saw this litigation as too risky for their practices." *Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, 958 (7th Cir. 2013).

- *In re AT&T Corp. Sec. Litig.*, MDL No. 1399 (D.N.J.).  Robbins Geller attorneys served as lead counsel for a class of investors that purchased AT&T common stock.  The case charged defendants AT&T and its former Chairman and CEO, C. Michael Armstrong, with violations of the federal securities laws in connection with AT&T's April 2000 initial public offering of its wireless tracking stock, one of the largest IPOs in American history.  After two weeks of trial, and on the eve of scheduled testimony by Armstrong and infamous telecom analyst Jack Grubman, defendants agreed to settle the case for $100 million.  In granting approval of the settlement, the court stated the following about the Robbins Geller attorneys handling the case:

  > Lead Counsel are highly skilled attorneys with great experience in prosecuting complex securities action[s], and their professionalism and diligence displayed during [this] litigation substantiates this characterization.  The Court notes that Lead Counsel displayed excellent lawyering skills through their consistent preparedness during court proceedings, arguments and the trial, and their well-written and thoroughly researched submissions to the Court.  Undoubtedly, the attentive and persistent effort of Lead Counsel was integral in achieving the excellent result for the Class.

  *In re AT&T Corp. Sec. Litig.*, MDL No. 1399, 2005 U.S. Dist. LEXIS 46144, at *28-*29 (D.N.J. Apr. 25, 2005), *aff'd*, 455 F.3d 160 (3d Cir. 2006).

- *In re Dollar Gen. Corp. Sec. Litig.*, No. 01-CV-00388 (M.D. Tenn.).  Robbins Geller attorneys served as lead counsel in this case in which the Firm recovered $172.5 million for investors.  The *Dollar General* settlement was the largest shareholder class action recovery ever in Tennessee.

## Precedent-Setting Decisions

Robbins Geller attorneys operate at the vanguard of complex class action of litigation.  Our work often changes the legal landscape, resulting in an environment that is more-favorable for obtaining recoveries for our clients.

- *Stoyas v. Toshiba Corp.*, 896 F.3d 933 (9th Cir. 2018), *cert. denied*, 588 U.S. __ (2019).  In July 2018, the Ninth Circuit ruled in plaintiffs' favor in the *Toshiba* securities class action.  Following appellate briefing and oral argument by Robbins Geller attorneys, a three-judge Ninth Circuit panel reversed the district court's prior dismissal in a unanimous, 36-page opinion, holding that Toshiba ADRs are a "security" and the Securities Exchange Act of 1934 could apply to those ADRs that were purchased in a domestic transaction.  *Id.* at 939, 949.  The court adopted the Second and Third

Circuits' "irrevocable liability" test for determining whether the transactions were domestic and held that plaintiffs must be allowed to amend their complaint to allege that the purchase of Toshiba ADRs on the over-the-counter market was a domestic purchase and that the alleged fraud was in connection with the purchase.

- ***Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund***, No. 15-1439 (U.S.). In March 2018, the U.S. Supreme Court ruled in favor of investors represented by Robbins Geller, holding that state courts continue to have jurisdiction over class actions asserting violations of the Securities Act of 1933. The court's ruling secures investors' ability to bring Securities Act actions when companies fail to make full and fair disclosure of relevant information in offering documents. The court confirmed that the Securities Litigation Uniform Standards Act of 1998 was designed to preclude securities class actions asserting violations of state law – not to preclude securities actions asserting federal law violations brought in state courts.

- ***Mineworkers' Pension Scheme v. First Solar Inc.***, 881 F.3d 750 (9th Cir. 2018), *cert. denied*, 588 U.S. __ (2019). In January 2018, the Ninth Circuit upheld the district court's denial of defendants' motion for summary judgment, agreeing with plaintiffs that the test for loss causation in the Ninth Circuit is a general "proximate cause test," and rejecting the more stringent revelation of the fraudulent practices standard advocated by the defendants. The opinion is a significant victory for investors, as it forecloses defendants' ability to immunize themselves from liability simply by refusing to publicly acknowledge their fraudulent conduct.

- ***In re Quality Sys., Inc. Sec. Litig.***, No. 15-55173 (9th Cir.). In July 2017, Robbins Geller's Appellate Practice Group scored a significant win in the Ninth Circuit in the *Quality Systems* securities class action. On appeal, a three-judge Ninth Circuit panel unanimously reversed the district court's prior dismissal of the action against Quality Systems and remanded the case to the district court for further proceedings. The decision addressed an issue of first impression concerning "mixed" future and present-tense misstatements. The appellate panel explained that "non-forward-looking portions of mixed statements are not eligible for the safe harbor provisions of the PSLRA . . . . Defendants made a number of mixed statements that included projections of growth in revenue and earnings based on the state of QSI's sales pipeline." The panel then held *both* the non-forward-looking and forward-looking statements false and misleading and made with scienter, deeming them actionable. Later, although defendants sought rehearing by the Ninth Circuit sitting *en banc*, the circuit court denied their petition.

- ***Local 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.***, No. CV-10-J-2847-S (N.D. Ala.). In the *Regions Financial* securities class action, Robbins Geller represented Local 703, I.B. of T. Grocery and Food Employees Welfare Fund and obtained a $90 million settlement in September 2015 on behalf of purchasers of Regions Financial common stock during the class period. In August 2014, the Eleventh Circuit Court of Appeals affirmed the district court's decision to certify a class action based upon alleged misrepresentations about Regions Financial's financial health before and during the recent economic recession, and in November 2014, the U.S. District Court for the Northern District of Alabama denied defendants' third attempt to avoid plaintiffs' motion for class certification.

- ***Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund***, No. 13-435 (U.S.). In March 2015, the U.S. Supreme Court ruled in favor of investors represented by Robbins Geller that investors asserting a claim under §11 of the Securities Act of 1933 with respect to a misleading statement of opinion do not, as defendant Omnicare had contended, have to prove that the statement was subjectively disbelieved when made. Rather, the court held that a statement of opinion may be actionable either because it was not believed, or because it lacked a reasonable basis in fact. This decision is significant in that it resolved a conflict among the federal circuit

courts and expressly overruled the Second Circuit's widely followed, more stringent pleading standard for §11 claims involving statements of opinion.  The Supreme Court remanded the case back to the district court for determination under the newly articulated standard.  In August of 2016, upon remand, the district court applied the Supreme Court's new test and denied defendants' motion to dismiss in full.

- **NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.**, 693 F.3d 145 (2d Cir. 2012).  In a securities fraud action involving mortgage-backed securities, the Second Circuit rejected the concept of "tranche" standing and found that a lead plaintiff has class standing to pursue claims on behalf of purchasers of securities that were backed by pools of mortgages originated by the same lenders who had originated mortgages backing the lead plaintiff's securities.  The court noted that, given those common lenders, the lead plaintiff's claims as to its purchases implicated "the same set of concerns" that purchasers in several of the other offerings possessed.  The court also rejected the notion that the lead plaintiff lacked standing to represent investors in different tranches.

- **In re VeriFone Holdings, Inc. Sec. Litig.**, 704 F.3d 694 (9th Cir. 2012).  The panel reversed in part and affirmed in part the dismissal of investors' securities fraud class action alleging violations of §§10(b), 20(a), and 20A of the Securities Exchange Act of 1934 and SEC Rule 10b-5 in connection with a restatement of financial results of the company in which the investors had purchased stock.

  The panel held that the third amended complaint adequately pleaded the §10(b), §20A, and Rule 10b-5 claims.  Considering the allegations of scienter holistically, as the U.S. Supreme Court directed in *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S 27, 48-49 (2011), the panel concluded that the inference that the defendant company and its chief executive officer and former chief financial officer were deliberately reckless as to the truth of their financial reports and related public statements following a merger was at least as compelling as any opposing inference.

- **Fox v. JAMDAT Mobile, Inc.**, 185 Cal. App. 4th 1068 (2010).  Concluding that Delaware's shareholder ratification doctrine did not bar the claims, the California Court of Appeal reversed dismissal of a shareholder class action alleging breach of fiduciary duty in a corporate merger.

- **In re Constar Int'l Inc. Sec. Litig.**, 585 F.3d 774 (3d Cir. 2009).  The Third Circuit flatly rejected defense contentions that where relief is sought under §11 of the Securities Act of 1933, which imposes liability when securities are issued pursuant to an incomplete or misleading registration statement, class certification should depend upon findings concerning market efficiency and loss causation.

- **Matrixx Initiatives, Inc. v. Siracusano**, 563 U.S 27 (2011), *aff'g* 585 F.3d 1167 (9th Cir. 2009).  In a securities fraud action involving the defendants' failure to disclose a possible link between the company's popular cold remedy and a life-altering side effect observed in some users, the U.S. Supreme Court unanimously affirmed the Ninth Circuit's (a) rejection of a bright-line "statistical significance" materiality standard, and (b) holding that plaintiffs had successfully pleaded a strong inference of the defendants' scienter.

- **Alaska Elec. Pension Fund v. Flowserve Corp.**, 572 F.3d 221 (5th Cir. 2009).  Aided by former U.S. Supreme Court Justice O'Connor's presence on the panel, the Fifth Circuit reversed a district court order denying class certification and also reversed an order granting summary judgment to defendants.  The court held that the district court applied an incorrect fact-for-fact standard of loss causation, and that genuine issues of fact on loss causation precluded summary judgment.

- *In re F5 Networks, Inc., Derivative Litig.*, 207 P.3d 433 (Wash. 2009).  In a derivative action alleging unlawful stock option backdating, the Supreme Court of Washington ruled that shareholders need not make a pre-suit demand on the board of directors where this step would be futile, agreeing with plaintiffs that favorable Delaware case law should be followed as persuasive authority.

- *Lormand v. US Unwired, Inc.*, 565 F.3d 228 (5th Cir. 2009).  In a rare win for investors in the Fifth Circuit, the court reversed an order of dismissal, holding that safe harbor warnings were not meaningful when the facts alleged established a strong inference that defendants knew their forecasts were false.  The court also held that plaintiffs sufficiently alleged loss causation.

- *Institutional Inv'rs Grp. v. Avaya, Inc.*, 564 F.3d 242 (3d Cir. 2009).  In a victory for investors in the Third Circuit, the court reversed an order of dismissal, holding that shareholders pled with particularity why the company's repeated denials of price discounts on products were false and misleading when the totality of facts alleged established a strong inference that defendants knew their denials were false.

- *Alaska Elec. Pension Fund v. Pharmacia Corp.*, 554 F.3d 342 (3d Cir. 2009).  The Third Circuit held that claims filed for violation of §10(b) of the Securities Exchange Act of 1934 were timely, adopting investors' argument that because scienter is a critical element of the claims, the time for filing them cannot begin to run until the defendants' fraudulent state of mind should be apparent.

- *Rael v. Page*, 222 P.3d 678 (N.M. Ct. App. 2009).  In this shareholder class and derivative action, Robbins Geller attorneys obtained an appellate decision reversing the trial court's dismissal of the complaint alleging serious director misconduct in connection with the merger of SunCal Companies and Westland Development Co., Inc., a New Mexico company with large and historic landholdings and other assets in the Albuquerque area.  The appellate court held that plaintiff's claims for breach of fiduciary duty were direct, not derivative, because they constituted an attack on the validity or fairness of the merger and the conduct of the directors.  Although New Mexico law had not addressed this question directly, at the urging of the Firm's attorneys, the court relied on Delaware law for guidance, rejecting the "special injury" test for determining the direct versus derivative inquiry and instead applying more recent Delaware case law.

- *Lane v. Page*, No. 06-cv-1071 (D.N.M. 2012).  In May 2012, while granting final approval of the settlement in the federal component of the Westland cases, Judge Browning in the District of New Mexico commented:

  > Class Counsel are highly skilled and specialized attorneys who use their substantial experience and expertise to prosecute complex securities class actions.  In possibly one of the best known and most prominent recent securities cases, Robbins Geller served as sole lead counsel – *In re Enron Corp. Sec. Litig.*, No. H-01-3624 (S.D. Tex.).  *See* Report at 3.  The Court has previously noted that the class would "receive high caliber legal representation" from class counsel, and throughout the course of the litigation the Court has been impressed with the quality of representation on each side.  *Lane v. Page*, 250 F.R.D. at 647.

*Lane v. Page*, 862 F. Supp. 2d 1182, 1253-54 (D.N.M. 2012).

In addition, Judge Browning stated: "'Few plaintiffs' law firms could have devoted the kind of time, skill, and financial resources over a five-year period necessary to achieve the pre- and post-

Merger benefits obtained for the class here.' . . .  [Robbins Geller is] both skilled and experienced, and used those skills and experience for the benefit of the class [Robbins Geller is] both skilled and experienced, and used those skills and experience for the benefit of the class." *Id*. at 1254.

- ***Luther v. Countrywide Home Loans Servicing LP***, 533 F.3d 1031 (9th Cir. 2008).  In a case of first impression, the Ninth Circuit held that the Securities Act of 1933's specific non-removal features had not been trumped by the general removal provisions of the Class Action Fairness Act of 2005.

- ***In re Gilead Scis. Sec. Litig.***, 536 F.3d 1049 (9th Cir. 2008).  The Ninth Circuit upheld defrauded investors' loss causation theory as plausible, ruling that a limited temporal gap between the time defendants' misrepresentation was publicly revealed and the subsequent decline in stock value was reasonable where the public had not immediately understood the impact of defendants' fraud.

- ***In re WorldCom Sec. Litig.***, 496 F.3d 245 (2d Cir. 2007).  The Second Circuit held that the filing of a class action complaint tolls the limitations period for all members of the class, including those who choose to opt out of the class action and file their own individual actions without waiting to see whether the district court certifies a class – reversing the decision below and effectively overruling multiple district court rulings that *American Pipe* tolling did not apply under these circumstances.

- ***In re Merck & Co. Sec., Derivative & ERISA Litig.***, 493 F.3d 393 (3d Cir. 2007).  In a shareholder derivative suit appeal, the Third Circuit held that the general rule that discovery may not be used to supplement demand-futility allegations does not apply where the defendants enter a voluntary stipulation to produce materials relevant to demand futility without providing for any limitation as to their use.  In April 2007, the Honorable D. Brooks Smith praised Robbins Geller partner Joe Daley's efforts in this litigation:

  > Thank you very much Mr. Daley and a thank you to all counsel.  As Judge Cowen mentioned, this was an exquisitely well-briefed case; it was also an extremely well-argued case, and we thank counsel for their respective jobs here in the matter, which we will take under advisement.  Thank you.

  *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, No. 06-2911, Transcript at 35:37-36:00 (3d Cir. Apr. 12, 2007).

## Additional Judicial Commendations

Robbins Geller attorneys have been praised by countless judges all over the country for the quality of their representation in class-action lawsuits.  In addition to the judicial commendations set forth in the Prominent Cases and Precedent-Setting Decisions sections, judges have acknowledged the successful results of the Firm and its attorneys with the following plaudits:

- On October 5, 2022, at the final approval hearing of the settlement, the Honorable Paul A. Fioravanti, Jr. stated: "The settlement achieved here is, in short, impressive. . . .  This litigation was hard fought.  The issues were complex. . . .  Plaintiffs' lead counsel here are among the most highly respected practitioners in this Court with a reputation for exacting substantial awards for the classes that they represent. . . .  Again, the benefit was outstanding. . . .  Counsel, this was an interesting case.  I know you worked really hard on it.  Fantastic result.  The fee was well deserved." *City of Warren Gen. Emps.' Ret. Sys. v. Roche*, No. 2019-0740-PAF, Transcript at 26-29 (Del. Ch. Oct. 5, 2022).

- On February 4, 2021, in granting final approval of the settlement, the Honorable Mark H. Cohen of the United States District Court for the Northern District of Georgia stated: "Lead Counsel successfully achieved a greater-than-average settlement 'in the face of significant risks.'" Robbins Geller's "hard-fought litigation in the Eleventh Circuit" and "[i]n considering the experience, reputation, and abilities of the attorneys, the Court recognize[d] that Lead Counsel is well-regarded in the legal community, especially in litigating class-action securities cases." *Monroe County Employees' Retirement System v. The Southern Company*, No. 1:17-cv-00241, Order at 8-9 (N.D. Ga. Feb. 4, 2021).

- On December 18, 2020, at the final approval hearing of the settlement, the Honorable Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California commended Robbins Geller, stating: "Counsel performed excellent work in not only investigating and analyzing the core of the issues, but in negotiating and demanding the necessary reforms to prevent malfeasance for the benefit of the shareholders and the consumers. The Court complements counsel for its excellence." *In re RH S'holder Derivative Litig.*, No. 4:18-cv-02452-YGR, Order and Final Judgment at 3 (N.D. Cal. Dec. 18, 2020).

- On October 23, 2020, at the final approval hearing of the settlement, the Honorable P. Kevin Castel of the United States District Court for the Southern District of New York praised the firm, "[Robbins Geller] has been sophisticated and experienced." He also noted that: "[ T]he quality of the representation . . . was excellent. The experience of counsel is also a factor. Robbins Geller certainly has the extensive experience and they were litigating against national powerhouses . . . ." *City of Birmingham Ret. & Relief Sys. v. BRF S.A.*, No. 18 Civ. 2213 (PKC), Transcript at 12-13, 18 (S.D.N.Y. Oct. 23, 2020).

- In May 2020, in granting final approval of the settlement, the Honorable Mark L. Wolf praised Robbins Geller: "[T]he class has been represented by excellent honorable counsel . . . . [T]he fund was represented by experienced, energetic, able counsel, the fund was engaged and informed, and the fund followed advice of experienced counsel. Counsel for the class have been excellent, and I would say honorable."  Additionally, Judge Wolf noted, "I find that the work that's been done primarily by Robbins Geller has been excellent and honorable and efficient. . . .  [T]his has been a challenging case, and they've done an excellent job."  *McGee v. Constant Contact, Inc.*, No. 1:15-cv-13114-MLW, Transcript at 21, 31, 61 (D. Mass. May 27, 2020).

- In December 2019, the Honorable Margo K. Brodie noted in granting final approval of the settlement that "[Robbins Geller and co-counsel] have also demonstrated the utmost professionalism despite the demands of the extreme perseverance that this case has required, litigating on behalf of a class of over 12 million for over fourteen years, across a changing legal landscape, significant motion practice, and appeal and remand. Class counsel's pedigree and efforts alone speak to the quality of their representation."  *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 1:05-md-01720-MKB-JO, Memorandum & Order (E.D.N.Y. Dec. 16, 2019).

- In October 2019, the Honorable Claire C. Cecchi noted that Robbins Geller is "capable of adequately representing the class, both based on their prior experience in class action lawsuits and based on their capable advocacy on behalf of the class in this action."  The court further commended the Firm and co-counsel for "conduct[ing] the [l]itigation . . . with skill, perseverance, and diligent advocacy."  *Lincoln Adventures, LLC v. Those Certain Underwriters at Lloyd's, London Members*, No. 2:08-cv-00235-CCC-JAD, Order at 4 (D.N.J. Oct. 3, 2019); *Lincoln Adventures, LLC v. Those Certain Underwriters at Lloyd's, London Members of Syndicates*, No. 2:08-cv-00235-CCC-JAD, Order Awarding Attorneys' Fees and Expenses/Charges and Service Awards at 3 (D.N.J. Oct. 3, 2019).

- In June 2019, the Honorable T.S. Ellis, III noted that Robbins Geller "achieved the [$108 million] [s]ettlement with skill, perseverance, and diligent advocacy." At the final approval hearing, the court further commended Robbins Geller by stating, "I think the case was fully and appropriately litigated [and] you all did a very good job. . . . [T]hank you for your service in the court. . . . [You're] first-class lawyers . . . ." *Knurr v. Orbital ATK, Inc.*, No. 1:16-cv-01031, Order Awarding Attorneys' Fees and Expenses at 3 (E.D. Va. June 7, 2019); *Knurr v. Orbital ATK, Inc.*, No. 1:16-cv-01031, Transcript at 28-29 (E.D. Va. June 7, 2019).

- In June 2019, in granting final approval of the settlement, the Honorable John A. Houston stated: Robbins Geller's "skill and quality of work was extraordinary . . . . I'll note from the top that this has been an aggressively litigated action." *In re Morning Song Bird Food Litig.*, No. 3:12-cv-01592-JAH-AGS, Transcript at 4, 9 (S.D. Cal. June 3, 2019).

- In May 2019, in granting final approval of the settlement, the Honorable Richard H. DuBois stated: Robbins Geller is "highly experienced and skilled" for obtaining a "fair, reasonable, and adequate" settlement in the "interest of the [c]lass [m]embers" after "extensive investigation." *Chicago Laborers Pension Fund v. Alibaba Grp. Holding Ltd.*, No. CIV535692, Judgment and Order Granting Final Approval of Class Action Settlement at 3 (Cal. Super. Ct., San Mateo Cnty. May 17, 2019).

- In April 2019, the Honorable Kathaleen St. J. McCormick noted: "[S]ince the inception of this litigation, plaintiffs and their counsel have vigorously prosecuted the claims brought on behalf of the class. . . . When Vice Chancellor Laster appointed lead counsel, he effectively said: Go get a good result. And counsel took that to heart and did it. . . . The proposed settlement was the product of intense litigation and complex mediation. . . . [Robbins Geller has] only built a considerable track record, never burned it, which gave them the credibility necessary to extract the benefits achieved." *In re Calamos Asset Mgmt., Inc. S'holder Litig.*, No. 2017-0058-JTL, Transcript at 87, 93, 95, 98 (Del. Ch. Apr. 25, 2019).

- In April 2019, the Honorable Susan O. Hickey noted that Robbins Geller "achieved an exceptional [s]ettlement with skill, perseverance, and diligent advocacy." *City of Pontiac Gen. Emps.' Ret. Sys. v. Wal-Mart Stores, Inc.*, No. 5:12-cv-5162, Order Awarding Attorneys' Fees and Expenses at 3 (W.D. Ark. Apr. 8, 2019).

- In January 2019, the Honorable Margo K. Brodie noted that Robbins Geller "has arduously represented a variety of plaintiffs' groups in this action[,] . . . [has] extensive antitrust class action litigation experience . . . [and] negotiated what [may be] the largest antitrust settlement in history." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 34 (E.D.N.Y. 2019).

- On December 20, 2018, at the final approval hearing for the settlement, the court lauded Robbins Geller's attorneys and their work: "[T]his is a pretty extraordinary settlement, recovery on behalf of the members of the class. . . . I've been very impressed with the level of lawyering in the case . . . and with the level of briefing . . . and I wanted to express my appreciation for that and for the work that everyone has done here." The court concluded, "your clients were all blessed to have you, [and] not just because of the outcome." *Duncan v. Joy Global, Inc.*, No. 16-CV-1229, Transcript at 12, 20-21 (E.D. Wis. Dec. 20, 2018).

- In October 2017, the Honorable William Alsup noted that Robbins Geller and lead plaintiff "vigorously prosecuted this action." *In re LendingClub Sec. Litig.*, No. 3:16-cv-02627-WHA, Order at 13 (N.D. Cal. Oct. 20, 2017).

- On November 9, 2018, in granting final approval of the settlement, the Honorable Jesse M. Furman commented: "[Robbins Geller] did an extraordinary job here. . . . [I]t is fair to say [this was] probably the most complicated case I have had since I have been on the bench. . . . I cannot really imagine how complicated it would have been if I didn't have counsel who had done as admirable [a] job in briefing it and arguing as you have done. You have in my view done an extraordinary service to the class. . . . I think you have done an extraordinary job and deserve thanks and commendation for that." *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 1:14-cv-07126-JMF-OTW, Transcript at 27-28 (S.D.N.Y. Nov. 9, 2018).

- On September 12, 2018, at the final approval hearing of the settlement, the Honorable William H. Orrick of the Northern District of California praised Robbins Geller's "high-quality lawyering" in a case that "involved complicated discovery and complicated and novel legal issues," resulting in an "excellent" settlement for the class. The "lawyering . . . was excellent" and the case was "very well litigated." *In re Lidoderm Antitrust Litig.*, No. 14-MDL-02521-WHO, Transcript at 11, 14, 22 (N.D. Cal. Sept. 12, 2018).

- On March 31, 2017, in granting final approval of the settlement, the Honorable Gonzalo P. Curiel hailed the settlement as "extraordinary" and "all the more exceptional when viewed in light of the risk" of continued litigation. The court further commended Robbins Geller for prosecuting the case on a *pro bono* basis: "Class Counsel's exceptional decision to provide nearly seven years of legal services to Class Members on a *pro bono* basis evidences not only a lack of collusion, but also that Class Counsel are in fact representing the best interests of Plaintiffs and the Class Members in this Settlement. Instead of seeking compensation for fees and costs that they would otherwise be entitled to, Class Counsel have acted to allow maximum recovery to Plaintiffs and Class Members. Indeed, that Eligible Class Members may receive recovery of 90% or greater is a testament to Class Counsel's representation and dedication to act in their clients' best interest." In addition – at the final approval hearing, the court commented that "this is a case that has been litigated – if not fiercely, zealously throughout." *Low v. Trump Univ., LLC*, 246 F. Supp. 3d 1295, 1302, 1312 (S.D. Cal. 2017), *aff'd*, 881 F.3d 1111 (9th Cir. 2018); *Low v. Trump University LLC and Donald J. Trump*, No. 10-cv-0940 GPC-WVG, and *Cohen v. Donald J. Trump*, No. 13-cv-2519-GPC-WVG, Transcript at 7 (S.D. Cal. Mar. 30, 2017).

- In January 2017, at the final approval hearing, the Honorable Kevin H. Sharp of the Middle District of Tennessee commended Robbins Geller attorneys, stating: "It was complicated, it was drawn out, and a lot of work clearly went into this [case] . . . . I think there is some benefit to the shareholders that are above and beyond money, a benefit to the company above and beyond money that changed hands." *In re Community Health Sys., Inc. S'holder Derivative Litig.*, No. 3:11-cv-00489, Transcript at 10 (M.D. Tenn. Jan. 17, 2017).

- In November 2016, at the final approval hearing, the Honorable James G. Carr stated: "I kept throwing the case out, and you kept coming back. . . . And it's both remarkable and noteworthy and a credit to you and your firm that you did so. . . . [Y]ou persuaded the Sixth Circuit. As we know, that's no mean feat at all." Judge Carr further complimented the Firm, noting that it "goes without question or even saying" that Robbins Geller is very well-known nationally and that the settlement is an excellent result for the class. He succinctly concluded that "given the tenacity and the time and the effort that [Robbins Geller] lawyers put into [the case]" makes the class "a lot better off." *Plumbers & Pipefitters Nat'l Pension Fund v. Burns*, No. 3:05-cv-07393-JGC, Transcript at 4, 10, 14, 17 (N.D. Ohio Nov. 18, 2016).

- In September 2016, in granting final approval of the settlement, Judge Arleo commended the "vigorous and skilled efforts" of Robbins Geller attorneys for obtaining "an excellent recovery." Judge Arleo added that the settlement was reached after "contentious, hard-fought litigation" that ended with "a very, very good result for the class" in a "risky case." *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin., Inc.*, No. 2:12-cv-05275-MCA-LDW, Transcript of Hearing at 18-20 (D.N.J. Sept. 28, 2016).

- In August 2015, at the final approval hearing for the settlement, the Honorable Karen M. Humphreys praised Robbins Geller's "extraordinary efforts" and "excellent lawyering," noting that the settlement "really does signal that the best is yet to come for your clients and for your prodigious labor as professionals. . . .   I wish more citizens in our country could have an appreciation of what this [settlement] truly represents." *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH, Transcript at 8, 25 (D. Kan. Aug. 12, 2015).

- In August 2015, the Honorable Judge Max O. Cogburn, Jr. noted that "plaintiffs' attorneys were able [to] achieve the big success early" in the case and obtained an "excellent result."   The "extraordinary" settlement was because of "good lawyers . . . doing their good work." *Nieman v. Duke Energy Corp.*, No. 3:12-cv-456, Transcript at 21, 23, 30 (W.D.N.C. Aug. 12, 2015).

- In July 2015, in approving the settlement, the Honorable Douglas L. Rayes of the District of Arizona stated: "Settlement of the case during pendency of appeal for more than an insignificant amount is rare.   The settlement here is substantial and provides favorable recovery for the settlement class under these circumstances."   He continued, noting, "[a]s against the objective measures of . . . settlements [in] other similar cases, [the recovery] is on the high end." *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, No. 2:06-cv-02674-DLR, Transcript at 8, 11 (D. Ariz. July 28, 2015).

- In June 2015, at the conclusion of the hearing for final approval of the settlement, the Honorable Susan Richard Nelson of the District of Minnesota noted that it was "a pleasure to be able to preside over a case like this," praising Robbins Geller in achieving "an outstanding [result] for [its] clients," as she was "very impressed with the work done on th[e] case." *In re St. Jude Med., Inc. Sec. Litig.*, No. 0:10-cv-00851-SRN-TNL, Transcript at 7 (D. Minn. June 12, 2015).

- In May 2015, at the fairness hearing on the settlement, the Honorable William G. Young noted that the case was "very well litigated" by Robbins Geller attorneys, adding that "I don't just say that as a matter of form. . . . I thank you for the vigorous litigation that I've been permitted to be a part of." *Courtney v. Avid Tech., Inc.*, No. 1:13-cv-10686-WGY, Transcript at 8-9 (D. Mass. May 12, 2015).

- In January 2015, the Honorable William J. Haynes, Jr. of the Middle District of Tennessee described the settlement as a "highly favorable result achieved for the Class" through Robbins Geller's "diligent prosecution . . . [and] quality of legal services."   The settlement represents the fourth-largest securities recovery ever in the Middle District of Tennessee and one of the largest in more than a decade. *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-cv-00882, 2015 U.S. Dist. LEXIS 181943, at *6-*7 (M.D. Tenn. Jan. 16, 2015).

- In September 2014, in approving the settlement for shareholders, Vice Chancellor John W. Noble noted "[t]he litigation caused a substantial benefit for the class.  It is unusual to see a $29 million recovery."  Vice Chancellor Noble characterized the litigation as "novel" and "not easy," but "[t]he lawyers took a case and made something of it."  The court commended Robbins Geller's efforts in obtaining this result: "The standing and ability of counsel cannot be questioned" and "the benefits achieved by plaintiffs' counsel in this case cannot be ignored."  *In re Gardner Denver, Inc. S'holder Litig.*, No. 8505-VCN, Transcript at 26-28 (Del. Ch. Sept. 3, 2014).

- In May 2014, at the conclusion of the hearing for final approval of the settlement, the Honorable Elihu M. Berle stated: "I would finally like to congratulate counsel on their efforts to resolve this case, on excellent work – it was the best interest of the class – and to the exhibition of professionalism.  So I do thank you for all your efforts."  *Liberty Mutual Overtime Cases*, No. JCCP 4234, Transcript at 20:1-5 (Cal. Super. Ct., Los Angeles Cnty. May 29, 2014).

- In March 2014, Ninth Circuit Judge J. Clifford Wallace (presiding) expressed the gratitude of the court: "Thank you.  I want to especially thank counsel for this argument.  This is a very complicated case and I think we were assisted no matter how we come out by competent counsel coming well prepared. . . .  It was a model of the type of an exercise that we appreciate.  Thank you very much for your work . . . you were of service to the court."  *Eclectic Properties East, LLC v. The Marcus & Millichap Co.*, No. 12-16526, Transcript (9th Cir. Mar. 14, 2014).

- In February 2014, in approving a settlement, Judge Edward M. Chen noted the "very substantial risks" in the case and recognized Robbins Geller had performed "extensive work on the case."  *In re VeriFone Holdings, Inc. Sec. Litig.*, No. C-07-6140, 2014 U.S. Dist. LEXIS 20044, at *5, *11-*12 (N.D. Cal. Feb. 18, 2014).

- In August 2013, in granting final approval of the settlement, the Honorable Richard J. Sullivan stated: "Lead Counsel is to be commended for this result: it expended considerable effort and resources over the course of the action researching, investigating, and prosecuting the claims, at significant risk to itself, and in a skillful and efficient manner, to achieve an outstanding recovery for class members.  Indeed, the result – and the class's embrace of it – is a testament to the experience and tenacity Lead Counsel brought to bear."  *City of Livonia Emps. Ret. Sys. v. Wyeth*, No. 07 Civ. 10329, 2013 U.S. Dist. LEXIS 113658, at *13 (S.D.N.Y. Aug. 7, 2013).

- In July 2013, in granting final approval of the settlement, the Honorable William H. Alsup stated that Robbins Geller did "excellent work in this case," and continued, "I look forward to seeing you on the next case."  *Fraser v. Asus Comput. Int'l*, No. C 12-0652, Transcript at 12:2-3 (N.D. Cal. July 11, 2013).

- In June 2013, in certifying the class, U.S. District Judge James G. Carr recognized Robbins Geller's steadfast commitment to the class, noting that "plaintiffs, with the help of Robbins Geller, have twice successfully appealed this court's orders granting defendants' motion to dismiss."  *Plumbers & Pipefitters Nat'l Pension Fund v. Burns*, 292 F.R.D. 515, 524 (N.D. Ohio 2013).

- In November 2012, in granting appointment of lead plaintiff, Chief Judge James F. Holderman commended Robbins Geller for its "substantial experience in securities class action litigation" and commented that the Firm "is recognized as 'one of the most successful law firms in securities class actions, if not the preeminent one, in the country.' *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.)." He continued further that, "'Robbins Geller attorneys are responsible for obtaining the largest securities fraud class action recovery ever [\$*7.2* billion in *Enron*], as well as the largest recoveries in the Fifth, Sixth, Eighth, Tenth and Eleventh Circuits.'" *Bristol Cnty. Ret. Sys. v. Allscripts Healthcare Sols., Inc.*, No. 12 C 3297, 2012 U.S. Dist. LEXIS 161441, at \*21 (N.D. Ill. Nov. 9, 2012).

- In June 2012, in granting plaintiffs' motion for class certification, the Honorable Inge Prytz Johnson noted that other courts have referred to Robbins Geller as "'one of the most successful law firms in securities class actions . . . in the country.'" *Local 703, I.B. v. Regions Fin. Corp.*, 282 F.R.D. 607, 616 (N.D. Ala. 2012) (quoting *In re Enron Corp. Sec. Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008)), *aff'd in part and vacated in part on other grounds*, 762 F.3d 1248 (11th Cir. 2014).

- In June 2012, in granting final approval of the settlement, the Honorable Barbara S. Jones commented that "class counsel's representation, from the work that I saw, appeared to me to be of the highest quality." *In re CIT Grp. Inc. Sec. Litig.*, No. 08 Civ. 6613, Transcript at 9:16-18 (S.D.N.Y. June 13, 2012).

- In March 2012, in granting certification for the class, Judge Robert W. Sweet referenced the *Enron* case, agreeing that Robbins Geller's "'clearly superlative litigating and negotiating skills'" give the Firm an "'outstanding reputation, experience, and success in securities litigation nationwide,'" thus, "'[t]he experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country.'" *Billhofer v. Flamel Techs., S.A.*, 281 F.R.D. 150, 158 (S.D.N.Y. 2012).



# Robbins Geller Rudman & Dowd LLP

# Dory P. Antullis
## Partner

Boca Raton | T: (561) 750-3000
E: dantullis@rgrdlaw.com

## Practice Areas

Antitrust

Mass Torts (Products Liability & Personal Injury)

Consumer Fraud and Privacy

## Education

- Columbia Law School, J.D., 2003
- Rice University, B.A., 1999

## Admissions

Florida

United States Court of Appeals for the Eleventh Circuit

United States District Courts for the Middle and Southern Districts of Florida

United States District Courts for the Eastern and Western Districts of Michigan

## Honors & Awards

Leading Plaintiff Consumer Lawyer, *Lawdragon*, 2022-2024

Leading Litigator in America, *Lawdragon*, 2024

Dory Antullis is a partner in Robbins Geller Rudman & Dowd LLP's Boca Raton office. Her litigation practice focuses on complex class actions, covering consumer fraud, public nuisance, environmental litigation, privacy litigation, pharmaceuticals, RICO, and antitrust litigation. Dory also works with the Firm's settlement department, negotiating and documenting intricate, high-stakes settlements.

Dory is a core member of the Firm's opioids team, leading the effort on behalf of cities, counties, and third-party payors around the country in *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804-DAP (N.D. Ohio). In addition to serving on several committees in the MDL, she was a member of the winning trial team on behalf of the People of the State of California in San Francisco's bellwether case against Allergan, Teva, Walgreens, and others in the prescription opioid supply chain. Together with a trial win against Walgreens, the case has resulted in settlements valued at over $350 million. Dory was also part of a small group of lawyers who negotiated and drafted settlement documents for the national opioid settlements with major distributors, manufacturers, and pharmacies – now totaling more than $50 billion.

Dory has also been an integral part of Robbins Geller's history of successful privacy and data breach class action cases. She is currently serving as Interim Co-Lead Class Counsel in *In re Luxottica of America, Inc. Data Breach Litig.*, No. 1:20-cv-00908-MRB (S.D. Ohio), and Liaison Counsel in *DeSue v. 20/20 Eye Care Network, Inc.*, No. 21-cv-61275-RAR (S.D. Fla.) ($3 million class settlement). Dory's heavy lifting at every stage of the litigation in *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No.

**Robbins Geller
Rudman & Dowd LLP**

**Dory P. Antullis**
Partner

5:16-md-02752-LHK (N.D. Cal.), helped to secure a $117.5 million recovery in the largest data breach in history. Dory successfully defeated two rounds of dispositive briefing, worked with leadership and computer privacy and damages experts to plan a winning strategy for the case, and drafted an innovative motion for class certification that immediately preceded a successful mediation with defendants in that litigation. Dory also provided meaningful "nuts-and-bolts" support in other data breach class actions, including *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, No. 2:19-md-02904-MCA-MAH (D.N.J.) (representing class of LabCorp customers), and *In re Solara Med. Supplies Customer Data Breach Litig.*, No. 3:19-cv-02284-H-KSC (S.D. Cal.) ($5.06 million settlement). And she currently represents consumers in state and federal court against North Broward Hospital District for a 2021 data breach.

Dory's other current and recent cases include: *In re McKinsey & Co., Inc. Nat'l Prescription Opiate Consultant Litig.*, No. 3:21-md-02996-CRB (N.D. Cal.) (representing governmental subdivisions); *In re Allergan Biocell Textured Breast Implant Prod. Liab. Litig.*, No. 2:19-md-02921-BRM-ESK (D.N.J.) (court-appointed member of the Plaintiffs' Executive Committee); *Zimmerman v. The 3M Co.*, No. 1:17-cv-01062-HYJ-SJB (W. D. Mich.) ($54 million settlement on behalf of class of Michigan homeowners whose property was allegedly contaminated with PFAS); *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. 2:18-mn-02873-RMG (D.S.C.) (representing water and wastewater utility providers against AFFF manufacturers); *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 9:20-md-02924-RLR (S.D. Fla.) (representing consumers and third-party payors); *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD (N.D. Cal.) ($500 million settlement on behalf of consumers who purchased certain model iPhones); *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 2:16-md-02687-MCA-MAH (D.N.J.) (direct purchaser class settled in excess of $100 million); *Gardner v. StarKist Co.*, 418 F. Supp. 3d 443 (N.D. Cal. 2019); *In re FieldTurf Artificial Turf Mktg. & Sales Pracs. Litig.*, No. 3:17-md-02779-MAS-JTB (D.N.J.); *In re NHL Players' Concussion Injury Litig.*, 2015 U.S. Dist. LEXIS 38755 (D. Minn. Mar. 25, 2015); *Friedman v. AARP Inc.*, No. 2:14-cv-00034-DDP-PLA (C.D. Cal.); *In re Ford Fusion & C-Max Fuel Econ. Litig.*, No. 7:13-md-02450-KMK (S.

**Robbins Geller**
**Rudman & Dowd** LLP

**Dory P. Antullis**
Partner

D.N.Y.); *Looper v. FCA US LLC*, No. 5:14-cv-00700-VAP-DTB (C.D. Cal.); and *In re Aluminum Warehousing Antitrust Litig.*, 95 F. Supp. 3d 419 (S.D.N.Y. 2015), *aff'd*, 833 F.3d 151 (2d Cir. 2016).

Dory has been named a Leading Litigator in America and a Leading Plaintiff Consumer Lawyer by *Lawdragon*. Dory earned her Bachelor of Arts degree from Rice University and her Juris Doctor degree from Columbia Law School.



## Robbins Geller
## Rudman & Dowd LLP

# Stuart A. Davidson
## Partner

Boca Raton  |  T: (561) 750-3000
E: SDavidson@rgrdlaw.com

## Practice Areas

Consumer Fraud and Privacy

Antitrust

Crypto Task Force

## Education

Nova Southeastern University
Shepard Broad College of Law, J.D.,
1996, *summa cum laude*

- Graduated in the top 3% of his class
- Associate Editor, *Nova Law Review*
- Recipient of Book Awards (highest grade) in Trial Advocacy, International Law, and Criminal Pretrial Practice

State University of New York at Geneseo, B.A., 1993, Political Science

Stuart Davidson is a partner in Robbins Geller Rudman & Dowd LLP's Boca Raton office. His practice focuses on complex consumer class actions, including cases involving deceptive and unfair trade practices, privacy and data breach issues, and antitrust violations.

He has served as class counsel in some of the nation's most significant privacy and consumer cases, including: *In re Facebook Biometric Information Privacy Litigation*, No. 3:15-cv-03747-JD (N.D. Cal.) ($650 million recovery in a cutting-edge class action concerning Facebook's alleged privacy violations through its collection of user's biometric identifiers without informed consent); *In re Yahoo! Inc. Customer Data Security Breach Litigation*, No. 5:16-md-02752-LHK (N.D. Cal.) ($117.5 million recovery in the largest data breach in history); *Kehoe v. Fidelity Federal Bank & Trust*, No. 9:03-cv-80593-DTKH (S.D. Fla.) ($50 million recovery in Driver's Privacy Protection Act case on behalf of half-a-million Florida drivers against a national bank); *In re Sony Gaming Networks & Customer Data Security Breach Litigation*, No. 3:11-md-02258-AJB-MDD (S.D. Cal.) (settlement valued at $15 million concerning the massive data breach of Sony's PlayStation Network); and *In re Solara Medical Supplies Data Breach Litigation*, No. 3:19-cv-02284-H-KSC (S.D. Cal.) ($5 million all-cash settlement for victims of healthcare data breach).

Stuart currently serves as Plaintiffs' Co-Lead Counsel in *In re American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, No. 2:19-md-02904-MCA-MAH (D.N.J.) (representing class of LabCorp customers), *In re Independent Living Systems Data Breach Litigation*, No. 1:23-cv-21060-KMW (S.D. Fla.), *Garner v. Amazon.com, Inc.*, No. 2:21-

**Robbins Geller**
**Rudman & Dowd** LLP

Stuart A. Davidson
Partner

cv-00750-RSL (W.D. Wash.) (alleging Amazon's illegal wiretapping through Alexa-enabled devices), *In re American Financial Resources, Inc. Data Breach Litigation*, No. 2:22-cv-01757-MCA-JSA (D.N.J.), *In re Fortra Tile Transfer Software Data Security Breach Litigation*, No. 1:24-md-03090-RAR (S.D. Fla.) (representing Aetna patients), on Plaintiffs' Executive Committee in *In re Lakeview Loan Servicing Data Breach Litigation*, No. 1:22-cv-20955-DPG (S.D. Fla.), and on Plaintiffs' Steering Committee in *In re FTX Cryptocurrency Exchange Collapse Litigation*, No. 1:23-md-03076-KMM (S.D. Fla.). Stuart also currently represents the State of Arkansas in a major antitrust enforcement action, *State of Arkansas ex rel. Griffin v. Syngenta Crop Protection AG*, No. 4:22-cv-01287-BSM (E.D. Ark.).

Stuart also spearheaded several aspects of *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices & Antitrust Litigation*, No. 2:17-md-02785-DDC-TJJ (D. Kan.) ($609 million total recovery achieved weeks prior to trial in certified class action alleging antitrust claims involving the illegal reverse payment settlement to delay the generic EpiPen, which allowed the prices of the life-saving EpiPen to rise over 600% in 9 years), served as Co-Lead Class Counsel in three cases brought against Genworth Life Insurance Company on behalf of long-term care insureds, *Skochin v. Genworth Life. Ins. Co.*, No. 3:19-cv-00049-REP (E.D. Va.); *Halcom v. Genworth Life Ins. Co.*, No. 3:21-cv-00019-REP (E.D. Va.); and *Haney v. Genworth Life Ins. Co.*, No. 3:22-cv-00055-REP (E.D. Va.), recovering hundreds of millions of dollars in cash damages for policyholders, and served as Plaintiffs' Co-Lead Counsel in *In re NHL Players' Concussion Injury Litigation*, No. 0:14-md-02551-SRN-BRT (D. Minn.) (representing retired National Hockey League players in multidistrict litigation suit against the NHL regarding injuries suffered due to repetitive head trauma and concussions), and in *In re Pet Food Products Liability Litigation*, No. 1:07-cv-02867-NLH-AMD (D.N.J.) ($24 million recovery in multidistrict consumer class action on behalf of thousands of aggrieved pet owners nationwide against some of the nation's largest pet food manufacturers, distributors, and retailers). He also served as Plaintiffs' Co-Lead Counsel in *In re UnitedGlobalCom, Inc. Shareholder Litigation*, C.A. No. 1012-VCS (Del. Ch.) ($25 million recovery weeks before trial); *In re Winn-Dixie Stores, Inc. Shareholder Litigation*, No.

**Robbins Geller
Rudman & Dowd** LLP

**Stuart A. Davidson**

Partner

16-2011-CA-010616 (Fla. Cir. Ct.) ($11.5 million recovery for former
Winn-Dixie shareholders following the corporate buyout by BI-LO); and
*In re AuthenTec, Inc. Shareholder Litigation*, No. 5-2012-CA-57589 (Fla. Cir.
Ct.) ($10 million recovery for former AuthenTec shareholders following
a merger with Apple). The latter two cases are the two largest merger
and acquisition recoveries in Florida history.

Stuart is a former lead assistant public defender in the Felony Division of
the Broward County, Florida Public Defender's Office. During his
tenure at the Public Defender's Office, he tried over 30 jury trials and
defended individuals charged with major crimes ranging from third-
degree felonies to life and capital felonies. He has been quoted in
numerous major media outlets regarding his cases, including *The New
York Times*, *The Washington Post*, *USA Today*, *U.S. News & World Report*, *New
York Daily News*, the *South Florida Sun-Sentinel*, the *Boston Globe*, the *Miami
Herald*, *The Globe & Mail*, and *Law360*, and is a frequent speaker at
conferences involving class action practice and procedure.

Stuart has been honored in the category of Outstanding Antitrust
Litigation Achievement in Private Practice at the American Antitrust
Institute's Antitrust Enforcement Awards. He has also been named a
Litigation Star by *Benchmark Litigation*, Recommended Lawyer by *The
Legal 500*, a Leading Lawyer in America, a Leading Litigator in
America, a Leading Plaintiff Financial Lawyer, and a Leading Plaintiff
Consumer Lawyer by *Lawdragon*, one of "Florida's Most Effective
Lawyers" by American Law Media's *Daily Business Review*, and a member
of The National Trial Lawyers: Top 100-Civil Plaintiffs. He has also
been named a Super Lawyer by *Super Lawyers Magazine*. He is a member
of the Sedona Conference Working Group 11 Brainstorming Group,
focusing on the California Consumer Protection Act. Stuart currently
serves on the 2024 Consumer Protection Editorial Advisory Board for
*Law360*.

Stuart earned his Bachelor of Arts degree in Political Science from the
State University of New York at Geneseo. Stuart earned a Juris Doctor
degree from the Nova Southeastern University Shepard Broad College
of Law, where he graduated *summa cum laude* in the top 3% of his class.

While in law school he was the Associate Editor for the *Nova Law Review* and was the recipient of Book Awards (highest grade) in Trial Advocacy, International Law, and Criminal Pretrial Practice.

## Professional Affiliations

- Member, *Law360* Consumer Protection Editorial Advisory Board, 2023-2024

- Member, American Association for Justice

- Member, Sedona Conference Working Group 11 Brainstorming Group

## Featured Seminars & Speaking Engagements

- The 6th Annual Western Alliance Bank Class Action Law Forum™, in collaboration with University of San Diego School of Law: *Privacy Class Actions* (Mar. 12, 2024)

- Strafford Live CLE Webinar, *Preparing For, Taking, and Defending Depositions of Class Representatives* (Oct. 26, 2023)

- The 5th Annual Western Alliance Bank Class Action Law Forum™, in collaboration with University of San Diego School of Law: *Notice, Damages, and Class Certifications* (Mar. 15, 2023)

- The Duke Law Bolch Judicial Institute, Third Annual Mass-Tort MDL Certificate Program, *Discovery in MDLs* (Nov. 16, 2021)

- Guest Lecture*, Class Actions and Multi-Party Litigation*, University of Baltimore School of Law (Nov. 3, 2021)

- The 3rd Annual Western Alliance Bank Class Action Law Forum™, in collaboration with University of San Diego School of Law: *Consumer Class Actions* (Apr. 21, 2021)

- National Consumer Law Center's Consumer Rights Litigation Conference and Class Action Symposium 2020: *Utilizing Technology in Consumer Class Actions* (Nov. 12, 2020)

- Strafford CLE Webinar, *Sports-Related Class Actions: Navigating the Minefield of Class Certification and Federal Labor Laws* (Nov. 15, 2018)

**Robbins Geller**
**Rudman & Dowd LLP**

Stuart A. Davidson
*Partner*

- HB Litigation Conferences' Consumer Class Actions: *Attorneys' Fees*, San Juan, Puerto Rico (May 5, 2016)
- HB Litigation Conferences' Data Breach & Privacy Litigation Conference 2016: *Recent Settlements and the Picture They Paint*, San Francisco, California (Feb. 11, 2016)

## Admissions

- Florida
- Minnesota
- United States Supreme Court
- United States Courts of Appeals for the Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits
- United States District Courts for the Northern, Middle, and Southern Districts of Florida
- United States District Court for the District of Colorado
- United States District Court for the Northern District of Illinois
- United States District Courts for the Northern and Southern Districts of Indiana
- United States District Court for the Eastern District of Michigan
- United States District Court for the Northern District of New York
- United States District Courts for the Northern and Southern Districts of Texas

## Honors & Awards

- Leading Plaintiff Consumer Lawyer, *Lawdragon*, 2022-2024
- Leading Lawyer in America, *Lawdragon*, 2023-2024
- Leading Litigator in America, *Lawdragon*, 2024
- Recommended Lawyer, *The Legal 500*, 2023
- Leading Plaintiff Financial Lawyer, *Lawdragon*, 2020-2023

**Robbins Geller**
**Rudman & Dowd** LLP

Stuart A. Davidson
Partner

- Litigation Star, *Benchmark Litigation*, 2023
- Outstanding Antitrust Litigation Achievement in Private Law Practice, American Antitrust Institute, 2022
- Named a Florida Super Lawyer, *Super Lawyers Magazine*, 2021-2022
- Named one of "Florida's Most Effective Lawyers" in the Privacy category by American Law Media, 2020

**Robbins Geller Rudman & Dowd LLP**



# Aelish Marie Baig
## Partner

San Francisco  |  T: (415) 288-4545
E: aelishb@rgrdlaw.com

## Practice Areas

Securities Fraud

Consumer Fraud and Privacy

Shareholder Derivative

## Education

Washington College of Law at American University, J.D., 1998, *cum laude*

- Senior editor of the *Administrative Law Review*

Brown University, B.A., 1992, International Relations

## Admissions

California

United States Supreme Court

United States Court of Appeals for the Ninth Circuit

United States District Courts for the Northern and Central Districts of California

Aelish Marie Baig is a partner in Robbins Geller Rudman & Dowd LLP's San Francisco office and specializes in consumer and securities fraud actions. Aelish has litigated a number of cases through jury trial, resulting in multi-million and billion dollar awards and settlements for her clients.

Aelish was one of the originators of the national opioid litigation, filing among the earliest complaints against the opioid industry defendants and working on all aspects of that litigation. In 2022, Aelish served as co-trial counsel in a federal bench trial in San Francisco in a case selected as a bellwether in the national multi-district opioid litigation. The team achieved combined settlements of over $350 million for San Francisco and contributed to securing more than $50 billion for local governments nationwide to be used for abatement of the national opioid epidemic. For her work in co-leading the trial team and securing a historic trial result against Walgreens for the City and County of San Francisco, she was honored by *The National Law Journal* as one of the "Elite Women of the Plaintiffs Bar" and she received "California Lawyer Attorney of the Year" by the *Daily Journal*.

Aelish was also appointed to leadership in the *Juul* ($1.7 billion settlement) and *McKinsey* ($230 million settlement) MDL litigations. She represents numerous local and state governments and school districts across the country that have filed federal cases against opioids, McKinsey, Juul, and/or social media defendants.

**Robbins Geller
Rudman & Dowd** LLP

# Aelish Marie Baig
Partner

Aelish has also prosecuted securities fraud and derivative actions obtaining millions of dollars in recoveries against corporations such as Wells Fargo, Celera, Pall, and Prudential. Aelish has received numerous awards/honors, including: California Lawyer Attorney of the Year (CLAY) and Leading Commercial Litigator by the *Daily Journal*; Plaintiffs' Lawyers Trailblazer, Litigation Trailblazer, and Class Action/ Mass Tort Litigation Trailblazer by *The National Law Journal*; Leading Plaintiff Consumer Lawyer, Leading Lawyer in America, and Leading Plaintiff Financial Lawyer by *Lawdragon*; California Trailblazer by *The Recorder*; and Super Lawyer by *Super Lawyers Magazine*. She has also been named on the Best Lawyers in America list, Best Lawyers in America: Ones to Watch list, and the Northern California Ones to Watch list by *Best Lawyers®*.

Aelish serves as a Board member for Legal Aid at Work, a highly respected non-profit organization committed to enforcing and strengthening the civil and employment rights of low-wage workers in California and across the country. She earned her Bachelor of Arts degree from Brown University and her Juris Doctor degree from American University, where she was senior editor of the *Administrative Law Review*.

## Professional Affiliations

- Board Member, Legal Aid at Work

## Honors & Awards

- Leading Plaintiff Consumer Lawyer, *Lawdragon*, 2022-2024
- Leading Commercial Litigator, *Daily Journal*, 2024
- Leading Lawyer in America, *Lawdragon*, 2020-2024
- Best Lawyer in America, *Best Lawyers®*, 2024
- Class Action/Mass Tort Litigation Trailblazer, *The National Law Journal*, 2023
- Recommended Lawyer, *The Legal 500*, 2023

**Robbins Geller**
**Rudman & Dowd** LLP

**Aelish Marie Baig**
Partner

- Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2023
- Elite Women of the Plaintiffs Bar, Elite Trial Lawyers, *The National Law Journal*, 2023
- Plaintiffs' Lawyers Trailblazer, *The National Law Journal*, 2021, 2023
- California Lawyer Attorney of the Year (CLAY), *Daily Journal*, 2023
- Best Lawyer in America: One to Watch, *Best Lawyers®*, 2021-2023
- Best Lawyer in Northern California: One to Watch, *Best Lawyers®*, 2021
- Featured in "Lawyer Limelight" series, *Lawdragon*, 2020
- Litigation Trailblazer, *The National Law Journal*, 2019
- California Trailblazer, *The Recorder*, 2019
- Super Lawyer, *Super Lawyers Magazine*, 2012-2013



# Robbins Geller Rudman & Dowd LLP

# Alexander C. Cohen
## Associate

Boca Raton  |  T: (561) 750-3000  |  E: ACohen@rgrdlaw.com

## Practice Areas

Antitrust

Consumer Fraud and Privacy

Mass Torts (Products Liability & Personal Injury)

Securities Fraud

## Education

Emory University School of Law, J.D., 2017, with honors

- TI:GER Program Certificate in Intellectual Property

University of Florida, B.A., 2014

## Honors & Awards

500 X – The Next Generation, *Lawdragon*, 2023

Rising Star, *Super Lawyers Magazine*, 2022-2023

Alexander C. Cohen is an associate in Robbins Geller Rudman & Dowd LLP's Boca Raton office. His practice focuses on consumer fraud, securities fraud, mass tort, antitrust, data breach, and RICO lawsuits.

Alex currently serves on the court-appointed Leadership Development Committees in *In re Indep. Living Sys. Data Breach Litig.*, No. 1:23-cv-21060-KMW (S.D. Fla.), and *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 9:20-md-02924-RLR (S.D. Fla.). Alex is also a participant in the Firm's opioids team, assisting in the Firm's leading effort on behalf of cities, counties, and third-party payors around the country in *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804-DAP (N.D. Ohio), and *In re McKinsey & Co., Inc. Nat'l Prescription Opiate Consultant Litig.*, No. 3:21-md-02996-CRB (N.D. Cal.) (representing governmental subdivisions).

Before joining the Firm, Alex served as a law clerk to the Honorable Lisette M. Reid at the United States District Court for the Southern District of Florida. Prior to clerking, Alex worked at a boutique IP litigation firm, where he litigated over 100 cases in federal courts across the country, including several which were appealed to the United States Court of Appeals for the Eleventh Circuit and the Supreme Court of the United States.

Alex has been named a Rising Star by *Super Lawyers Magazine* and included in the 500 X - The Next Generation *Lawdragon* guide. Alex graduated with honors from Emory University School of Law, where he also served as Chief Justice of the university-wide Supreme Court and was inducted into the Order of Emory Advocates as a member of the

**Robbins Geller
Rudman & Dowd LLP**

Alexander C. Cohen

Associate

Moot Court Society. While at Emory, Alex received top marks in numerous courses, and earned placement in Emory's prestigious TI: GER Program, a nationally recognized collaboration between Emory Law and the Georgia Institute of Technology that brings together graduate students in law, business, science, and engineering to work on start-up projects to transform highly promising research into economically viable projects. Alex is also a proud graduate of the University of Florida, with degrees in Economics and Political Science. At the University of Florida, Alex served in numerous leadership positions, and was tapped into Florida Blue Key.

Alex is admitted to practice law in Florida, New York, and the District of Columbia, as well as the United States District Courts for the District of Columbia, Middle District of Florida, Northern District of Florida, Southern District of Florida, Eastern District of New York, and Southern District of New York, and the United States Court of Appeals for the Eleventh Circuit. In his free time, Alex enjoys cooking, sports, and spending time with his family and miniature goldendoodle, Minnie.

## Admissions

- Florida
- New York
- District of Columbia
- United States Court of Appeals for the Eleventh Circuit
- United States District Courts for the Middle, Northern and Southern Districts of Florida
- United States District Court for the District of Columbia
- United States District Courts for the Eastern and Southern Districts of New York

# Robbins Geller
# Rudman & Dowd LLP



# Taeva C. Shefler
## Associate

San Francisco  |  T: (415) 288-4545
E: TShefler@rgrdlaw.com

## Practice Areas

Consumer Fraud and Privacy

Securities Fraud

## Education

- New York University School of Law, J.D., 2013, *cum laude*
- University of Oregon Clark Honors College, B.A., 2007, *magna cum laude*

## Admissions

California

United States District Courts for the Northern and Central Districts of California

## Honors & Awards

Best Lawyer in America: One to Watch, *Best Lawyers®*, 2024

500 X - The Next Generation, *Lawdragon*, 2023

Rising Star, *Super Lawyers Magazine*, 2022-2023

Taeva Shefler is an associate in Robbins Geller Rudman & Dowd LLP's San Francisco office and focuses her practice on consumer and securities fraud litigation. Along with other Robbins Geller attorneys, Taeva worked on behalf of cities and counties around the country in *In re National Prescription Opiate Litigation*. In 2022, Taeva participated on the trial team in a federal bench trial in San Francisco in a case that had been selected as a bellwether in the multi-district litigation. The trial has resulted in combined settlements of over $350 million for San Francisco, including a nearly $230 million settlement with Walgreens, and more than $50 billion nationally from multiple pharmaceutical companies who were defendants in the national litigation.

Taeva also worked to address the opioid crisis on behalf of cities and counties across the country in another multi-district litigation, *In re McKinsey Prescription Opiate Consultant Litigation*, seeking to hold McKinsey & Co., Inc., one of the world's leading business consultants, accountable for playing a "central role in the unfolding, propagation, and exploitation of the opioid crisis by advising multiple opioid manufacturers and other industry participants how to sell as many opioids as conceivably possible," according to the complaint. On September 26, 2023, McKinsey agreed to pay $230 million to government subdivisions and school districts to resolve claims about its role in facilitating the U.S. opioid crisis. The settlement is subject to the court's approval.

**Robbins Geller**
**Rudman & Dowd LLP**

Taeva C. Shefler
Associate

Taeva was also part of the team on the national *Juul* litigation, *In re Juul Labs, Inc., Marketing, Sales Practices, and Product Liability Litigation*. On September 19, 2023, the plaintiffs, for which Robbins Geller Rudman & Dowd LLP serves on the steering committee, secured final approval of a $255 million class action settlement with JUUL Labs, Inc. in the e-cigarette youth vaping predatory advertising, fraud, addiction, and injury multi-district litigation. The settlement with JUUL is part of a series of settlements on behalf of class, personal injury, and subdivision plaintiffs with cases in the multi-district litigation. Separately, a $235 million settlement with Altria was also announced in May 2023 and is pending court approval. The settlement was reached shortly after the plaintiffs' case was presented in a bellwether trial in San Francisco.

Before joining Robbins Geller, Taeva spent years representing whistleblowers in cases alleging fraud against federal and state governments in the areas of environmental cleanup, government contracting, and healthcare. She has also represented public and private water suppliers in mass tort cases alleging contamination of drinking water due to the use of toxic chemicals in agricultural areas across California.

Taeva is a member of the San Francisco Bar Association and, through its Justice and Diversity Center, has taken a *pro bono* case on behalf of an incarcerated self-litigant alleging constitutional violations while in prison. She has been selected by Northern California's *Super Lawyers Magazine* as a Rising Star and has been included in the 500 X - The Next Generation *Lawdragon* guide. She has also been listed as a Best Lawyer in America: One to Watch by *Best Lawyers*®.

Taeva earned her Bachelor of Arts degree *magna cum laude* from the University of Oregon Clark Honors College. She received distinguished honors for successfully completing and defending a linguistics thesis. Taeva received her Juris Doctor degree *cum laude* from New York University School of Law. While in law school, Taeva competed on the Moot Court Team, served as the Treasurer for the Public Interest Law Foundation, and was awarded the Eric Dean Bender Convocation Prize for her commitment to public service.