David S. Casey, Jr., SBN 060768
*dcasey@cglaw.com*
Gayle M. Blatt, SBN 122048
*gmb@cglaw.com*
P. Camille Guerra, SBN 326546
*camille@cglaw.com*
**CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile:  (619) 544-9232

M. Anderson Berry, SBN 262879
*aberry@justice4you.com*
Gregory Haroutunian, SBN 330263
*gharoutunian@justice4you.com*
Michelle Zhu, SBN 347741
*mzhu@justice4you.com*
**CLAYEO C. ARNOLD
A PROFESSIONAL CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Tel.: 916.239.4778
Fax: 916.924.1829

*Proposed Interim Class Counsel*

[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: 23ANDME, INC., CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>ALL ACTIONS | MDL No. 3098<br><br>Master Case No. 23-cv-05147-EMC<br><br>Hon. Edward M. Chen<br><br>**MOTION TO APPOINT M. ANDERSON BERRY AND GAYLE M. BLATT AS INTERIM CO-LEAD CLASS COUNSEL AND MELISSA K. EMERT AND MAUREEN K. BERG AS EXECUTIVE COMMITTEE MEMBERS FOR THE CLASS** |

## I.    INTRODUCTION

Pursuant to Transfer Order of MDL No. 3098, thirty-nine centralized class actions filed against Defendants 23andMe, Inc., 23andMe Pharmacy Holdings, Inc., and 23andMe Holding Co. (collectively, "23andMe" or "Defendants") stemming from a data breach first reported by Defendants on October 6, 2023, have been transferred to this Court for coordinated pretrial proceedings. *In re: 23andMe, Inc., Customer Data Security Breach Litigation*, MDL No. 3098 (N.D. Cal.) (ECF. 19).

Plaintiffs Monica Santana, Paula Kleynburd, Bonnie Eden, Daniel Pinho, Thomas Seawright, Pamela Zager-Maya, Adriane Farmer, Harold Velez, and Brianna Sorenson respectfully move this Court to appoint Gayle M. Blatt and M. Anderson Berry as co-lead counsel and appoint Melissa K. Emert and Maureen K. Berg as members of an Executive Committee, pursuant to Fed. R. Civ. P. 23(g). In support of our application for leadership, we address below the issues requested by the court. (ECF No. 78)

### A.    Work Performed on this Case to Date

Our team has been involved in this case since the onset of the litigation. Mr. Berry represents the plaintiffs in the first-filed complaint, *Santana* et al. v. 23ANDME, INC., No. 3:23-cv-05147-EMC. Ms. Blatt and Mr. Berry and the proposed Executive Committee members (collectively "Proposed Interim Class Counsel") have performed substantial work investigating the breach from the very first hints of its occurrence, gathering all publicly available data, performing substantial research into the breach, its effects, its reach, identifying the type of information published on the dark web, as well as research into Defendants' business and business practices. Furthermore, they have retained and collaborated closely with well qualified experts, who are leaders in the areas of cyber-security and business valuation, in efforts to ascertain the full scope of the data breach, the ramifications for the class and what potential solutions might be appropriate to address the issues of concern to the class. This work is ongoing.

Proposed Interim Class Counsel have worked collaboratively with other plaintiffs' counsel to share information and ideas in an attempt to either resolve this matter or determine how to best proceed through litigation. Mr. Berry and Ms. Blatt have taken a *de-facto* leadership role, along with a few other plaintiffs' counsel, in this litigation already. Mr. Berry and Ms. Blatt have been integral in the *two* mediation sessions to date with the Defendant. Those sessions have illuminated important information

regarding the case, Defendant's positions, and Defendant's current financial situation, all of which merit consideration as the case proceeds.

Additionally, Proposed Executive Committee members Melissa Emert and Maureen Berg have also been involved in this case since its inception, have engaged in researching the facts of the case, have prepared Complaints, attended the initial mediation and have spoken with numerous class members and addressed issues with the retained cyber-security consultant. Ms. Emert and Ms. Berg have substantial data privacy experience, having been involved in scores of cases, involving millions of impacted class members.

Proposed Interim Class Counsel have also already consulted with reputable and experienced Settlement Administrators to determine, among other things, how best to notify this class and reach as many impacted persons as possible.  Proposed Interim Class Counsel have substantial experience exploring methods of increasing claims rates.

Further, after the initial class action complaints were filed, Proposed Interim Class Counsel were contacted by various Class Members and Plaintiffs regarding the fact that 23andMe had recently informed them that it was updating its Terms of Service ("TOS"). This proposed change had the potential to materially impact class members who did not understand that they had the right to opt-out of the new TOS.  The communication from 23andMe did not provide the Class Members any opportunity to compare the new TOS to the prior TOS they had already potentially agreed to, let alone provide them with any information about what was being changed. Proposed Interim Class Counsel investigated the situation, met and conferred with Defendant's counsel regarding our position on the legality of their actions, and requested information from Defendant regarding its intentions towards the Class.

When resolution of this issue was not forthcoming, Proposed Interim Class Counsel, together with supporting counsel, prepared a motion to request a curative notice to the class pursuant to Fed. R. Civ. Pro. 26 (d). Proposed Interim Class Counsel then learned that other counsel had, without consultation, set a mediation with Defendant, and Proposed Interim Class Counsel agreed to attend so long as there was transparency with other Plaintiffs' counsel regarding the mediation. After this initial mediation was unsuccessful, Proposed Interim Class Counsel continued to discuss settlement options with Defendant and to consult with other Plaintiffs' counsel, which led to a second mediation, which, while still

unsuccessful, helped to narrow the issues at stake and make progress towards resolving this matter in a way which is favorable to the Class and its interests.

<strong>Proposed Interim Class Counsel's Experience</strong>

### *__Gayle Blatt's Experience__*

Ms. Blatt is a partner in the law firm of Casey Gerry Schenk Francavilla Blatt & Penfield, LLP ("Casey Gerry"), where she leads the firm's Complex Litigation Practice Group. With almost four decades of experience, she has dedicated her entire career to vindicating the rights of individuals and consumers, playing a pivotal role in complex, high-profile litigation cases, resulting in the recovery of billions of dollars for consumers. She has substantial experience in class actions related to privacy and data security, as well as automotive defects, and banking fraud.

The subject matter of this case is not new to her, having previously been appointed to numerous lead and executive positions in data breach cases. As detailed more fully below and in the firm resume attached to the Joint Declaration of Gayle M. Blatt and M. Anderson Berry ("Joint Decl.") as Exhibit A, both Ms. Blatt and Casey Gerry are leaders in class action litigation throughout California and beyond.

Of particular relevance here, Ms. Blatt notably was appointed to the five-member Plaintiffs' Executive Committee overseeing the litigation related to the massive Yahoo! data breaches, collectively at the time, the largest data breach in the world. (*In re: Yahoo! Inc. Customer Data Security Breach Litigation*, Case No. 16-MD-02752 (N.D. Cal.)). In this capacity, she oversaw the drafting of the consolidated master complaint, opposed motions to dismiss, drafted discovery, took/defended depositions, worked with damages experts and participated in settlement negotiations.

Ms. Blatt has had numerous other lead/co-lead and executive committee appointments in data security cases, some of which include, *In re: Warner Music Group Data Breach*, Case No. 1:20-cv-07473-PGG (S.D.N.Y.); *In re: Netgain Technology, LLC, Consumer Data Breach Litigation*, 21-cv-1210-SRN-LIB (D. Minn.); *DeSue v. 20/20 Eye Care Network, Inc. et al.*, Case No. 21-cv-61275-RAR (S.D. Fla.); *James v. Davaco, Inc. et al.,* Case No. 3:21-cv-02318-M (N.D. Tex.); *Pfeiffer et al. v. RadNet, Inc.*, Case No. 2:20-cv-09553-RGK-SK (C.D. Cal.); *Adkins v. Facebook, Inc.*, Case No. 18-05982-WHA (N.D. Cal.) (Law And Briefing Committee); *Tate v. EyeMed Vision Care, LLC,* Case No. 21-cv-00036-DRC (S.D. Ohio); *In re: Citrix Data Breach Litigation*, Case No. 19-cv-61350-RKA (S.D. Fla.); *Madrid*

4

*v. Golden Valley Health Centers*, Merced Super. Ct., Case No. 20-cv-01484; *Sung et al., v. Schurman Fine Papers d/b/a Schurman Retail Group*, Case No. 17-cv-02760-LB (N.D. Cal.); *In re: Sony Gaming Networks and Customer Data Security Breach Litigation*, Case No. 11-md-02258-AJB (S.D. Cal.); *In re: Waste Management Data Breach Litigation*, Case No. 1:21-cv-06199-DLC (S.D.N.Y.); and *In re: US Fertility LLC Data Security Litigation*, Case No. 8:21-cv-00299 (D. Md.).

In addition to data privacy litigation, Ms. Blatt has also held other leadership roles in multidistrict litigation. Along with her colleagues at Casey Gerry, she has been a leader in public service and has been the honored recipient of numerous accolades as detailed in her firm resume.

### *M. Anderson Berry's Experience*

Mr. Berry is the head of the Complex Litigation Department at the Clayeo C. Arnold, APC ("Arnold Law Firm"), with an extensive background in privacy and consumer/government fraud litigation, actively participating in a currently sealed False Claims Act case involving widespread cybersecurity fraud upon the United States. Before joining the Arnold Law Firm in 2017, Mr. Berry worked as an Assistant United States Attorney for the Eastern District of California. As part of the Affirmative Civil Enforcement unit, Mr. Berry handled a wide variety of complex cases, recovering millions of dollars for the United States. While working as an Assistant United States Attorney Mr. Berry worked closely with diverse Federal and State agencies including the Federal Bureau of Investigations and the California Attorney General's office. Before working for the Department of Justice, Mr. Berry practiced at one of the world's largest law firms, Jones Day, where he represented clients in international arbitration and complex commercial litigation, including defending class action allegations.

Mr. Berry is litigating  a number of class action cases across the country involving data breaches, including the following matters where he has a leadership position: *In Re: Overby-Seawell Company Customer Data Security Breach*, No. 1:23-md-03056-SDG (N. Ga.) (Co-Lead Counsel); *In Re: Entertainment Partners Data Breach Litigation*, No. 2:23-cv-06546-CAS (C.D. Cal.) (Co-Lead Counsel); *In Re: Snap Finance Data Breach Litigation*, No. 2:22-cv-00761-TS (D. UT.) (Co-Lead Counsel); *Holmes v. Elephant Insurance Company, et al.*, No. 3:22-cv-00487-JAG (E.D.VA.) (Co-Lead Counsel); *In Re: Arthur J. Gallagher Data Breach Litigation*, No. 1:21-cv-04056 (N.D.Ill.) (Co-Lead Counsel); *In re: Mednax Servs., Inc., Customer Data Security Breach Litig.*, No. 21-MD-02994 (S.D.

Fla.) (Executive Comm.); *Desue v. 20/20 Eye Care Network, Inc.* et al., No. 0:21-cv-61275 (S.D. Fla.) (Executive Comm.); *Ware v. San Gorgonio Memorial Hosp.*, CVRI2301216 (Super. Ct. of CA, Riverside) (Co-Lead Counsel); *In re: Cerebral, Inc. Privacy Practices*, No. 2:23-cv-01803-FMO (C.D. Cal.) (Liaison Counsel); *In re: Orrick, Herrington & Sutcliffe, LLP Data Breach Litig.,* No. 3:23-cv-04089-SI (N.D. Cal.) (Plaintiffs' Steering Committee); *In re: Sequoia Benefits and Insurance Data Breach Litig.,* No. 3:22-cv-08217-RFL (N.D. Cal.) (Plaintiffs' Executive Committee)  *See* Joint Decl., Exhibit B (Mr. Berry and Clayeo C. Arnold, APC's Biography)

Moreover, Mr. Berry has additional recent experience in District Courts in California, including this District, having been appointed class counsel in numerous data breach class action cases in this court, including: *In re: Ethos Technologies Inc. Data Breach Litig.,* No. 3:22-cv-09203-SK (N.D. Cal.); *In re: Blackhawk Network Data Breach Litig.*, No. 3:22-cv-07084-CRB (N.D. Cal.); *Remoundos v. LendUS, LLC*, No. 22-cv-00749-EMC (N.D. Cal.); *Bitmouni v. Paysafe Payment Processing Solutions, LLC*, No. 3:21-cv-00641-JCS (N.D. Cal.); *In re: Hanna Andersson and Salesforce.com Data Breach Litig.,* No. 3:20-cv-00812-EMC (N.D. Cal.); *Myron Schellhorn et al v. Timios, Inc.*, No. 2:21-cv-08661-VAP-JC (C.D. Cal.), *Hashemi et al. v. Bosley, Inc.*, No. 2:21-cv-00946 (CD. Cal.), *Bowdle v. King's Seafood Co. LLC*, No. 8:21-cv-01784-CJC-JDE, (CD. Cal.), and *In Re: Entertainment Partners Data Breach Litigation*, No. 2:23-cv-06546-CAS-PVCx (CD. Cal.).

### Melissa R. Emert's Experience

Ms. Emert, a partner at KGG and co-chair of KGG's consumer class action practice, has been representing aggrieved consumers and investors for more than 30 years. Ms. Emert's practice specializes in consumer class actions with an emphasis on data breach, privacy and product defect cases. She has litigated consumer cases throughout the United States and holds prominent positions in many large MDLs and non-MDL consumer class actions. As an endorsement of her expertise, substantial experience and successful results, Ms. Emert was named as one of two women attorneys in the country who received the highest number of appointments to leadership structures in nationwide MDLs by the Judges overseeing

those MDLs.[1] Ms. Emert is currently prosecuting numerous data breach/privacy class actions as either co-lead or an executive committee member. *Morales v. Conifer Revenue Cycle Solutions, LLC*, 2:23-cv-01987 (C.D. Ca. 2024) (Court appointed Co-Lead Counsel); *In re: Illuminate Education Data Security Incident Litigation*, 8:22-cv-1164 (C.D. Cal. 2022) (Court appointed Co-Lead Counsel); *In re: American Financial Resources, Inc. Data Breach Litigation*, 2:22-cv-02392 (D.N.J. June 10, 2022) (Court appointed Interim Class Counsel); *In Re: Blackbaud, Inc., Customer Data Breach Litigation*, 3:20-mn-02972 (D. S.C. February 16, 2021) (Court appointed Steering Committee Member); *Tate, et al., v. EyeMed Vision Care, LLC*, 1:21-cv-36 (S.D. OH   March 22, 2021) (Court appointed Executive Committee Member); *In re: Google Location History Litig*, 5:18-cv- 05062-EJD (N.D. Cal. 2019) (Court appointed Interim Class Counsel).

Ms. Emert has also had leadership positions in the following data breach/privacy actions that have resulted in class wide settlements: *Cercas et al., v. Ambry Genetics Corp.*, 8:20-cv-00791 (C.D. Cal. 2020) (Court appointed Executive Committee Member); *In re Morgan Stanley Data Sec. Litig.*, 1:20-cv-05914   (S.D.N.Y. 2020) (Court appointed Executive Committee); *In re Wawa, Inc. Data Breach Litigation*, No. 19-cv-6019 (E.D. Pa. 2019) (Co-Chair of Plaintiff's Vetting Committee); *Echavarria, et al. v. Facebook, Inc.*, 18-cv- 05982 (N.D. Cal. 2018) (Class Representative Communications and Client Vetting Committee); *In Re: Sonic Corp. Customer Data Sec. Breach Litig.*, 1:17-md-02807 (N.D. Ohio 2017) (Plaintiff's Steering Committee).

Adding to her experience and expertise in litigating complex matters, Ms. Emert has also been appointed co-lead and other court appointed positions in large, complex MDL and non-MDL class actions that have required the same focus and depth of litigation that the present action will require. See, e.g., *Carder v. Graco Children's Prods., Inc. et al.*, 2:20-cv-137-LMM (N.D. Ga.) (Co-Lead Counsel); *In re: Daily Fantasy Sports Litig.*, 1:16-md- 02677-GAO (D. Mass) (Co-Lead Counsel); *In re: Hill's Pet Nutrition, Inc. Dog Food Prods. Liab. Litig.*, 19-md-2887 (D. Kan.) (Plaintiffs' Executive Committee); *In re: Intel Corp. CPU Mktg. & Prods. Liab. Litig.*, 3:18-md-02828 (D. Or.) (Plaintiffs' Steering

---

[1] *See, "There Are New Faces Leading MDLs, and They Aren't All Men"* Law.com, July 7, 2020. https://www.law.com/2020/07/06/there-are-new-faces-leading-mdls-and-they-arent-allmen/?

Committee); *In re: Apple Device Performance Litigation*, 5:18-md-02827 (N.D. Cal.)   (Plaintiffs' Executive Committee); *In re: German Auto. Mfrs. Antitrust Litig.*, 3:17-md-02796 (N.D. Cal.) (Plaintiffs' Executive Committee).

### *Maureen Kane Berg's Experience*

Maureen Kane Berg is Senior Counsel at Lockridge Grindal Nauen PLLP.  Her practice is concentrated in the firm's data breach, antitrust, business litigation, and securities litigation practice groups.  For the past several years, she has been on the forefront of cutting-edge cybersecurity and privacy litigation, representing individuals in data breach and data disclosure litigation.  Ms. Berg has been substantially involved in complex class action matters in data breach  and other substantive areas in federal and state courts, including: *In re: Capital One Consumer Data Security Breach Litigation*, No. 19-md-02915 (E.D. Va.); *In re: Geico Customer Data Breach Litigation*, No. 21-cv-2210 (E.D.N.Y.); *Stallone v. Farmers Group, Inc.*, et al., No. 21-cv-01659 (D. Nev.); *Park v. American Family Life Insurance Company et al.*, No. 22-cv-00171 (W.D. Wis.); *Baysal v. American Family Life Insurance Company et al.*, No. 23-cv-002942 (Dane Cty. Cir. Ct.- Wisc.); *Baysal v. Midvale Indemnity Company et al.*, No. 21-cv-00394 (W.D. Wis.); *Greenstein et al. v. Noblr Reciprocal Exchange*, No. 21-cv-04537 (N.D. Cal.); *In re: MGM Resorts International Data Breach Litigation*, No. 20-cv-00376 (D. Nev); *Williams v. Duke Health*, No. 22-cv-00727 (M.D.N.C.); *Weddle et al. v. WakeMed*, No. 22-cv-13860-910 (Wake Cty. Gen. Ct. – N.C.); *In re: Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 17-cv-03768 (E.D. Pen.); *In re Facebook, Inc. Customer Privacy User Profile Litigation*, No. 18-02843 (N.D. Cal); *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 16-md-2724 (E.D. Pa.); *In re Medtronic, Inc. Shareholder Litigation*, No. 27-cv-14-11452 (Minn.); *Shores et al v. Premera Blue Cross*, No. 15-01268 (D. Or.); *In re: Turkey Antitrust Litigation*, No. 19-cv-08318 (N.D. Ill.); *Wood Mountain Fish LLC v. Mowi ASA, et al.*, No. 19-22128 (S.D. Fla.); *In re Zetia (Ezetimibe) Antitrust Litigation*, No. 18-md-2836 (E.D. Va.).

### B.   *Allocation of Work to Avoid Duplication*

Proposed Interim Class Counsel recognizes the desire for efficiency balanced against the financial and professional resources necessary to effectively litigate this matter, and the goal of achieving diversity among counsel. In order to ensure effective management and efficient resolution of this litigation,

Proposed Interim Class Counsel has attached, as **Exhibit A**, clear guidelines for the allocation of work among counsel, intended to minimize duplication of effort, and maintain cost efficiencies, while providing more junior associates opportunities to participate meaningfully in this litigation.

Under these guidelines the appointed leadership shall coordinate closely to delineate responsibilities and tasks, taking into account the respective expertise and resources of each counsel and their firm. For example, Melissa Emert has a wealth of experience in Plaintiff vetting and discovery and Maureen Berg excels at research and briefing (among other things). Regular communication channels will be established to facilitate collaboration and information sharing, thereby minimizing redundant efforts and maximizing efficiency in pursuing the litigation. Additionally, a centralized approach to document management and case administration will be implemented to streamline processes and reduce administrative costs. By adhering to these principles, the Proposed Interim Class Counsel will effectively advance the interests of the class members while maximizing the utilization of available resources.

### C.  *Proposed Case Plan*

Although settlement negotiations are proceeding, challenges exist in effectively addressing appropriate benefits for the nearly 7 million affected 23andMe customers with varying claims. These challenges include, but are not limited to: Defendant's resources; ongoing financial and managerial issues with the company; Defendant's claimed defenses; and other issues inherent in many data security cases. As such, Proposed Interim Class Counsel believe that the case should proceed on dual tracks.  Settlement negotiations should continue while a litigation schedule is in place to afford the class a timely resolution on either course. Mr. Berry and Ms. Blatt have been involved in negotiations over the last few months with other counsel, including Mr. Siegel, but are also committed to litigating the case if negotiations are not successful.  For this reason, this matter will require a tightly planned and coordinated approach to litigation, moving through the pleading phase to discovery and beyond, all while settlement negotiations potentially continue. Proposed Interim Class Counsel propose the attached Case Plan as a way to continue to move this case forward even as settlement negotiations continue. A proposed case plan is attached hereto as **Exhibit B**.

**D.** *Plaintiffs and their Counsel Supporting Proposed Interim Class Counsel's Application*

In order to manage such a complex matter, with both litigation and settlement tracks, Proposed Interim Class Counsel will have to coordinate with a diverse group of lawyers representing many different Plaintiffs. Such coordination will require lead counsel to have the support, trust, and assistance, of that diverse group. Proposed Interim Class Counsel have the support of the attorneys set forth below, representing a large number of the Plaintiffs in the centralized cases. All of the firms listed in the chart below support Proposed Interim Class Counsel for Co-Lead Class Counsel and Plaintiff's Executive Committee.

| No. | Case Name | Plaintiffs' Counsel |
|-----|-----------|---------------------|
| 1 | *Santana, et al.,* 3:23-cv-05147-EMC | Edelsberg Law; Shamis & Gentile |
| 2 | *Andrizzi,* 5:23-cv-05198-EMC | Srourian Law Firm |
| 3 | *Eden, et al.,* 4:23-cv-05200-EMC | Kantrowitz Goldhamer |
| 4 | *J.S., et al.,* 5:23-cv-05234-EMC | McShane & Brady |
| 5 | *Mirza,* 3:23-cv-05259-EMC | Kazerouni Law |
| 6 | *Greenberg,* 5:23-cv-05302-EMC | Milberg Coleman; Kopelowitz Ostrow |
| 7 | *Hoffman, et al.,* 3:23-cv-05332-EMC | Zimmerman Law Office; DannLaw; Milberg Coleman |
| 8 | *Velez,* 5:23-cv-05464-EMC | Lockridge Grindal |
| 9 | *Smith,* 5:23-cv-05548-EMC | Migliaccio & Rathod |
| 10 | *Furia,* 4:23-cv-05565-EMC | Gustafson Gluek; Migliaccio & Rathod |
| 11 | *Vickery,* 3:23-cv-05635-EMC | Wolf Haldenstein; Trostrud Law Group |
| 12 | *Vasquez,* 23cv424996-CFA | Wucetich & Korovilas |
| 13 | *Sorensen,* 5:23-cv-05677-EMC | Federman & Sherwood |
| 14 | *Dube,* 3:23-cv-05768-EMC | Milberg Coleman; Levin Sedran |
| 15 | *Paddy, et al.,* 4:23-cv-06698-EMC | Stueve Siegel Hanson |
| 16 | *Seikel,* 3:23-cv-05419-EMC | Cuneo Gilbert; Neal & Hartwell |

## CONCLUSION

For all of the foregoing reasons the Court should appoint Gayle M. Blatt and M. Anderson Berry as Interim Co-Lead Class Counsel and Melissa K. Emert and Maureen K. Berg as members of Plaintiffs' Executive Committee.

Respectfully submitted,

Dated: April 18, 2024      By:      */s/ Gayle M. Blatt*
                                          David S. Casey, Jr.
                                          *dcasey@cglaw.com*
                                          Gayle M. Blatt
                                          *gmb@cglaw.com*

10

P. Camille Guerra
*camille@cglaw.com*
**CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA  92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

*/s/ M. Anderson Berry*
M. Anderson Berry, SBN 262879
Gregory Haroutunian, SBN 330263
Brandon P. Jack, SBN 325584
Michelle Zhu, SBN 347741
**CLAYEO C. ARNOLD
A PROFESSIONAL CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Tel.: 916.239.4778
Fax: 916.924.1829
*aberry@justice4you.com*
*gharoutunian@justice4you.com*
*bjack@justice4you.com*
*mzhu@justice4you.com*

Maureen Kane Berg (Pro Hac Vice)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel.: 612.339.6900; Fax: 612.339.0981
*mkberg@locklaw.com*

Melissa R. Emert (Pro Hac Vice)
**Kantrowitz, Goldhamer & Graifman, P.C.**
135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
Tel.: 845.356.2570; Fax: 845.356.4335
*memert@kgglaw.com*

*Attorneys for Plaintiffs Santana, Kleynburd, Eden,
Pinho, Seawright, Zager-Maya, Sorensen, Farmer,
and Velez and the Proposed Class*

# EXHIBIT A

M. Anderson Berry (SBN 262879)
Gregory Haroutunian (SBN 330263)
**CLAYEO C. ARNOLD**
**A PROFESSIONAL CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: 916.239.4778
Fax: 916.924.1829
*aberry@justice4you.com*
*gharoutunian@justice4you.com*

GAYLE M. BLATT, SBN 122048
gmb@cglaw.com
**CASEY GERRY SCHENK**
**FRANCAVILLA BLATT & PENFIELD,**
**LLP**
110 Laurel Street
San Diego, CA  92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MONICA SANTANA AND PAULA KLEYNBURD, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>23ANDME, INC.,<br><br>          Defendant. | CASE NO. 3:23-cv-05147-EMC<br>Related Cases: 3:23-cv-05200; 3:23-cv-05579; 3:23-cv-05281; 3:23-cv-05178; 3:23-cv-05198; 3:23-cv-05234; 3:23-cv-05259; 3:23-cv-05302; 3:23-cv-05323; 3:23-cv-05332; 3:23-cv-05341; 3:23-cv-05345; 3:23-cv-05369; 3:23-cv-05419; 3:23-cv-05439; 3:23-cv-05464; 3:23-cv-05541; 3:23-cv-05548; 3:23-cv-05565; 3:23-cv-05635; 3:23-cv-05677; 3:23-cv-05717; 3:23-cv-05768; 3:23-cv-05779<br><br>[Assigned for all purposes to the Honorable Edward M. Chen]<br><br>**[PROPOSED] PLANTIFFS' TIMEKEEPING PROTOCOL** |

Pursuant to the Court's Order dated February 26, 2024 (ECF No. 78), Proposed Interim Co-Lead Class Counsel M. Anderson Berry and Gayle M. Blatt hereby submit the following protocol governing the management of Plaintiffs' counsels' ("Participating Counsel") time and expenses in this litigation.

## I.      STANDARDS FOR TIME AND EXPENSE RECORDS

### a.  General Standards

1.      Time and expense reports generated pursuant to this Protocol will be considered as the submitting counsel' sworn representation that the time an expenses submitted meet the criteria set forth below.

2.      Only reasonable time and expenses that advance the litigation on behalf of Plaintiffs will be considered as potentially compensable. Interim Co-Lead Class Counsel will evaluate the propriety of all reported time to ensure that the tasks were reasonably and efficiently handled.

3.      Only time and expenses expressly authorized in advance by Proposed Interim Co-Lead Class Counsel in compliance with this Protocol will be considered as potentially compensable.

### b.  Time Reporting

4.       All time shall be maintained in tenth-of-an-hour increments. Time entries not maintained in tenth-of-an-hour increments may be disallowed.

5.      All attorneys and staff working on this case will keep contemporaneous records of their time spent in connection with work on this litigation, indicating the amount of time spent, the particular activity, and their position in the firm (Partner, Of Counsel, Senior Counsel, Associate, Staff Attorney, Law Clerk, Paralegal, Legal Assistant). "Contemporaneous" means that an individual's time spent on a particular activity should be recorded no later than seven days after that activity occurred. Full descriptions of the work performed are required. Time entries or block billings that are not sufficiently detailed will not be considered for payment.

6.      Participating Counsel will maintain their time records in an electronic database. Failure to maintain detailed time and expense records or to provide a sufficient description of the activities performed will be considered non-compliance with this Protocol. Vague task descriptions, such as "performed legal research" or "reviewed documents" are not sufficient.

7.      Time records must report the billing rates for each individual listed. Current hourly rates are to be used in calculating time.

8.      Only time spent on matters that advance the litigation will be considered in determining fees. Proposed Interim Co-Lead Class Counsel will be responsible for reviewing time and expense records for compliance with this Protocol. The ultimate determination of what is compensable work, and the extent or rate at which it is compensable, is within the purview of the Court.

9.      Potentially compensable work done on behalf of the putative class may include, but is not limited to:

- Communications with clients;

- Fact investigation and factual and legal research;

- Preparation of research memoranda, pleadings, and briefs;

- Conducting document discovery (*e.g.*, reviewing, indexing, and coding documents);

- Preparation for and attendance at depositions;

- Preparation of and responding to discovery requests;

- Preparation for and attendance at hearings;

- Preparation for and attendance at meetings with defense counsel or with co-counsel;

- Work with experts;

- Settlement and settlement negotiations and related activities;

- Appellate work;

- Trial preparation and trial; and

- Performance of administrative matters specifically related to tasks undertaken for the benefit of the Class.

10.    Compensable work does not include:

- Work not performed at the request or under the direction of Proposed Interim Co-Lead Class Counsel;

- Excessive time for a particular task;

- Duplicative time;

- "Read and review" time (*e.g.* billing time for reading every document filed on the Court's docket regardless of whether it is related to the individual's responsibilities) unless specifically related to a billable task;

- Time for reviewing or drafting emails that exceeds the actual time spent;

- Time for which descriptions are missing or incomplete; and

- Internal firm time for firm or file management.

c.  **Expense Reporting**

11.    All costs and expenses in this case will be advanced by Proposed Interim Co-Lead Class Counsel, Proposed Liaison Counsel, and the Proposed Executive Committee. Proposed Interim Co-Lead Class Counsel, on behalf of themselves, Proposed Liaison Counsel, and the Proposed Plaintiffs' Executive Committee members will seek reimbursement of these costs and expenses following any judgment or settlement.

12.    To be eligible for potential reimbursement, expenses must meet the requirements of this section. Expenses must be:

- Expressly authorized by Proposed Interim Co-Lead Class Counsel;

- Timely submitted;

- Reasonable in amount; and

- Supported by adequate documentation.

13.     Potentially reimbursable expenses include:

- Costs relating to obtaining, reviewing, indexing, and paying for hard-copies of computerized images of documents;

- Legal research (*e.g.,* LEXIS, Westlaw, or PACER charges);

- Deposition, court reporter, and transcript costs;

- Costs for the electronic storage, retrieval, and searches of ESI;

- Court, filing, and service costs;

- Group administration matters, such as meetings and conference calls;

- Reasonable travel expenses including lodging and meals;

- Expert witness and consultant fees and related expenses;

- Investigator fees and related expenses;

- Printing, copying, coding, and scanning;

- Telephone, postage charges, and courier charges;

- Data and materials provided by outside third-party vendors, consultants and attorneys;

- Witness expenses, including travel;

- Translation costs; and

- Bank or financial institution charges.

14.     Only reasonable expenses will be eligible for potential reimbursement. Except in extraordinary circumstances approved by Proposed Interim Co-Lead Class Counsel, all travel reimbursements are subject to the following limitations:

- Airfare: Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed. If Business Class/First Class Airfare is used, then an estimate of the difference between the Business Class/First Class Airfare and coach far must be shown on the travel reimbursement form, and only the coach fare will be reimbursed;

- Hotel: Hotel room charges for the average available room rate of a business hotel, in the city in which the stay occurred will be reimbursed;

- Meals: Meal expenses must be reasonable. Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal;

- Cash Expenses: Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, short taxi rides, etc.) will be reimbursed up to $50.00 per day, so long as the expenses are properly itemized;

- Rental Automobiles: Luxury automobile rentals will not be reimbursed. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicles rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several people;

- Mileage: Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the

claimant's firm. The maximum allowable rate will be the maximum rate allowed by the IRS.

- Parking: Parking will be limited to actual documented costs.

15.     Other non-travel expenses will be limited as follows:

- Long Distance and Cellular Telephone: Long distance and cellular telephone charges must be documented;

- Shipping, Courier, and Delivery Charges: All such claimed expenses must be documented;

- Postage Charges: A contemporaneous postage log on other supporting documentation must be maintained. Postage charges are to be reported at actual cost;

- Telefax Charges: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

- In-House Photocopy: A contemporaneous photocopy log or other supporting documentation must be maintained. The maximum copy charge is $0.30 per page.

16.     Attorneys and staff must keep receipts for all expenses. Credit card receipts or monthly credit card statements are an appropriate form of verification. Hotel and restaurant costs must be supported credit card statements, hotel invoice, or restaurant bill. The description of unclaimed expenses on the statement or invoice may be redacted. Receipts need not be submitted on a monthly basis but shall be maintained by the attorneys and may be required later as a condition of reimbursement.

II.     **SUBMITTING AND EXCHANGING TIME AND EXPENSE REPORTS**

         a. **Timing of Submission and Exchange**

17.     Proposed Interim Co-Lead Class Counsel will collect time and expense reports on a monthly basis. The first time and expense submission will be due on the 21st day of the month following this Court's appointment of Proposed Interim Co-Lead Class Counsel, and will include all time and expense entries from the inception of the case through the last day of the preceding month. Thereafter, such reports must be submitted no later than the twenty-first day of the month following the end of the month being reported. For example, July reports are due no later than August 21st.

18.     Any time and expense records submitted in arrears may be disallowed and not submitted as part of any potential fee application.

19.     Proposed Interim Co-Lead Class Counsel will collect and preserve, in an electronic format, all time and expense reports of all Plaintiffs' counsel that may support and potential fee application.

### b.  Content of Time and Expense Reports

20.     Each monthly time and expense report submission to Proposed Interim Co-Lead Class Counsel must include both detailed and summary spreadsheets, in a form to be provided by Proposed Interim Co-Lead Class Counsel.

21.     All time and expense report submissions to Proposed Interim Co-Lead Class Counsel must be certified by an attorney with authority in each firm attesting to the accuracy of the submissions. This requirement may be satisfied by including such a certification along with each submission, either as a separate attachment or the email containing the submissions, or, if the submission email is sent directly by the certifying attorney, then in the body of the email containing the submissions.

# EXHIBIT B

PROPOSED INTERIM CO-LEAD CLASS COUNSEL'S CASE PLAN

| EVENT | DUE DATE |
|---|---|
| Consolidated Complaint Filed with Court | Forty-five (45) days after the Court appoints Interim Co-Lead Class Counsel |
| Case Management Conference | Sixty (60) days or more, as fits the Court's schedule, after the Court appoints Interim Co-Lead Class Counsel |
| Defendant's Responsive Pleading to the Consolidated Complaint | Thirty (30) days following the Case Management Conference |
| Plaintiffs' Opposition to any Motions to Dismiss or Motions to Compel Arbitration filed in response to the Consolidated Complaint | Forty-five (45) days following Defendant's Filing of any such motion |
| Defendant's Reply Memoranda(s) | Twenty-one (21) days following Plaintiffs' Opposition |
| The Parties' Rule 26(f) Conference | Within seven (7) days following the filing of Defendant's Reply Memoranda(s) |
| Initial Disclosures | Fourteen (14) days after the Parties' Rule 26(f) Conference |
| Close of Fact Discovery | Two-Hundred and Seventy (270) days after Initial Disclosures |
| Expert Disclosures and Reports | Sixty (60) days after Close of Fact Discovery |
| Rebuttal Expert Reports | Thirty (30) days after Expert Disclosures |
| Plaintiffs' Class Certification Motion | Forty-five (45) days after Rebuttal Expert Reports |
| Defendant's Opposition to Class Certification | Forty-five (45) days after Class Certification Motion |
| Plaintiff's Reply Memorandum | Thirty (30) days after Defendant's Opposition |
| Close of Additional Discovery after Class Certification | Sixty (60) days after the Court's Order on Class Certification |
| Summary Judgment Motions | Ninety (90) days after the Court's Order on Class Certification |
| Case Management Conference for Trial Scheduling | Fourteen (14) days or more, as fits the Court's schedule, after the Court's Order on any Summary Judgment Motion(s) |